**In the District Court of the United States**
**For the District of Columbia**

| | |
|---|---|
| Mark Crumpacker, § <br>     Plaintiff § <br> V. § <br> § <br> Ms. Caroline Ciraolo-Klepper, § <br> Mr. Michael Martineau, § <br> Mr. Mark J. Langer, § <br>     Personally, § <br> Comm'r., Internal Revenue, § <br> United States Attorney General, <br>     Defendants § <br> And 2 Unknown-named IRS/DoJ attorneys, <br> § | Case: 1:16-cv-01053 <br> Assigned To : Chutkan, Tanya S. <br> Assign. Date : 6/6/2016 <br> Description: FOIA/Privacy Act |

## ORIGINAL COMPLAINT
### with Declaration and Evidence Appended
### and MOTION TO CERTIFY and CONSOLIDATE CLASS ACTION

**Preliminary Statement**

1. This case is yet another filed by the innumerable members of a Class victimized by what now appears to be a two-pronged scheme to surreptitiously circumvent and destroy Class members' First, Fourth and Fifth Amendment rights.

2. In the first prong, IRS/DoJ attorneys direct a layered scheme to fabricate falsified IRS records concerning Class members, and are using the falsified IRS records to justify liens and foreclosures across the Nation, (such as an ongoing foreclosure action against Plaintiff's property in California). In the second prong, elements of the DoJ and the judicial branch are violating the First Amendment Right of Class victims to *meaningful* access to U.S. Courts to secure relief from the underlying Government scheme, while committing acts of misprision to conceal and prolong the fraud.

3. With more specific regard to the first prong: the attorney-directed, institutionalized falsification of federal (IRS) records to fabricate the appearance of "deficiencies" supposedly owed by Plaintiff and other so-called "non-filers", and the use by IRS and DoJ of those falsified records, (e.g., to justify fraudulent foreclosure actions such as that from which Plaintiff is suffering), are violations of the criminal law (18 USC §1001) and victims' protected Fourth and Fifth Amendment rights. Thousands of other victims are similarly situated; numerous cases have been



RECEIVED
Mail Room
JUN - 3 2016
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

filed, and others are being completed to enjoin the Government's criminal record falsification scheme.[1]

4. With regard to the second prong of the scheme, the contours of which are only now becoming visible, DoJ and United States judicial officers are preventing access by Class members to Courts to secure adequate, effective and meaningful relief from the underlying IRS/DoJ fraud. The touchstone of the Class' First Amendment right is MEANINGFUL access, not just physical. Yet DoJ and judicial staff are committing acts of misprision to support the fraud, (in violation of 18 USC §4), thus violating the First Amendment right of all Class members.

5. More specifically, after over three years of litigation concerning the core IRS fraud, no District Court has yet to provide meaningful analysis showing how the extraordinary commission and concealment of crimes by IRS and DoJ impacts a District Court's equitable power, especially since no legal remedy exists to provide victims relief. In other words, the equitable jurisdiction of U.S. District Courts is being defeated by the judiciary itself, which constitutes arguable misprision in support of the long-standing, ongoing underlying scheme.

6. For a second example, elements of the judicial branch are attempting to create the fraudulent appearance of "claim preclusive precedent" purporting to contravene the claims and cases filed by all members of the Class to which Plaintiff belongs, despite the fact no United States Court has addressed the <u>crimes</u> committed by IRS and DoJ, damaging the Class. In appeal 15-5035 by Co-Class Representative Ellis to the District of Columbia Circuit Court, (which arose from dismissal of D.C. District cause 14-471), Defendant Langer issued a purported "order" dismissing Ellis' appeal in one deliberately inscrutable sentence.

7. As noted fully below in Paragraph 37, the single sentence "order" purporting to dismiss 15-5035 contained no judicial signature, failed to mention any of the issues Ellis raised on appeal, failed to state the standard of review supposedly used to address those purely legal issues, failed to state how the unidentified standard used applied to the legal issues Ellis raised, failed to explain how the Anti-Injunction Act (AIA) impacts the equitable jurisdiction of U.S. District Courts to enjoin crimes committed by IRS and DoJ in enforcing the "income tax" exaction, and failed to explain how the AIA applies to cases such as Ellis' which concern no disputed tax amounts.

8. Defendant Langer's creation of fraudulent colorable Circuit precedent in 15-5035, which can be used by lawless attorneys including Defendant Martineau as inferred claim preclusive precedent to defeat the Class of cases to which Plaintiff's belongs, destroys Plaintiff's First Amendment right to access meaningful U.S. Circuit and Supreme Court relief from the underlying fraud, just as surely as Langer's apparent fraud violates the entire Class' First Amendment right.

9. Restated yet again, since the highly irregular "precedent" created by Defendant Langer in 15-5035 was created for use to preclude both appeal to the Supreme Court by Class victims, and to defeat fresh cases by the Class to which Plaintiff belongs, he justly seeks to enjoin any further creation or use of fraudulent "precedent" to prolong and protect the underlying IRS/DoJ scheme.

---

[1] Please see original Complaints and Declarations in District of Columbia causes 1:15-CV-1288, *McNeil v. Commissioner, et al*, 1:15-CV-2039, *DePolo v. Ciraolo-Klepper, et al.*,1:16-CV-031, *Ellis v. Jarvis, et al*, 1:16-CV-420, *Dwaileebe v. Martineau, et al*, and 1:16-CV-729 *Ellis v. Langer, et al.*

Creating fraudulent colorable precedent is not only an act of misprision (violation of 18 USC §4) it simultaneously violates each Class members' First Amendment right to access meaningful relief via U.S. Courts from the underlying IRS/DoJ scheme.

**Jurisdiction and Venue**

10. Jurisdiction and venue of the Court is based on 5 USC §702, 28 USC §1331, and the Court's equitable power.

**Standing**

11. The scheme to falsify IMF records (or IMF's successor system "Customer Account Data Engine", ("CADE 2") and certifications, in regard to Plaintiff and the uncountable victims of the Class of which he is member, is an ongoing violation of both his and the Class' protected rights to due process of law and the Administrative Procedures Act, (APA).

12. The Defendant Commissioner, by and through his unknown-named subordinate attorney, created by fraud the appearance of "deficiencies" owed by Plaintiff in regard to 2002 and 2003, and issued liens against Plaintiff based thereon, in the manner precisely similar to that by which the Commissioner fabricates records concerning all Class victims. The Defendant Attorney General is fully aware of the IRS record falsification scheme, as evidenced by her instruction through her unknown-named subordinate in the DoJ Criminal Tax Manual, Section 40.39.[2] Yet she used the falsified records as part of the scheme to reduce to judgment the pretended deficiencies Plaintiff supposedly owes to the Treasury, which were fabricated by creation of phantom "SFRs", and she moved to foreclose the fraudulent tax liens in Nov. 5, 2014.

13. Those acts constitute violations of 18 USC §§4, 241, 242, 1001, 1519, as well as Plaintiff's due process and Fourth Amendment rights. He is yet another victim of government-sponsored criminal activity, i.e., the Defendants' creation and use of falsified records concerning him. Additionally, the right of Class members to *meaningful* access to judicial relief is being hammered into oblivion by Defendants Ciraolo-Klepper, Martineau, Langer and other judicial staff, which acts of misprision conceal, protect and prolong the underlying Government scheme which damaged Plaintiff and his fellow Class members, in violation of 18 USC §4.

14. His explicit allegations herein -- that IRS falsified its records to defraud Plaintiff; that IRS is currently falsifying its records to justify attacking Plaintiff; that IRS will continue to use the scheme if not enjoined; that by using the scheme, IRS and the DoJ defraud every level of courts of the United States (tax courts and others); that DoJ attorneys are at this moment using "the fruit

---

[2] In Section 40.03[9][c] DoJ educates AUSA's on the subject of IRS Certificates in the context of hearings: "Admissibility of IRS Computer Records. The introduction of the actual Individual Master File (IMF) transcript of account through a witness can open the witness to cross-examination by the defense about every code and piece of information contained in the transcript. **In order to avoid this problem, it may be wiser to simply offer IRS computer records at trial in the form of Certificates of Assessments and Payments, certified documents reflecting tax information kept on file at the IRS.**" Nowhere else does the Manual's author use the phrase "it may be wiser", an unmistakable hint to avoid at all costs presenting falsified exculpatory IMF records in criminal trials.

of the poisonous tree" to justify seizure of Plaintiff's property; that other DoJ attorneys are actively concealing and prolonging the scheme in the District of Columbia which damaged and is damaging Plaintiff; that the judiciary is refusing to engage their equity jurisdiction to enjoin the scheme, and that judicial staff is engaged in creating the fraudulent appearance of claim preclusive precedent despite the fact no District Court has addressed the underlying crimes -- present extraordinary circumstances.

15. No other legal remedy exists to accomplish the five primary goals of this suit: to (I.) compel the Commissioner to cease falsifying IRS internal records, to (II.) compel IRS and the DoJ to cease using falsified IMF records to damage Plaintiff and his co-Class members, to (III.) terminate the efforts of DoJ employees (such as Defendants Ciraola-Klepper and Martineau) to conceal, protect and prolong the underlying scheme by filing false and misleading documents in ongoing civil cases filed by victims in Plaintiff's Class seeking to terminate it, to (IV.) enjoin creation by judicial staff of fraudulent pretended precedent when no Court has ever addressed the underlying criminal scheme, and to secure review by a U.S. District Court sitting in equity of the underlying IRS/DoJ fraud. Hence resort to this Court's equitable power is Plaintiff's only remedy.

16. And should the Court justly terminate the scheme, it would provide him relief from any future Government attacks using falsified IRS records, while giving him standing to remove liens filed in California resulting from the record falsification scheme.

**Statement of Facts**

### A. First Prong – IRS /DoJ Record Falsification Scheme

17. IRS deliberately mislabels Plaintiff a "non-filer". But the Commissioner knows, after 100+ years enforcing the "income tax" exaction, he must commit and conceal record fraud (crimes) to justify attacking so-called "non-filers", as he labels Plaintiff and his fellow Class members.

18. Plaintiff and those similarly situated contend that IRS' commission and concealment of its scheme to falsify Individual Master File (IMF) records concerning him in regard to 2002 and 2003, (which crimes are precisely similar to those committed in the IRS records of all fellow Class members), proves there is no duty to file or pay "income tax" because 1.) Congress can't authorize commission of crimes,[3] and 2.) the so-called "master of the subject"[4] (the Commissioner) finds it necessary to commit and conceal crimes to enforce the exaction.

19. With particularity and specificity, on 5 June 2004, the unknown-named IRS Defendant (an IRS attorney) directed IRS staff to falsify the IMF record of Plaintiff concerning 2002 to reflect that a return had supposedly been received on that date, ("RET RCVD DT – 06052004"), when no return, substitute or otherwise, was received on any date. [See Declaration by Forensic Accountant Robert A. McNeil, and Exh. A., Pg.2 attached thereto, IRS' "IMF Transcript

---

[3] "The acts of federal agents ... are limited and controlled by the Constitution of the United States", which "has not empowered Congress to authorize anyone to violate criminal laws". *Olmstead v. United States*, 277 U.S. 438, 482.

[4] See *United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200, 218-190 (2001) citing *United States v. Moore*, 95 U.S. 760, 763 (1877).

Specific" 2002 concerning Plaintiff.] Falsifying federal records to create the fraudulent appearance a "substitute income tax return" was supposedly performed on a claimed date, when no such event happened, is a crime in violation of 18 USC 1001, and Plaintiff's Fifth Amendment Right.

20. Also on 5 June 2004, IRS staff was directed to initiate a second transaction in the 2002 IMF (that second transaction is known to IRS as a "425" transaction) to erase from view in the IMF the previous ("424") transaction which had resulted in the fraudulent entry "Return Received Date - 06052004". Instructing IRS staff to conceal the previous fraud violates 18 USC§4 (misprision).

21. On 28 June 2004 the unknown-named attorney caused further falsification of the same IMF record for 2002 to reflect the phrase "SFR 150 06282004", ("SFR" is IRS parlance for a substitute income tax return having been executed by IRS), when no substitute income tax return was ever executed by IRS on any date. [See Decl. Pg. 3 and Exh. A, Pg. 1.] Falsification of government records is a criminal violation of 18 USC §1001.

22. The IMF software produces "document locator numbers" ("DLN") with each transaction entered into an annual "module" of a victim, to ease control and location of all documents related to each entry. The DLN file number "29210-888-00000-4" related to both the fraudulent "RET RCVD DT" and "SFR 150" entries noted above, has been conceded by IRS (See Exh. U, FOIA Response from IRS Disclosure Manager Klaudia Villegas, 17 Sep. 2013) to contain NO document showing execution of any substitute income tax return. Restated, the DLN number noted above proves the phrases "RET RCVD DT" and "SFR 150" in the IMF concerning Plaintiff for 2002 were the result of computer fraud and that no substitute income tax return was computed or received on the dates claimed, or on any other date.[5]

23. The falsification scheme further produced a pretended deficiency in the amount of "$16,223.00" plus penalties and interest favoring IRS, despite the fact no substitute income tax return was ever executed by IRS on any date claimed in the falsified IMF records.

24. On or about 20 Dec. 2004 IRS employees prepared an "SFR package", a.k.a. "ticket to tax court", claiming Plaintiff owed a deficiency amount of "$16,223.00" plus interest and penalties. But IRS did NOT enter into its internal IMF record for Plaintiff for 2002 the purported deficiency amount "due" as a "substitute for income tax return"; instead IRS entered that amount in a transaction IRS defines as an "Additional tax or Deficiency in a module which [already] contains a return". Said differently, IRS internally does NOT treat the initial computation by its Examination Division staff of amounts supposedly due as a "substitute return" or as any return at all, but as "additions" to the phantom substitute return conjured by computer fraud between IRS' IMF database and its Audit Information Management System.

25. No Government attorney or IRS staffer has ever sworn to the source of delegated Treasury authority to perform "substitute income tax" returns. All Government attorneys defending the scheme use the misleading phrase "SFR" to imply execution of substitute INCOME TAX returns, when in fact IRS has conceded in multiple publications that its authority to perform

---

[5] It is not Plaintiff's burden to explain WHY IRS falsifies its records, only THAT it does. However, he has very well founded suspicions as to the reason IRS commits such crimes.

SFRs only extends to excise, employment and partnership tax matters, and, expressly, that that power does NOT extend to "income tax" matters.

26. On March 18, 2005 and April 11, 2005, IRS falsified the IMF record of Plaintiff concerning tax year 2003 in precisely the same sequential method as that noted above in relation to 2002. [See Decl, pg. 5 and 6, and Exh. B. Pgs. 1 and 2.] The falsified IMF for 2003 yielded a pretended deficiency favoring IRS in the amount of "$19,183.00".

27. On 25 July 2006, IRS Territory manager R.A. Mitchell filed in the Los Angeles County California Record's Office a Notice of Federal Tax Lien concerning 2002 and 2003, reflecting the computation on 20 Dec. 2004 of a purported Deficiency "SFR package" [See Decl. Pg. 10 and Exh. D, Pg. 1.]

28. On 24 October 2014 "D T. Harris", IRS Director, Field Collections, Southwest Area of IRS prepared an unsworn, falsified "Certificate of Assessments, Payments and Other Specified Matters" ("Form 4340") to prevent revealing the falsification of IRS' underlying IMF records, which Certification shows the pretended execution by IRS on 5 June 2004 of a substitute income tax return, when no such return was executed then or on any other date. [See Decl. Pg. 9 and Exh. E, Pgs. 1 & 2]

29. Also on 24 October 2014, Mr. Harris created a similarly falsified, unsworn Form 4340 Certificate to conceal IRS' falsification of its IMF record concerning Plaintiff for 2003, reflecting the pretended execution by IRS of a substitute income tax return on April 11, 2005, when no such return was executed by IRS then or any other date. [See Decl. Pg. 9 and Exh. F. Pgs. 1 & 2]

30. On 5 Nov. 2014, despite the FACTS known to the Defendant Attorney General that IRS never executes substitute income tax returns but initiates attacks against "non-filer" victims by falsifying its internal records to make them reflect that IRS executed such returns, AUSA Charles Parker filed a Complaint in the Central District of California, 14-CV-8575, to reduce IRS' fraudulently created federal tax assessments to judgment and to foreclose the fraudulent federal tax liens against Plaintiff's home. [See Decl. Pg. 7 and Exh. C, Parker Complaint with attached evidence of Mr. Harris' falsified Certifications, (which Certs are appended hereto as McNeil's Decl. Exhs. E & F).]. Use of falsified IRS records to produce liens and justify foreclosures is a felony, and since the fruit of the poisonous tree was used against Plaintiff, his Fifth Amendment right to due process of law was obliterated.

### B. Second Prong – Fraudulent "Precedent" created to Destroy Class

31. A number of cases have been filed in the Federal District Court for the District of Columbia by other Class victims of the IRS/DoJ "income tax" exaction record falsification scheme. Plaintiff's case belongs to that Class. Those cases are producing unprecedented lawlessness in the Courts, including multiple acts of misprision in support of the underlying IRS/DoJ fraud.

32. Plaintiff is under no illusions as to how far attorneys will sink to create the appearance of pretended "claim preclusive precedent" to destroy all cases raised by the Class. For example,

Defendant Government attorneys Ciraolo-Klepper and Martineau are being sued personally by other Class members for their repeated commission of misprision to conceal and prolong the underlying criminal scheme.[6]

33. Those attorneys have fabricated allegations, falsely attributed them to Class representatives, etc., in an attempt to secure dismissals of Class cases without addressing their gravamen: that IRS falsifies its records, and both IRS and DoJ use IRS-falsified records to attack Class victims. The Defendant attorneys' acts, which violate the First Amendment rights of every Class victim to access meaningful judicial relief from the scheme, have obviously violated Plaintiff's First Amendment right, since using the same underlying scheme they are concealing damaged Plaintiff and all Class victims.

34. It will be helpful to the Court to briefly review the state of cases filed by the Class to date. The Class to which Plaintiff's cause belongs was initiated by the filing of Plaintiff Ellis in District of Columbia District Court 14-471. He discovered the IRS falsification scheme and IRS/DoJ's use of the fruit thereof to justify non-judicial seizures, forfeiture cases and criminal prosecutions. However, the Honorable Amy Berman Jackson dismissed without addressing the gravamen of his complaint.

35. Judge Jackson illogically found that Ellis was attempting to prevent IRS from performing substitute income tax returns, despite Ellis' explicit allegation IRS never executes substitute income tax returns in cases involving non-filers, but fabricates records to create the appearance it has.[7] Thus Judge Jackson completely avoided and never addressed ***Ellis*'** case, i.e., his allegations that crimes are being committed to enforce the income tax exaction. He appealed.

36. In D.C. Circuit cause 15-5035, Ellis sought relief from the Judge's pure legal errors of 1.) failing to accept as true his allegation IRS never executes substitute income tax returns, 2.) failing to grant him ANY inferences from his allegations, such as the obvious inference IRS was committing <u>crimes</u> which Congress had not authorized and could not authorize, hence Congress could not and did not shield those crimes from equitable enjoinment by enacting the Anti-Injunction Act, 3.) fabricating an allegation and attributing it to Ellis (that he was supposedly seeking to enjoin IRS execution of SFR's, when none exist), etc. In sum, Ellis complained to the Circuit the Honorable Judge never addressed HIS case, but substituted and dismissed a case of

---

[6] See complaint allegations against Ciraolo-Klepper, lead named Defendant in 1:15-CV-2039, *DePolo v. Ciraolo-Klepper, et al. DePolo v. Ciraolo-Klepper, et al.* and Michael J. Martineau, lead named Defendant in 1:16-CV-420, *Dwaileebe v. Martineau, et al*.

[7] At that time Ellis had no idea that : "The manifest purpose of 7421(a) is to permit the United States to assess and collect taxes *alleged to be due* without judicial intervention, and to require that the legal *right to the disputed sums* be determine in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue. Nevertheless, if it is clear that under no circumstances could the Government ultimately prevail, **the central purpose of the Act is inapplicable**, and, under the *Nut Margarine* case, the attempted collection may be enjoined if equity jurisdiction otherwise exists. In such situation the exaction is merely in 'the guise of a tax'". See *Enoch v. Williams Packing*, 370 U.S. 1, (1962) Bluntly, if there is no disputed sum in controversy, the AIA is utterly "inapplicable". Also, only later has Ellis comprehended the full scope of a District Court's equitable power to enjoin the extraordinary IRS/DoJ record falsification scheme, even when "disputed sums" exist, the AIA irrelevant.

---

her creation, opining baselessly that the Anti-Injunction Act stripped her of equitable jurisdiction to rule on the case she substituted for Ellis'. (Her "errors" are now being repeated, deliberately.)

37. On 20 Nov. 2015 a curious "order" appeared on Circuit letterhead, purporting to dismiss appeal 15-5035. As mentioned in Paragraph 7 above, the order contained only a single, deliberately inscrutable sentence but no judicial signature, failed to mention any of the issues Ellis raised on appeal, failed to state the standard of review supposedly used to address Judge Jackson's purely legal errors, failed to state how the unidentified standard used applied to the legal issues Ellis raised, and although mentioning the Anti-Injunction Act, the "order" failed to explain how the AIA impacts (let alone supposedly terminated) the equitable jurisdiction of U.S. District Courts to enjoin crimes committed by IRS and DoJ while enforcing the "income tax" exaction.

38. Once again, similar to the dismissal by Judge Jackson in 14-471, Circuit staff in 15-5035 appear to have produced a 'precedent' that never addressed the case before it, but which lawless attorneys such as Ms. Ciraolo-Klepper and Mr. Martineau can use to destroy the Class. Since Defendant Langer's facially defective "order" supports the ongoing operation of the scheme damaging the Class and Plaintiff, in violation of the 18 USC §§4 and Plaintiff's right to access meaningful judicial relief from the scheme, Langer is justly named as party Defendant in this case.[8]

**Judicial Notice Requested**

39. **The Court is requested to NOTICE** Plaintiff does NOT seek to block ANY collection activity by any IRS/Treasury employees, whether one currently under way, or one which may be executed in the future. Thus, individual IRS and DoJ employees are free to make any use of IRS' falsified records they wish, and to defend the criminal record falsification scheme, commensurate with their personal liability, for violating Plaintiff's well-established rights and violating 18 USC § 4, 1001, 241, 242, 1519, etc. [Contemporaneously with this case, Plaintiff will seek Rule 60 relief from U.S. District Judge Percy Anderson in 14-CV-8575, due to the extraordinary fraud perpetrated by IRS upon that Court and Plaintiff.]

40. **The Court is also respectfully requested to NOTICE** that resolution of this case in Plaintiff's favor will have zero arguable impact on any Congressionally-authorized pre-assessment, assessment, or collection activity of the IRS. He seeks only to terminate the falsification by IRS

---

[8] Ellis, knowing that 1.) attorneys were seeking to create the appearance of "claim preclusive precedent" despite the fact no United States Court to this date has addressed the income tax exaction scheme, and knowing that 2.) the Honorable Clerk of Court Karen Lynn Mitchell of the Northern District of Texas maintains multiple competing versions of dockets in *pro se* cases to conceal judicial orders and change the outcome of cases, filed suit in the District of Columbia to determine the validity of the curious "order" of 20 Nov. 2015, as well as its precedential value attorneys may claim. The new case, *Ellis v. Langer*, et al, was assigned District Cause No. 16-729 JEB. On 21 April 2016, The Honorable James Boasberg *sua sponte* dismissed 16-729, claiming that Ellis was "misleadingly" attempting to "appeal" the odd, inscrutable Circuit "order" dismissing 15-5035. A Rule 59 Motion to alter or amend is now pending before Judge Boasberg in 16-729, wherein Ellis respectfully shows the Court the cause was filed strictly to determine the validity of the 20 Nov. 2015 "order" and any supposed precedential value.

of federal records, any use by IRS or DoJ of falsified IRS records, any defense thereof by DoJ attorneys making materially false misrepresentations in cases involving members of the Class whose rights are being violated similarly to those of Your Plaintiff, any further creation by elements of the judiciary of the appearance of claim preclusive precedent when no Court to this date has ever addressed the underlying crimes being committed by the IRS and DoJ, and to secure equitable review by a U.S. District court of the underlying criminal scheme.

41. Finally, **the Court is respectfully requested to NOTICE** that criminal acts of 1.) falsifying federal records, 2.) deliberately "using" falsified records, 3.) filing falsified documents in civil cases to conceal and prolong an underlying criminal enterprise, and 4.) fabrication of fraudulent 'precedent' to prevent termination of the underlying scheme, are NOT "assessment" or "collection activities" shielded by the Anti-Injunction Act, but <u>crimes</u>.[9] Correct resolution of this suit in Plaintiff's favor would not prevent IRS or DoJ from performing every single substitute for return, assessment, collection activity, civil case defense, criminal prosecution or lien/seizure authorized by law.

## Causes of Action
### First Cause of Action
<u>Violation of 5 USC §702</u>

42. Plaintiff incorporates by reference the allegations in Paragraphs 1-41, above.

43. The Administrative Procedure Act ("APA") mandates that "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof". IRS' fabrication of evidence and maintenance of falsified records concerning Plaintiff has adversely affected him, and he is entitled to immediate judicial review of that ongoing fraud, since he seeks only non-monetary relief. The Anti-Injunction Act has no application to this case, since no disputed tax amount is in controversy between Plaintiff and the Government. Moreover, the AIA does not prevent a U.S. Court sitting in equity from enjoining the extraordinary criminal acts committed by the Government to damage the Class which includes Plaintiff.

44. The Commissioner created, and uses, both an unlawful presumption that a zero return was filed by Plaintiff, and an "automated" record-falsification program to circumvent the exercise by Plaintiff, an American National, of his Fifth Amendment right.[10] IRS deliberately fabricates falsified certifications for use by the DoJ in courts, in violation of 5 USC §702.

---

[9] The policy behind the AIA is "to protect the government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement interference" from courts. Thus, the Act shields only legitimate "assessment" and "collection" activities from judicial review, not felonies.

[10] Plaintiff relies upon the excellent, unreversed Supreme Court holding in *Hale v. Henkel*, 201 U.S. 43, (1906) for the proposition that: "The individual may stand upon his constitutional rights as a citizen. He is entitled to carry on his private business in his own way. He owes no duty to the State or to his neighbors to divulge his business, or to open his doors to an investigation, so far as it may tend to criminate him. He owes no such duty to the State, since he receives nothing therefrom beyond the protection of this life and property. His rights are such as existed by the law of the land long antecedent to the organization of the State. Among his rights are a refusal to incriminate himself and the immunity of himself and his property

45. IRS used fabricated evidence in its Individual Master File software concerning 2002 and 2003 to justify liens against Plaintiff's property in violation of his Fourth Amendment right, is using the fruit of the IRS scheme to defraud the Court and Plaintiff in regard to the seizure of his property in Central California (14-CV-8575), and is continuously threatening him via U.S. Mail that it will use falsified records to damage him indefinitely into the future (facilitated by the complicit DoJ), as such violations have been the Government's usual and customary response to Plaintiff's exercise of his protected Fifth Amendment right, (per footnote 10. above). But, Plaintiff seeks no relief whatsoever from this Court concerning any ongoing or future <u>collection</u> activity by the Defendants. Individual IRS and DoJ employees are free to violate Plaintiff's long-standing rights and the criminal law of the United States, commensurate with their personal liability.

**Second Cause of Action**
Violation of Plaintiff's Fifth Amendment Procedural and Substantive Due Process Right

46. Plaintiff incorporates by reference the allegations in Paragraphs 1-45, above.

47. IRS unlawfully circumvents exercise by Plaintiff of his substantive Fifth Amendment right to not be compelled to provide sworn evidence which might be used against him, and his procedural due process right, by the acts of (A.) falsifying records and certifications, by (B.) using the falsified records as evidence he owes a purported liability to the Treasury, by (C.) using falsified records to justify forfeiture to IRS of Plaintiff's property, by (D.) colluding with the DoJ to create, for presentation to United States courts, falsified certificates to conceal underlying records IRS falsified concerning Plaintiff, etc. Such acts violate Plaintiff's right to substantive and procedural due process.

48. DoJ attorneys Ciraolo-Klepper and Martineau are engaged in a collusion to prevent the termination of the criminal scheme which deprived Plaintiff of his due process rights and property, and is currently depriving him of those rights and property in an ongoing collusion with other attorneys in the IRS and DoJ.

49. It is a violation *of Plaintiff's due process rights* for DoJ attorneys to conceal, protect and prolong the criminal scheme which damaged him, is damaging him and will damage him into the foreseeable future. Thus, the named Defendants have forced Plaintiff to file this suit to vindicate his right to due process of law.

**Third Cause of Action**
Violation of Plaintiff's First Amendment Right to Access Courts

---

from arrest or seizure except under a warrant of the law. He owes nothing to the public so long as he does not trespass upon their rights." *Garner* and *Sullivan* don't overrule Hale, particularly since IRS never informed the Supreme Court in either case that the Service falsifies records to justify criminal prosecutions of "non-filers".

50. Plaintiff incorporates by reference all allegations above in Paragraphs 1-49 above. The rights of the Class of victims to which Plaintiff belongs include the right to access United States courts and receive MEANINGFUL relief from the underlying IRS/DoJ scheme to enforce the income tax exaction by committing and concealing crimes.

51. United States District Courts are refusing to engage their equitable power to review and terminate the underlying Government criminal scheme. DoJ attorneys, including Ms. Ciraolo-Klepper and Mr. Martineau, have systematically violated that right of the Class to which Plaintiff belongs, in every single document they've filed in every single case filed to terminate the underlying scheme. Finally, Defendant Langer appears to have obstructed the Class' access to Circuit Appellate review by issuing a facially defective, inscrutable "order" inferring the Anti-Injunction Act terminated the equity jurisdiction of District Courts to enjoin criminal schemes to enforce the "income tax" exaction.

52. Those acts violated the rights of Plaintiff's fellow-class members, and his as well.

**Summary of Case Gravamen**

No legal avenue exists to accomplish the five primary goals of this suit: to (I.) compel the Commissioner to cease falsifying IRS internal records, to (II.) compel IRS and the DoJ to cease using falsified IMF records to damage Plaintiff and his co-Class members, to (III.) terminate the efforts of DoJ employees (such as Defendants Ciraolo-Klepper and Martineau) to conceal, protect and prolong the underlying scheme by filing false and misleading documents in civil cases in which victims situated similarly to Plaintiff seek to terminate it, to (IV.) enjoin creation by judicial staff of fraudulent pretended precedent when no Court has addressed to this date the underlying criminal scheme and to (V.) secure U.S. District Court engagement of their equitable power to terminate the fraud.

**PRAYER FOR RELIEF**[11]

53. Good cause having been shown, and pursuant to the accompanying Declaration of Forensic Accountant Robert A. McNeil, with Exhibits A-V appended thereto as evidence, Plaintiff respectfully requests the Court;

54. Grant Plaintiff the obvious inference that the IRS scheme to falsify its records concerning Plaintiff, and IRS use in conjunction with the complicit DoJ of the falsified records to justify actions taken against him and the Class of which he is a member, are crimes subject to review by the Court sitting in equity;

---

[11] Please note Plaintiff has requested relief which **will** impact him, such as asking for amendment of the IMF record concerning him. But, he is NOT asking to enjoin any lawful information-gathering, assessment, or collection of taxes, authorized by law. A U.S. District Court has inherent equitable jurisdiction to enjoin the core crimes of which complaint is made, since the acts of which complaint is made not only damage individuals such as Plaintiff, but also defraud United States courts. **Nothing can deprive this Court of its inherent power to stop a government scheme to subvert the judicial process.**

55. Certify this case as one of the Class, and consolidate all cases filed involving the IRS/DoJ record falsification scheme into a single case, for review by a Judge with experience managing class actions;

56. Appoint Counsel of unquestioned fidelity to represent the class, with ongoing approval, subject to retraction for good cause shown, of the four original putative Co-Class Representatives Ellis, McNeil, DePolo and Dwaileebe, at the Government's expense;

57. Enjoin IRS from presuming, in any case involving "income taxes", that a zero amount due was shown on an imaginary return, pursuant to any regulation, including §301.6211, or making any other improper assumptions/presumptions concerning Plaintiff as justification for falsifying IRS internal records;

58. Enjoin the Commissioner, his representatives, agents, employees, attorneys, those persons in active collusion or participation with him, from directly or indirectly;

- Falsifying/manipulating, in the future, **any computer system of records** such as the IMF, NMF, AIMS, BMF, CADE2, (for examples), which might be or become associated with Plaintiff and the Class of which he is a member, by using any procedure associated with requests to IRS to perform a substitute for return at the request of victims, when no such election is made;

- Falsifying/manipulating, in the future, **any computer system of records** to show IRS supposedly filed a substitute for return on a certain date, when no such substitute for return was ever prepared;

- Making or inferring in **any single or series of "certifications"** that might reasonably be, or become, associated with Plaintiff or his Class, the false claims that a Substitute For Return was supposedly prepared on a date when it was not;

- Creating certifications concerning records he maintains regarding Plaintiff to prevent IRS employees or expert witnesses from being cross-examined during tax court or district court cases regarding any system of IRS records, any individual income tax return, or any issue related thereto;

- Knowingly using any falsified system of records which might be, or might reasonably become, associated with Plaintiff or his fellow Class members, for any purpose whatsoever;

- Creating or using a "dummy", blank pretended return to form the basis for later pretension of making "changes" thereto, to circumvent the Defendants' lack of authority to perform substitute "*income* tax" returns;

59. Enjoin the Attorney General of the United States, her representatives, agents, employees, attorneys, those persons in active concert or participation with her, from directly or indirectly:

- Using any fraudulent IRS document to prevent the cross-examination of IRS witnesses concerning 1.) authority of IRS to take any action, 2.) authority of any individual IRS employee

to take any action, or 3.) accuracy of internal records maintained by IRS concerning individuals and the individual income tax;

- Concealing exculpatory evidence in IRS files concerning so-called non-filers, by using "self-authenticating", but falsified, documents, provided by IRS;

- Enjoin any attorney from stating or inferring in any document submitted, or to be submitted, to any United States Court in cases involving "income tax non-filers" the false claim that the authority Congress delegated to the Secretary at §6020(b) extends beyond its limitation to employment, excise, and partnership taxes, which limitation the Commissioner has repeatedly conceded;

- Submitting in any case before a United States Court, whether judicial or administrative, hearsay concerning IRS internal procedures which was procured by fraud of the IRS on United States tax court judges, which hearsay contradicts IRS actual internal practices of fabricating evidence, to allow deficiencies to be computed, to justify collections and unlawful criminal prosecutions;

60. Enjoin any artifice, contrivance, cover, device, presumption, pretext, pretense, procedure, subterfuge, scheme, sham, semblance, simulation authorized by unknown named IRS or DoJ officials, as part of any conspiracy to bypass the rights of individuals in connection with "income taxes", in violation of 18 USC §§4, 241, 242, 1001, 1519, etc;

61. Order the Defendant United States Attorney General to provide fact-finders, in every case involving "non-filers", the exculpatory evidence that IRS falsifies its internal records to create the fraudulent appearance of "deficiencies" upon which IRS bases seizures, levies, and refers cases to DoJ for criminal prosecution, and cease instructing AUSAs to conceal the exculpatory evidence of IRS record falsification contained in a victims' IMF records;

62. Order the named Defendants Ciraolo-Klepper, Martineau, Langer, and the United States Attorney General to cease all efforts to conceal, protect, and prolong the IRS/DoJ record falsification program by filing false and misleading documents in civil cases wherein others, damaged as has been Plaintiff, seek to terminate the scheme, thus violating the due process rights and right to meaningful access to courts of Class members damaged by the scheme, and violating the criminal law of the United States (18 USC §§4, 241, 242, 1001, 1519.).

63. Order Defendant Langer and any U.S. court staff to take no act to support the underlying scheme or to create the appearance by fraud of claim preclusive appellate precedent when no U.S. judge has ever addressed the existence of the scheme, let alone its impact upon a District Court's equity jurisdiction; and

64. Grant Plaintiff and his Class attorney's fees and such other relief, including court costs, as is just and equitable. It is respectfully submitted,

Mark Crumpacker
14933 Daffodil Avenue
Canyon Country, California Republic
[91387]


### Verification/Declaration

Comes now Mark Crumpacker, declaring under penalty of perjury, pursuant to 28 USC §1746, that the facts stated in the foregoing ORIGINAL COMPLAINT are absolutely true and correct, So HELP ME GOD.

*/s/* Mark Crumpacker


### CERTIFICATE of SERVICE

This is to certify that a copy of the foregoing "ORIGINAL COMPLAINT" was served via Priority United States Mail on May 31, 2016 to:

U.S. Attorney for the District of Columbia
Civil Process Clerk
555 Fourth Street, NW
Washington, D.C. 20530


The following Defendants each were also served with Summons and "ORIGINAL COMPLAINT" served via Priority United States Mail on May 31, 2016 to:

Defendant Commissioner, IRS
Office of Procedure and Administration
1111 Constitution Ave. NW, Room 5503
Washington, D.C. 20224

Defendant United States Attorney General
Department of Justice
950 Pennsylvania Ave. NW
Washington, D.C. 20530

Defendant AAAG Ciraolo-Klepper
Department of Justice
950 Pennsylvania Avenue, Room 4603
Washington, D.C. 20530

Defendant Michael J. Martineau
Department of Justice
Post Office Box 227
Washington, D.C. 20044

Defendant Mark J. Langer
C/O United States Court of Appeals
333 Constitution Ave. N.W.
Washington, D.C. 20001