# Declaration by Robert A. McNeil
## and
## Forensic Analysis of Evidence
## on Behalf of
## Mark Crumpacker

## Summary of Conclusions

A. For so-called "non-filers", IRS creates the false appearance of "deficiencies" only after falsifying both its internal and external records;

B. The creation of pretended deficiencies simultaneously creates, by fraud, the appearance of a duty to file, thereby, providing IRS colorable authority to enforce collection/criminal prosecutions;

C. Without deficiencies created by fraud, involving IRS software and falsified documentary evidence, there would be no willful failure to file a return;

D. Since Congress cannot authorize commission of criminal acts in the enforcement of laws, I conclude that the systemic fraud I have documented herein, occurring in the records of IRS, concerning "non-filers", is strong evidence Congress did not, in fact, impose the income tax upon Americans.

I, Robert A. McNeil, affirm:

1. That I am a forensic accountant and Oil & Gas auditor, located in Marble Falls, Burnet County, Texas.

2. That I examined the following documents:

   Exh. A    Crumpacker IMF MCC TRANSCRIPT SPECIFIC  2002

   Exh. B    Crumpacker IMF MCC TRANSCRIPT SPECIFIC  2003

   Exh. C    Case 14-cv-08575 United States v Mark Crumpacker, et al.
             Complaint to Reduce Federal Tax Assessments to Judgment and
             Foreclose Federal Tax Liens on Real Property
             Filed November 5, 2014
             1996-2005

   Exh. D    Notice of Federal Tax Lien - Serial No. 304084306
             Filed July 25, 2006
             2002-2003

RECEIVED
Mail Room

JUN - 3 2016

Angela D. Caesar, Clerk of Court

Exh. E    United States of America - Department of the Treasury
          Internal Revenue Service
          Certificate of Assessments, Payments, and Other Matters
          October 24, 2014
          2002

Exh. F    United States of America - Department of the Treasury
          Internal Revenue Service
          Certificate of Assessments, Payments, and Other Matters
          October 24, 2014
          2003

Exh. G    Crumpacker Grant Deed
          Lot 40 of Tract 26801, Los Angeles County, California
          October 20, 1982

Exh. H    Crumpacker Deed of Trust with Assignment of Rents
          Lot 40 of Tract 26801, Los Angeles County, California
          January 20, 2006

Exh. I    Case 14-cv-08575 United States v Mark Crumpacker, et al.
          Standing Order
          December 19, 2014

Exh. J    Case 14-cv-08575 United States v Mark Crumpacker, et al.
          Self-Representation Order
          December 19, 2014

Exh. K    Case 14-cv-08575 United States v Mark Crumpacker, et al.
          Scheduling Order
          December 19, 2014

Exh. L    Case 14-cv-08575 United States v Mark Crumpacker, et al.
          State of California, Franchise Tax Board (FTB)
          Answer to Complaint
          January 5, 2015

Exh. M    California Franchise Tax Board
          Notice of State Tax Lien Certificate No. 06137-601248
          May 17, 2006
          2003

Exh. N    California Franchise Tax Board
          Notice of State Tax Lien Certificate No. 08107677701
          April 25, 2008
          2002

Exh. O    Case 14-cv-08575 United States v Mark Crumpacker, et al.
          Declaration of Charles Parker
          January 29, 2015

Exh. P    Case 14-cv-08575 United States v Mark Crumpacker, et al.
          United States' Notice of Motion and Motion for Default Judgment;
          Memorandum in Support; Declarations in Support; and [Proposed]
          Order for Sale of Real Property
          May 1, 2015

Exh. Q    Case 14-cv-08575 United States v Mark Crumpacker, et al.
          Default Judgment
          August 4, 2015

Exh. R    Case 14-cv-08575 United States v Mark Crumpacker, et al.
          Application for Order Confirming Sale and Directing Distribution of
          Sale Proceeds; Declarations in Support; and [Proposed] Orders Thereon
          April 29, 2016

Exh. S    Case 14-cv-08575 United States v Mark Crumpacker, et al.
          Order Confirming Public Sale of Real Property and Directing IRS
          Compliance Area Director to Execute and Deliver Deed to Purchaser
          May 2, 2016

Exh. T    Case 14-cv-08575 United States v Mark Crumpacker, et al.
          Order Directing Clerk to Distribute Proceeds from Sale of Real Property
          May 2, 2016

Exh. U    FOIA Response from Klaudia Villegas, IRS Disclosure Manager
          September 17, 2013

Each document, and my findings and conclusions thereof, are discussed here:

### Exh. A    Crumpacker IMF MCC TRANSCRIPT SPECIFIC  2002

**Findings:**
Every entry made in an IMF module is marked with a 14 digit
"Document Locator Number" (**"DLN"**).

DLN **"29210-888-00000-4"** is associated with the alphanumeric phrase
"**SFR 150**", purportedly showing in the IMF a **"Substitute For Return"**
was created on **"06282004"** in the amount of $0.00 **[Exh. A, Pg. 1]**.  I
noted in my analysis that **June 28, 2004** is the same date Transaction
Code 570 (TC 570) was entered into the IMF.  **TC 570** is defined by
Document 6209 as **"Additional Liability Pending/or Credit Hold"**.

**[Exh. A, Pg. 2, (A)]**

**Please see [Exh. R, Pg. 2] for an explanation of DLNs with the particular numerical sequence "29210-888-00000-X".**

I also noted the text **"RET RCVD DT-06052004"**, indicating a return of some sort was received on **June 5, 2004 [Exh. A, Pg. 1]**. This is the same date Transaction Code 425 (TC 425) was entered into the IMF. **TC 425** is defined by Document 6209 as **"a 424 that was reversed" [Exh. A, Pg. 2, (B)]**.

Oddly, I noted the **"RET RCVD DT"** of June 5, 2004 was twenty-three (23) days **earlier** than June 28, 2004, the date the SFR was supposedly created.

After initiating a Transaction Code 424 (**TC 424**) in IRS' Audit Information Management System (AIMS) software, with use of Push Code 036, the IMF software automatically, thereafter, will be made to falsely reflect a return was received on a certain date, and a substitute for return was performed on a competing date.

The TC 424 transaction shown in the AMDISA version of the module, but not in the IMF SPECIFIC version, is reversed 'out' of the IMF module by a TC 425 transaction **[Exh. A, Pg. 2]**, which is not seen in the AMDISA version, thus, simultaneously, concealing the source of the phrase **"SFR 150"** from all but the most careful observers of all the variant versions of IRS operations.

After the 424 transaction is initiated in AIMS, an "open 420" becomes available, allowing entry of later "amounts due", which could never have been entered without the open 420. **TC 420** is defined by Document 6209 as **"examination indicator"** and was entered into the IMF on **"06172004"** in DLN **"29277-169-00000-4" [Exh. A, Pg. 2]**.

Oddly, again, I noted that June 17, 2004, the date TC 420 (examination indicator) was entered into the IMF, is twelve (12) days **earlier** than June 28, 2004, the date the purported SFR was created, and thirteen (13) days **later** than June 5, 2004, the date a purported "return" was received.

Subsequently, I noted the following Transactions, all occurring on **"12202004"** (December 20, 2004) and all associated with DLN **"29247-734-00494-4"** See **[Exh. A, Pg. 2]**:

TC 170 – "Estimated Tax Penalty" **$542.12**
TC 160 – "Manually Computed Delinquency Penalty" **$3,619.80**
TC 300 – "Additional Tax or Deficiency Assessment by Examination

Div. or Collection Div." **$16,223.00**
**TC 421** – "Reverse Examination Indicator"
**TC 336** – "Interest Assessment on Additional Tax or Deficiency" **$1,568.68**
**TC 276** – "Failure to Pay Tax Penalty" **$1,689.24**

**Conclusion:**
The TC 424 transaction shown in the AMDISA version of the module, but not in the IMF SPECIFIC version, is reversed 'out' of the IMF module by a TC 425 transaction **[Exh. A, Pg. 2]**, which is not seen in the AMDISA version, thus, simultaneously, concealing the source of the phrase **"SFR 150"**.

Freedom of Information Act requests for DLN's with a high number of 8's and 0's, such as DLN **"29210-888-00000-4"**, noted in **Exh. A, Pg. 1**, and discussed above, has proven to show that no document exists related to such DLN **[Exh. R, Pg. 2]**.

Following this initial fraud and subsequent concealment by IRS employees, a number of additional "Transaction Codes" are then entered into the IMF, setting in motion a series of events purportedly creating an "additional tax or deficiency assessment", plus "estimated tax penalty", "manually computed delinquency penalty", "interest assessment on additional tax or deficiency", and "failure to pay tax penalty", totaling **$23,642.84**.

**Exh. B   Crumpacker IMF MCC TRANSCRIPT SPECIFIC  2003**

**Findings:**
Every entry made in an IMF module is marked with a 14 digit "Document Locator Number" (**"DLN"**).

DLN **"29210-888-00000-5"** is associated with the alphanumeric phrase "SFR 150", purportedly showing in the IMF a **"Substitute For Return"** was created on **"04112005"** in the amount of $0.00 **[Exh. B, Pg. 1]**. I noted in my analysis that **April 11, 2005** is the same date Transaction Code 570 (TC 570) was entered into the IMF. **TC 570** is defined by Document 6209 as **"Additional Liability Pending/or Credit Hold"**. **[Exh. B, Pg. 2, (A)]**

**Please see [Exh. R, Pg. 2] for an explanation of DLNs with the particular numerical sequence "29210-888-00000-X".**

I also noted the text **"RET RCVD DT-03182005"**, indicating a return of some sort was received on **March 18, 2005 [Exh. B, Pg. 1]**. This is the same date Transaction Code 425 (TC 425) was entered into the IMF. **TC 425** is defined by Document 6209 as **"a 424 that was reversed"**

**[Exh. B, Pg. 2, (B)]**.

Oddly, I noted the **"RET RCVD DT"** of March 18, 2005 was twenty-five (25) days **earlier** than April 11, 2005, the date the SFR was supposedly created.

After initiating a Transaction Code 424 (**TC 424**) in IRS' Audit Information Management System (AIMS) software, with use of Push Code 036, the IMF software automatically, thereafter, will be made to falsely reflect a return was received on a certain date, and a substitute for return was performed on a competing date.

The TC 424 transaction shown in the AMDISA version of the module, but not in the IMF SPECIFIC version, is reversed 'out' of the IMF module by a TC 425 transaction **[Exh. B, Pg. 2]**, which is not seen in the AMDISA version, thus, simultaneously, concealing the source of the phrase "**SFR 150**" from all but the most careful observers of all the variant versions of IRS operations.

After the 424 transaction is initiated in AIMS, an "open 420" becomes available, allowing entry of later "amounts due", which could never have been entered without the open 420.   **TC 420** is defined by Document 6209 as **"examination indicator"** and was entered into the IMF on **"03312005"** in DLN **"29277-090-00000-5" [Exh. B, Pg. 2]**.

Oddly, again, I noted that March 31, 2005, the date TC 420 (examination indicator) was entered into the IMF, is twelve (12) days **earlier** than April 11, 2005, the date the purported SFR was created, and fourteen (14) days **later** than March 18, 2005, the date a purported "return" was received.

Subsequently, I noted the following Transactions, all occurring on **"01092006"** (January 6, 2006) and all associated with DLN **"29247-754-00426-5"** See **[Exh. A, Pg. 2]**:

**TC 170** – "Estimated Tax Penalty" **$494.98**
**TC 160** – "Manually Computed Delinquency Penalty" **$4,238.10**
**TC 300** – "Additional Tax or Deficiency Assessment by Examination Div. or Collection Div." **$19,183.00**
**TC 421** – "Reverse Examination Indicator"
**TC 336** – "Interest Assessment on Additional Tax or Deficiency" **$2,293.93**
**TC 276** – "Failure to Pay Tax Penalty" **$1,977.78**

**Conclusion:**
The TC 424 transaction shown in the AMDISA version of the module, but not in the IMF SPECIFIC version, is reversed 'out' of the IMF module by a TC 425 transaction **[Exh. B, Pg. 2]**, which is not seen in the AMDISA version, thus, simultaneously, concealing the source of the phrase **"SFR 150"**.

Freedom of Information Act requests for DLN's with a high number of 8's and 0's, such as DLN **"29210-888-00000-5"**, noted in **Exh. B, pg. 1**, and discussed above, has proven to show that no document exists related to such DLN **[Exh. R, Pg. 2]**.

Following this initial fraud and subsequent concealment by IRS employees, a number of additional "Transaction Codes" are then entered into the IMF, setting in motion a series of events purportedly creating an "additional tax or deficiency assessment", plus "estimated tax penalty", "manually computed delinquency penalty", "interest assessment on additional tax or deficiency", and "failure to pay tax penalty", totaling **$28,187.79**.

**Exh. C**     **Case 14-cv-08575 United States v Mark Crumpacker, et al.**
**Complaint to Reduce Federal Tax Assessments to Judgment and**
**Foreclose Federal Tax Liens on Real Property**
**Filed November 5, 2014**
**1996-2005**

**Findings:**
This Complaint, 14-cv-08575, was filed on November 5, 2014 to 1) reduce to judgment assessments against defendant Mark Crumpacker, et al. for federal individual income taxes for the period 1996-2005, and to 2) foreclose federal tax liens against his home, located at 14933 Daffodil Avenue, Canyon Country, California 91351, and legally described as:

> Lot 40 of Tract 26801, as per map recorded in
> Book 774, pages 48-50 inclusive of Maps, in the office of
> the County Recorder of Los Angeles County.

"This action is commenced at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§7401 and 7402." **[Exh. C, Pgs. 1-2]**.

Attorneys for Plaintiff United States of America are as follows:

Charles Parker (Cal. Bar No. 283078)
Assistant U.S. Attorney

Under the direction of:

Stephanie Yonekura
Acting U.S. Attorney

Sandra R. Brown
Assistant U.S. Attorney
Chief, Tax Division

The **Parties** are **[Exh. C, Pgs. 3-4]**,:

- **Defendant Mark Crumpacker** – because he is the individual against whom the United States seeks to reduce to judgment federal income tax assessments, and because he is the true owner of the subject property upon which the United States seeks foreclosure.
- **Defendant Voice of Truth and Light Society** – because it may claim an interest in the subject property pursuant to a deed of trust recorded in Los Angeles County, California at instrument number 06 0200312 on January 27, 2006.
- **Defendant Los Angeles County Child Support Service Department** – because it may claim an interest in the subject property due to an abstract of judgment recorded with the County of Los Angeles, California on April 22, 1999
- **Defendant State of California Franchise Tax Board** – because it may claim an interest in the subject property due to outstanding state income taxes assessed against Mr. Crumpacker and various Notice of State Tax Liens recorded in Los Angeles County, California.

As stated in the Complaint **[Exh. C, Pg. 4]**, "On the following dates, a delegate of the Secretary of the Treasury made assessments of income, penalties and interest against defendant for unpaid federal income taxes (Form 1040) for the identified tax periods and in the amounts stated below:"

| Year | Assessment Date | Balance as of 06/01/2013 | Reference |
|------|------|------|------|
| 2002 | 04/26/2004 | $ 23,525.84 | Exh. C, Pg. 5 |
| 2003 | 01/09/2006 | $ 27,840.79 | Exh. C, Pg. 5 |

The Complaint continues:

"Attached as exhibits 6 through 15 are true and correct copies of Certificates of Assessments, Payments and Other Specified Matters (Form 4340) for each of the tax years described above, redacted to exclude personal identifiers." **[Exh. C, Pg. 6, 5-7]**.

"As of October 24, 2014, the outstanding balance of assessed and outstanding federal personal income taxes, plus accrued penalties and interest, due for the taxpayer totaled $220,332.06." **[Exh. C, Pg. 6, 12-16]**.

"Attached as Exhibits 16, 17, and 18 respectively, are true and correct copies of the Notices of Federal Tax Liens filed against the taxpayer for the tax years at issue." **[Exh. C, Pg. 6, 27-28 and Pg. 7, 1]**.

**Conclusion:**
This Complaint lays bare the sequence of events resulting from the SFR record falsification scheme, as the "fruits of the poisonous tree" are presented as Exhibits for all to see.

For each of the sample years 2002-2003, a "Certificate of Official Record" (Form 2866) was authorized by D.T. Harris, Director, Field Collection, Southwest Area, under the direction of the Secretary of the Treasury, and signed by an "Acting Advisory Manager", certifying that the "Certificate of Assessments, Payments, and Other Matters" (Form 4340) is "true for Mark Crumpacker, SSN xxx-xx-1372, Form 1040, U.S. Individual Income Tax Return" **[Exh. E and F]**.

Neither the "Certificate of Official Record" nor the "Certificate of Assessment…." was signed under penalty of perjury.

As shown on the 2002 and 2003 "Certificate of Assessments, Payments, and Other Matters" **[Exh. E and F]**, the dates the SFRs were allegedly prepared matched the "RET RCVD DT", but, did NOT match the SFR 150 date shown in each respective IMF Specific **[Exh. A and B]**.

On each "Certificate of Assessments…." was the notation "Renumbered Return". The date and DLN for this entry matched the date TCs 160, 170, 276, 300, 336, and 451 were entered into the IMF.

The Notice of Federal Tax Lien, Form 668 (Y)(c), for the years 2002-2003, Serial No. 304084306, was filed in the Los Angeles County, California Recorder's Office on July 25, 2006, by R.A. Mitchell, IRS Territory Manager **[Exh. D]**.

**Exh. D**     **Notice of Federal Tax Lien - Serial No. 304084306**
**Filed July 25, 2006**
**2002-2003**

**Findings:**
Notice of Federal Tax Lien ("NOFTL"), Form 668 (Y)(c), for the years 2002-2003, Serial No. 304084306, was filed in the Los Angeles County, California Recorder's Office on July 25, 2006, by R.A. Mitchell, IRS Territory Manager.

For 2002, the "Date of Assessment" of 12/20/2004 shown in the NOFTL differs from the "Assessment Date" of 04/26/2004 shown in the Complaint **[Exh. C, Pg. 5]**.

In addition, for 2002, the "Unpaid Balance of Assessment" of $23,507.54 shown in the NOFTL differs from the "balance" of $23,525.84 shown in the Complaint **[Exh. C, Pg. 5]**.

For 2003, the "Date of Assessment" of 01/09/2006 shown in the NOFTL is the same as the "Assessment Date" shown in the Complaint **[Exh. C, Pg. 5]**. This date also matched the date TCs 160, 170, 276, 300, 336, and 451, indicating "additions to tax" were entered into the IMF.

**Conclusions:**
Numerous errors and inconsistencies were noted in the NOFTL for 2002-2003, bringing into question the accuracy and reliability of IRS's records.

**Exh. E**     **United States of America**
**Department of the Treasury**
**Internal Revenue Service**
**Certificate of Assessments, Payments, and Other Matters**
**2002**

**Findings:**
A "Certificate of Official Record" (Form 2866) was authorized by D.T. Harris, Director, Field Collection, Southwest Area, under the direction of the Secretary of the Treasury, and signed by Phillip Conrad, Acting Advisory Manager, certifying that the "Certificate of Assessments, Payments, and Other Matters" (Form 4340) is "true for Mark Crumpacker, SSN xxx-xx-1372, Form 1040, U.S. Individual Income Tax Return for the period ending 31 December 2002".

Neither the "Certificate of Official Record" nor the "Certificate of Assessment...." was signed under penalty of perjury.

As shown on the 2002 "Certificate of Assessments, Payments, and Other Matters" **[Exh. E, Pg. 2]**, the 06/05/2004 date the SFR was allegedly prepared matched the "RET RCVD DT", but, did NOT match the SFR 150 date of 06/28/2004, shown in the 2002 IMF Specific **[Exh. A, Pg. 1]**.

On the "Certificate of Assessments...." was the notation "Renumbered Return" **[Exh. E, Pg. 2]**. The date of 12/20/2004 and DLN 29247-734-00494-4 for this entry matched the date and DLN TCs 160, 170, 276, 300, 336, and 451 were entered into the IMF, indicating "additions to tax" **[Exh. A, Pg. 2]**.

**Conclusion:**
To conceal the source documents from its victims, the Department of Justice, and the courts, IRS prepares a computer-generated "Certificate of Assessments, Payments, and Other Specified Matters" (Form 4340). This document serves as "evidence" in subsequent legal proceedings, even though it is not signed under penalty of perjury.

**Exh. F**    **United States of America**
**Department of the Treasury**
**Internal Revenue Service**
**Certificate of Assessments, Payments, and Other Matters**
**2003**

**Findings:**
A "Certificate of Official Record" (Form 2866) was authorized by D.T. Harris, Director, Field Collection, Southwest Area, under the direction of the Secretary of the Treasury, and signed by Phillip Conrad, Acting Advisory Manager, certifying that the "Certificate of Assessments, Payments, and Other Matters" (Form 4340) is "true for Mark Crumpacker, SSN xxx-xx-1372, Form 1040, U.S. Individual Income Tax Return for the period ending 31 December 2003".

Neither the "Certificate of Official Record" nor the "Certificate of Assessment...." was signed under penalty of perjury.

As shown on the 2003 "Certificate of Assessments, Payments, and Other Matters" **[Exh. F, Pg. 2]**, the 03/18/2005 date the SFR was allegedly prepared matched the "RET RCVD DT", but, did NOT match the SFR 150 date of 04/11/2005, shown in the 2003 IMF Specific **[Exh. B, Pg. 1]**.

On the "Certificate of Assessments...." was the notation "Renumbered Return" **[Exh. F, Pg. 2]**. The date of 01/09/2006 and DLN 29247-754-

00426-5 for this entry matched the date and DLN TCs 160, 170, 276, 300, 336, and 451 were entered into the IMF, indicating "additions to tax" **[Exh. B, Pg. 2]**.

**Conclusion:**
To conceal the source documents from its victims, the Department of Justice, and the courts, IRS prepares a computer-generated "Certificate of Assessments, Payments, and Other Specified Matters" (Form 4340). This document serves as "evidence" in subsequent legal proceedings, even though it is not signed under penalty of perjury.

**Exh. G    Crumpacker Grant Deed**
**Lot 40 of Tract 26801, Los Angeles County, California**
**October 20, 1982**

**Findings:**
Grant Deed (No. 82-1223461), dated October 20, 1982, was recorded in the Los Angeles, California Recorder's Office on December 8, 1982. This deed conveyed from Jose G. Zepeda to Mark Crumpacker the real property described as:

Lot 40 of Tract 26801, as per map recorded in
Book 774, pages 48-50 inclusive of Maps, in the office of
the County Recorder of Los Angeles County.

**Conclusion:**
This Grant Deed provides proof that Mark Crumpacker is the true owner of the real property, located at 14933 Daffodil Avenue, Canyon Country, California 91351. This is the property subject to the foreclosure proceedings in the Complaint **[Exh. C]**.

**Exh. H    Crumpacker Deed of Trust with Assignment of Rents**
**Lot 40 of Tract 26801, Los Angeles County, California**
**January 20, 2006**

**Findings:**
"Deed of Trust with Assignment of Rents" (No. 06 0200312), dated January 20, 2006, was recorded in the Los Angeles, California Recorder's Office on January 27, 2006. This deed of trust was made between Mark Crumpacker and Ticor Title company (Trustee) and Voice of Truth and Light Society (Beneficiary) and grants to Trustee in trust, with power of sale, the real property described as:

Lot 40 of Tract 26801, in the city of Santa Clarita, County
of Los Angeles State of California, as per map recorded in
Book 774, pages 48-50 inclusive of Maps, in the county
recorder of said county.

**Conclusion:**
This "Deed of Trust with Assignment of Rents" grants to Trustee in trust the real property located at 14933 Daffodil Avenue, in the city of Santa Clarita, Los Angeles County, California, with power of sale together with the rents, issues and profits thereof.

**Exh. I   Case 14-cv-08575 United States v Mark Crumpacker, et al.**
**Standing Order**
**December 19, 2014**

**Findings:**
Case 14-cv-08575 was assigned to the calendar of Judge Percy Anderson. All discovery matters have been referred to a United States Magistrate Judge, who will hear all discovery disputes.

**Conclusion:**
This "Standing Order" sets forth the guidelines for all parties to follow during the course of the legal proceedings.

**Exh. J   Case 14-cv-08575 United States v Mark Crumpacker, et al.**
**Self-Representation Order**
**December 19, 2014**

**Findings:**
"One or more of the parties to this action has elected to appear pro se. Persons appearing before this Court are not required to retain the services of a lawyer or obtain the advice of counsel." **[Exh. J, Pg. 1]**

"The Court is a neutral adjudicator of the law. The role of the judge is to resolve disputes arising between the parties in accordance with the law. As such, the judge cannot assist you, cannot answer your legal questions, and cannot take sides in the dispute. Nor can any members of the judge's staff." **[Exh. J, Pg. 2]**

**Conclusion:**
This "Self-Representation Order" sets forth the guidelines for pro se parties to follow during the course of the legal proceedings.

**Exh. K   Case 14-cv-08575 United States v Mark Crumpacker, et al.**
**Scheduling Order**
**December 19, 2014**

**Findings:**
This Order sets a "Scheduling Conference" for 10:30 a.m. on February

2, 2015.

"At the Scheduling Conference, the court will set a date for discovery cut-off, a final date by which dipositive motions must be set for hearing, a Final Pretrial conference date, and a trial date." **[Exh. K, Pg. 3]**

**Conclusion:**
This "Scheduling Order" sets the date and time for a "Scheduling Conference" as well as the guidelines for all parties to follow during the course of the legal proceedings.

**Exh. L    Case 14-cv-08575 United States v Mark Crumpacker, et al.**
**State of California, Franchise Tax Board (FTB)**
**Answer to Complaint**
**January 5, 2015**

**Findings:**
Defendant State of California, Franchise Tax Board (FTB) answered the Complaint on January 5, 2015.

The attorneys involved were:

Kamala D. Harris
Attorney General of California

Diane S. Shaw
Supervising Deputy Attorney General

Matthew C. Heyn
Deputy Attorney General

"In response to paragraph 10 of the Complaint, the FTB admits that Mark Crumpacker is appropriately a party to this action because, among other things, he is the individual against whom the United States seeks to reduce to judgment federal income tax assessments". **[Exh. L, Pg. 2, 24-27]**

"In response to paragraph 14 of the complaint, the FTB admits that (i) it is properly a party to this action; (ii) it has liens, in the Subject Property arising from outstanding state income taxes assessed against Mark Crumpacker; (iii) it filed Notices of State Tax Liens which are recorded, among other places, the official records of the County Recorder of Los Angeles County; and (iv) Exhibits 4 and 5 to the Complaint **[Exh. M and N]** are true and correct copies of the Notices of State Tax Liens recorded on May 17, 2006 and April 26, 2008 in the official records of the County recorder of Los Angeles County." **[Exh. L, Pg. 3, 5-12]**

"In response to paragraph 22 of the Complaint, the FTB admits that the IRS recorded Notices of Federal Tax Liens in the official records of the County Recorder of Los Angeles County on December 23, 2004, July 25, 2006, and March 24, 2009 and that, attached to the Complaint as Exhibits 16, 17 and 18, are true and correct copies of the Notices of Federal Tax Liens it filed." **[Exh. L, Pg. 4, 12-16]**

"Mark Crumpacker is indebted to the State of California, for tax, penalties, and interest owed for the tax years 1997 through 2008, in the amount of at least $105,800.00, computed to December 3, 2014, plus interest accruing thereafter at the rate of $8.61 per day. Crumpacker may also indebted to the State of California for other tax obligations, which the FTB does not assert at this time." **[Exh. L, Pg. 4, 25-27 and Pg. 5, 1-2]**

**Conclusion:**
The FTB makes a presumption Mark Crumpacker is appropriately a party to this action because, among other things, he is the individual against whom the United States seeks to reduce to judgment federal income tax assessments.

The FTB's Notices of State Tax Liens are based on the presumption that IRS' records are accurate and comply with Federal law.

**Exh. M    California Franchise Tax Board**
**Notice of State Tax Lien Certificate No. 06137-601248**
**May 17, 2006**
**2003**

**Findings:**
The California Franchise Tax Board (FTB) "Notice of State Tax Lien", Certificate No. 06137-601248, was recorded in the Recorder's Office in Los Angeles County, California on May 17, 2006.

This "Notice" alleges Mark Crumpacker is liable for California state taxes totaling $44,066.14 for years 1997, 1998, 1999, 2000, 2001, and 2003, and "said lien attaches to all property and rights to such property now owned or later acquired…..".

**Conclusion:**
FTB alleges Mark Crumpacker is liable for California State Taxes totaling for $44,066.14 for the years 1997, 1998, 1999, 2000, 2001, and 2003.

**Exh. N    California Franchise Tax Board**
**Notice of State Tax Lien Certificate No. 08107677701**
**April 25, 2008**

**2002**

**Findings:**
The California Franchise Tax Board (FTB) "Notice of State Tax Lien", Certificate No. 08107677701, was recorded in the Recorder's Office in Los Angeles County, California on April 25, 2008.

This "Notice" alleges Mark Crumpacker is liable for California state taxes totaling $26,068.65 for years 2002, 2004, and 2005, and "said lien attaches to all property and rights to such property now owned or later acquired.....".

**Conclusion:**
FTB alleges Mark Crumpacker is liable for California State Taxes totaling $26,068.65 for the years 2002, 2004, and 2005.

**Exh. O    Case 14-cv-08575 United States v Mark Crumpacker, et al.**
**Declaration of Charles Parker**
**January 29, 2015**

**Findings:**
Charles Parker, Assistant U.S. Attorney, employed by the United States Attorney's Office for the Central District of California, makes the following statement based on his personal knowledge:

"I brought this action in good faith, its allegations are supported by the evidence, and I have had no ex parte communications with the Court" **[Exh. O, 19-20]**

"I declare under penalty of perjury that the foregoing is true and correct." **[Exh. O, 25]**

**Conclusion:**
Mr. Parker committed perjury when he swore he brought this action in good faith and its allegations are supported by the evidence.

**Exh. P    Case 14-cv-08575 United States v Mark Crumpacker, et al.**
**United States' Notice of Motion and Motion for Default Judgment;**
**Memorandum in Support; Declarations in Support; and [Proposed]**
**Order for Sale of Real Property**
**May 1, 2015**

**Findings:**
Plaintiff United States' "Notice of Motion and Motion for Default Judgment; Memorandum in Support; Declarations in Support; and

[Proposed] Order for Sale of Real Property" was filed with the Court on May 1, 2015.

The "Notice of Motion" advises that on Monday, June 8, 2015, at 1:30 p.m., plaintiff, the United States of America, will move pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Rule 55-1, for entry of default judgement against Defendant Mark Crumpacker. **[Exh. P, Pg. 1]**

Pursuant to 26 U.S.C. §§ 6321 and 6322, liens for Defendant's unpaid tax liabilities for tax years 1996 through 2005, arose in favor of the United States against all property and rights to property owned by Defendant as of the assessment dates.   In connection with the assessments made against Defendant for tax years 1996 through 2005, the Internal Revenue Service ("IRS") recorded valid Notices of Federal Tax Liens in Los Angeles County on December 23, 2014, July 25, 2006, and March 24, 2009, against all property and rights to property owned by Defendant as of the respective assessment dates for each of the personal income tax assessments for the tax years 1996 through 2005. **[Exh. P, Pg. 9, 13-21]**

The account balances for each of the tax periods at issue, calculated through February 20, 2015, by a representative of the IRS, total $357,444.47.   The alleged balances for years 2002 and 2003 are $40,698.76 and $45,313.14, respectively. **[Exh. P, Pg. 10, 11-12]**

Plaintiffs filed a well-pleaded complaint that is based on reliable information.  **[Exh. P, Pg. 13, 28]**

Attached to the Complaint are Certificates of Assessments for each tax year at issue.   The Certificates of Assessments reflect the tax assessments were made pursuant to an IRS examination.  Based on the examination, a substitute for return was prepared pursuant to 26 U.S.C. §6020(b) in order to determine the defendant's income tax liability for each year at issue.  Using the returns prepared by a representative of the IRS, assessments were made against the Defendant and the amounts were recorded in the Certificates of Assessments.  Defendant has not provided any reason why he is not subject to the assessed taxes listed in the Certificates of Assessments and has only made frivolous arguments why he is not subject to the jurisdiction of this Court.  There is nothing to indicate the IRS's calculations of Defendant's tax liabilities are inaccurate and this factor weighs in favor of default judgment. **[Exh. P, Pg. 14, 1-11]**

**Conclusion:**
IRS commits fraud on the Court when it claims "a substitute for return

was prepared pursuant to 26 U.S.C. §6020(b) in order to determine the defendant's income tax liability for each year at issue.  Using the returns prepared by a representative of the IRS, assessments were made against the Defendant and the amounts were recorded in the Certificates of Assessments."

Freedom of Information Act requests for DLN's with a high number of 8's and 0's, such as DLN **"29210-888-00000-4"**, noted in **Exh. A, Pg. 1**, and DLN **"29210-888-00000-5"**, noted in **Exh. B, Pg. 1**, has proven to show that no document exists related to such DLN. **[Exh. U, Pg. 2]**

**Exh. Q**   **Case 14-cv-08575 United States v Mark Crumpacker, et al.**
**Default Judgment**
**August 4, 2015**

**Findings:**
"Pursuant to the Court's Order granting plaintiff United States' Motion for Default Judgment, it is hereby ordered, adjudged, and decreed that the United States shall have a judgment in its favor against defendants Mark L. Crumpacker ("Crumpacker"), Voice of Truth and Light Society (the "Society"), the Los Angeles County child support Services Department ("Child Support Services"), and the State of California Franchise Tax Board ("FTB")." **[Exh Q, Pg. 1, 18-24]**

"It is further hereby ordered, adjudged, and decreed that judgment is entered in favor of the United States and against Crumpacker in the amount of $357,444.47 as of February 20, 2015 (which includes taxes, additions to tax, penalties, interest, fees, and collection costs) for his unpaid federal income tax liabilities for tax years 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, and 2005.   Interest on the judgment will run in accordance with the laws of the United States."
**[Exh Q, Pg. 1, 25-28 and Pg. 2, 1-2]**

It is further hereby ordered, adjudged, and decreed that the United States of America has valid tax liens for the amount of Crumpacker's unpaid federal income taxes for the years 1996 through 2005, against the property located at 14933 Daffodil Avenue, Canyon Country, California 91351 (the "Subject Property")...."   The tax liens arising from Crumpacker's unpaid federal income taxes for tax years 1996 through 2005 attached to Crumpacker's interest in the Subject Property upon assessment of the taxes pursuant to 26 U.S.C. §6321 and upon filing of Notice of Federal Tax Liens pursuant to 26 U.S.C. §6323." **[Exh Q, Pg. 2, 3-6 and 10-13]**

It is further hereby ordered, adjudged, and decreed that the Subject Property will be sold according to the following procedure for

foreclosure:

1. The Subject Property described above is sold by the Area Director of the Internal Revenue service, Los Angeles, California Area ("Area Director"), or his delegate, the Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") in accordance with the provisions of 28 U.S.C. §§2001 and 2002. **[Exh Q, Pg. 2, 14-19]**

3. The property shall be sold at a public sale to be held at the Stanley Mosk Los Angeles Courthouse, 111 North Hill Street, Los Angeles, California.... **[Exh Q, Pg. 3, 5-7]**

4. The clerk of the District Court is directed to accept the proceeds of the sale and deposit into the Court's registry for distribution pursuant to a further order. **[Exh Q, Pg. 4, 25-26]**

5. Upon selling the subject property, the United States of America shall prepare and file with this Court an Application by the United States of America Confirming Sale and Directing Distribution of Sale Proceeds, which will set forth an accounting and report of sale for the subject property. **[Exh Q, Pg. 4, 27-28 and Pg. 5, 1-2]** On confirmation of the sale, the court will direct the Internal Revenue service to execute and deliver it deed conveying the subject property to the purchaser.   On confirmation of the sale, all interests in, liens against, or claims to the subject property that are held or asserted by all parties to this action are discharged and extinguished. **[Exh Q, Pg. 5, 7-9]**

**Conclusion:**
The "Default Judgment", dated August 4, 2015, ordering the Subject Property, located at 14933 Daffodil Avenue, Canyon City, California 91351 to be sold, was based on falsified documents prepared and concealed by the IRS, and used by the Department of Justice (DoJ) to perpetrate fraud on the Courts, and damage Mr. Crumpacker.

**Exh. R**   **Case 14-cv-08575 United States v Mark Crumpacker, et al.**
**Application for Order Confirming Sale and Directing Distribution of Sale Proceeds; Declarations in Support; and [Proposed] Orders Thereon**
**April 29, 2016**

**Findings:**
On August 4, 2015, the Court entered a Judgment in this case ("Judgment") (Dkt, No. 91). The Judgment authorized the sale of the subject property located at 14933 Daffodil Avenue, Canyon City,

California ("Subject Property") for defendant Mark L. Crumpacker's 1996 through 2005 federal income tax liabilities. The Court ordered Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") to deposit the proceeds of the sale of the Subject Property with the Court's registry so plaintiff United States could thereafter apply to the Court for distribution of the proceeds of the sale to various parties to this action. **[Exh R, Pg. 1, 22-28 and Pg. 2, 1]**

On March 30, 2016, IRS PALS, through Kathryn Clark, a duly authorized delegate of the IRS Compliance sold the Subject Property at a public auction sale held at the Stanley Mosk Los Angeles Courthouse, 111 North Hill Street, Los Angeles, California. **[Exh R, Pg. 2, 3-6]**

The Subject Property was sold to Giovanni Ortega for the sum of $328,000. **[Exh R, Pg. 2, 13]**

Plaintiff the United States of America is concurrently lodging the following proposed orders:

1. Order Confirming Public Sale of Real Property and Directing IRS Compliance Area Director to Execute and Deliver His Deed to Purchaser; and
2. Order Directing clerk to Distribute Proceeds from Sale of Real Property. **[Exh R, Pg. 3, 12-17]**

**Conclusion:**
This document is further evidence of the "fruits of the poisonous tree" as the sale of the Subject Property, located at 14933 Daffodil Avenue, Canyon City, California 91351, was based on falsified documents prepared and concealed by the IRS, and used by the Department of Justice (DoJ) to perpetrate fraud on the Courts, and damage Mr. Crumpacker.

**Exh. S    Case 14-cv-08575 United States v Mark Crumpacker, et al.**
**Order Confirming Public Sale of Real Property and Directing IRS Compliance Area Director to Execute and Deliver Deed to Purchaser**
**May 2, 2016**

**Findings:**
It is hereby ordered adjudged and decreed as follows:

1. The public sale of the Subject Property conducted by a duly authorized delegate of the Compliance Area Director of the Internal Revenue Service (hereafter "Compliance Area Director"), on behalf of plaintiff, the United States of America,

on March 30, 2016, at the Stanley Mosk Los Angeles Courthouse, 111 North Hill Street, Los Angeles, California is hereby confirmed **[Exh S, Pg. 1, 24-28 and Pg. 2, 1]**; and

2. The IRS Compliance Area Director, or his delegate, shall execute and deliver the Deed regarding the Subject Property to Giovanni Ortega, the purchaser of the Subject Property, at the public sale held on March 30, 2016. **[Exh S, Pg. 2, 2-4]**

**Conclusion:**
This document is further evidence of the "fruits of the poisonous tree" as the sale of the Subject Property, located at 14933 Daffodil Avenue, Canyon City, California 91351, was based on falsified documents prepared and concealed by the IRS, and used by the Department of Justice (DoJ) to perpetrate fraud on the Courts, and damage Mr. Crumpacker.

**Exh. T**   **Case 14-cv-08575 United States v Mark Crumpacker, et al.**
**Order Directing Clerk to Distribute Proceeds from Sale of Real Property**
**May 2, 2016**

**Findings:**
It is hereby ordered adjudged and decreed as follows:

1. The Clerk of the Court for the Central District of California is hereby ordered to distribute the **$328,000.00** in proceeds from the sale of the real property, located at 14933 Daffodil Avenue, Canyon City, California 91351, currently on deposit with the registry of the Court, as follows:

   a. **$259.95** to the United States of America, for the expenses incurred by the Internal revenue Service related to the sale of the Subject Property on March 30, 2016;

   b. **$3,957.88** to the Los Angeles County Assessor, for delinquent real property taxes due and owing by defendant Mark Crumpacker through April 27, 2016;

   c. **$8,471.52** to the Los Angeles County Child Support Service Department for delinquent child and/or spousal support payments owed by defendant Mark Crumpacker;

   d. **$15,687.56** to the State of California Franchise Tax Board for unpaid state income taxes for the years 2002 through 2008 owed by defendant Mark Crumpacker;

e. **$299,623.09** to the United States of America, plus any remaining interest… for unpaid federal income tax liabilities for the years 1996 through 2005 owed by defendant Mark Crumpacker;

This Order was submitted by the following attorneys for Plaintiff the United States:

Eileen M. Decker
United States Attorney

Thomas D. Coker
Assistant United States Attorney

Charles Parker (Cal. Bar No. 283078)
Assistant United States Attorney

The Order was signed by United States District Judge Percy Anderson on May 2, 2016. **[Exh T, Pg. 3]**

**Conclusion:**
This document is further evidence of the "fruits of the poisonous tree" as the sale of the Subject Property, located at 14933 Daffodil Avenue, Canyon City, California 91351, was based on falsified documents prepared and concealed by the IRS, and used by the Department of Justice (DoJ) to perpetrate fraud on the Courts, and damage Mr. Crumpacker.

**Exh. U    FOIA response from Klaudia Villegas, IRS Disclosure Manager September 17, 2013**

**Findings:**
Freedom of Information Act requests for DLN's with a high number of 8's and 0's, such as DLN **"29210-888-00000-4"**, noted in **Exh. A, Pg. 1**, and DLN **"29210-888-00000-5"**, noted in **Exh. B, Pg. 1**, has proven to show that no document exists related to such DLN.

For example: In her September 17, 2013 FOIA response to Robert A. McNeil, IRS Disclosure Manager Klaudia Villegas states "For Item i, you asked for a copy of the documents identified by several Document Locator Numbers (DLN), for the tax year 2002 through 2009. A document is not created for every DLN shown on a transcript. In situations where taxpayers fail to file required income tax returns a document locator number is assigned to create a module on the Master File. The DLN you requested was generated by our Automated

Substitute for Return program. This DLN is computer generated and there is no paper document associated with it. Therefore, there are no documents responsive to your request." **[Exh. U, Pg. 2]**

**Conclusion:**
The phrase SFR 150 was entered into the IMF module of Mr. Crumpacker without relation to any document whatsoever. It was merely a computer generated number, and no return whatsoever was received on that date.

**Based on my review of the documents, I have concluded the following:**

A. For so-called "non-filers", IRS creates the false appearance of "deficiencies" only after falsifying both its internal and external records;

B. The creation of pretended deficiencies simultaneously creates, by fraud, the appearance of a duty to file, thereby, providing IRS colorable authority to enforce collection/criminal prosecutions;

C. Without deficiencies created by fraud, involving IRS software and falsified documentary evidence, there would be no willful failure to file a return;

D. Since Congress cannot authorize commission of criminal acts in the enforcement of laws, I conclude that the systemic fraud I have documented herein, occurring in the records of IRS, concerning "non-filers", deserves serious consideration as evidence Congress did not, in fact, impose the income tax upon Americans.

UNDER PENALTY OF PERJURY, I DECLARE THAT THE ABOVE AND FOREGOING REPRESENTATIONS ARE TRUE AND CORRECT TO THE BEST OF MY INFORMATION, KNOWLEDGE, AND BELIEF.

_Robt A. McNeil_
Robert A. McNeil

0519/16
Date