# Exh. A

**Crumpacker**

**IMF MCC TRANSCRIPT SPECIFIC**

**2002**

001699

**Exh. A**

**Pg. 1**

```
                    *IMF MCC TRANSCRIPT-SPECIFIC*           EMP NO 79-316-53342

 ACCOUNT NO 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              05-08-2006
 NAME CONT- CRUM                     CYCLE-200618
*********************************************************************************
FOR-7931653342 BY-7931653342 ON-05082006 TYP-S-30-200212
TIME-09:48 SRC-I                     PROCESSED ON-128
                                     REQUESTED TAX MODULE FOUND ON MF


 1994 1 ┌MARK CRUMPACKER
        │ 14933 DAFFODIL AVE                     BODC-WI BODCLC-
 198336 │CANYON COUNTRY      CA 91351-1907-338
        └                              PRIOR NAME CONTROL-        FZ>    -U
LOC-9515                       MFR-04  VAL-1 IRA-                       CAF-1
YEAR REMOVED-       ENT EXT CYC-       FYM-12 SCS-O   CRINV-  130-
                                       RPTR-  PMF-   SHELT-  BNKRPT-  BLLC-
                                       ACCRETION-               MIN SE-
                                       JUSTIFICATION-1  IRS EMPL-  FED EMPL-


PTNL MARK CRUMPACKER

 LSTRET-1995 ME-    CND-E FLC-00 199721
**********************************
* TAX PERIOD 30      200212 *          REASON CD-          MOD EXT CYC-
**********************************
FS-1  TFRP-  CRINV-  LIEN-             29247-734-00494-4   CAF-   FZ>T   -U
TDA COPYS-4357                         TDI COPYS-
         INT TOLERANCE-  MATH INCREASE- HISTORICAL DO-95 BWNC-   BWI-
MF MOD BAL-          23,507.84
ACRUED INTEREST-     2,079.30  05012006        CSED-12202014
ACCRUED PENALTY-     2,332.76  05012006        RSED-04152006
FMS-8IA CD-O                           ARDI-O              ASED-00000000

 SFR  150 06282004 ──────────────→0.00   S  200424
                                       →29210-888-00000-4   CD-          SRC-
 RET RCVD DT-06052004 ────────        PREPARE IND-O  PREPARE TIN-
                                            TAX PER T/P-               0.00
                                                F/C-  AGI-        80,732.00
                                       FOREIGN-         FARM-  MF P-
                                       XRF-                  AEIC-     0.00
                                       NAI-       EXMPT-01 NRGY-       0.00
                                       LTEX-2        TAXABLE INC-  73,032.00
                                       PENALTY SUPP-1000   SET-        0.00
                                                  TOTAL WAGES-         0.00
                                       MDF-       TOTAL INC TX-        0.00
                                            EST TAX BASE-             0.00
                                            PR YR BASE-              0.00
                                       SHORT YR CD-     ES FORGIVENESS %-  0
                                       1ST SE-     0.00     2ND SE-     0.00
                                       ACCT TYPE-
                                       EFT-O

************************CONTINUED ON NEXT PAGE************************************
```

Note: The SFR 150 date is the same date Transaction Code 570, indicating "Additional Liability Pending/or Credit Hold", was entered into the IMF [see (A) Pg. 2].

**Note: The RET RCVD DT is the same date Transaction Code 425, indicating "a 424 that was reversed", was entered into the IMF [see (B) Pg. 2].**

001700

PAGE NO-0002  TAX PERIOD 30 200212*CONTINUED

*IMF MCC TRANSCRIPT-SPECIFIC*          EMP NO 79-316-53342

ACCOUNT NO 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          05-08-2006
NAME CONT- CRUM                 CYCLE-200618
*****************************************************************

```
                                    F8615-  UNAPPLD CR ELECT-
                                            ES TAX PAYMENT-           0.00
                                            DIR DEP REJ RSN CD-00
```

**TC 425 = "a 424 that was reversed."**

```
                                    PUTI-        0   SUTI-          0
          (B) This is the same date as   PMEI-        0   SMEI-          0
          the RET RCVD DT.               PMTI-        0   SMTI-          0

425 06052004 ----------------      20042408 29277-157-20000-4
```

**TC 570 = "Additional Liability Pending/or Credit Hold"**

(A) This is the same date as the SFR 150 date.

```
                                    SOURCE-24  ORG-       PROJ-    RET REQ-
                                    PTR DO-

570 06282004 ----------------      20042408 29210-888-00000-4
                                    COLCLOS-          CYCLES--
```

**TC 420 = "Examination Indicator"**

```
420 06172004 ----------------      20042508 29277-189-00000-4
                                    A1MS SC-24 PBC-298 SBC-00000 EGC-5239

170 12202004        542.12         20044908 29247-734-00494-4
                                    PRC-   EST PNLTY WAIVED-        0.00
```
**TC 170 = "Estimated Tax Penalty"**
```
                                    CSED-12202014
```

**TC 160 = "Manually Computed Deliquency Penalty"**
```
160 12202004      3,619.80         20044908 29247-734-00494-4
                                    PRC-

806 04152003       135.00-         20044908 29247-734-00494-4
                                    PRC-

300 12202004     16,223.00         20044909 29247-734-00494-4
                                    HC  DC10 870D          ASED
```
**TC 300 = "Additional Tax or Deficiency Assessment by Examination Div. or Collection Div."**
```
                                                              PC9 AO
                                    CLAIM REJECT DT-
                                    CSED-12202014

421 12202004 ----------------      20044908 29247-734-00494-4 X
                                    DISP CD-  SOURCE-
```
**TC 421 = "Reverse Examination Indicator"**
```
336 12202004      1,568.68         20044908 29247-734-00494-4
                                    REFERENCE AMT-
```
**TC 336 = "Interest Assessment on Additional Tax or Deficiency"**
```
276 12202004      1,689.24         20044908 29247-734-00494-4
                                    PRC-
```
**TC 276 = "Failure to Pay Tax Penalty"**
```
971 01012005 ----------------      20050408 68277-403-05062-5
                                    XREF-                     971 CD-611
                                    X-MFT-00 MEMO-            FTD ALRT-0

971 02282005 ----------------      20050708 29277-999-99999-5
```
*****************CONTINUED ON NEXT PAGE*****************************

001701

**Exh. A**

PAGE NO-0003   TAX PERIOD 30 200212*CONTINUED

**Pg. 3**

              *IMF MCC TRANSCRIPT-SPECIFIC*        EMP NO 79-316-53342

ACCOUNT NO 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              05-08-2006
NAME CONT- CRUM                     CYCLE-200618
*****************************************************************************
                                     XREF-                          971 CD-061
                                     X-MFT-00 MEMO-                       FTD ALRT-0

      971 02282005------------------  .   20050808 95277-046-99999-5
                                     XREF-                          971 CD-600
                                     X-MFT-00 MEMO-                       FTD ALRT-0

      971 10312005------------------      20054408 89277-699-06273-5
                                     XREF-                          971 CD-069
                                     X-MFT-00 MEMO-                       FTD ALRT-0

      971 12162005------------------      20060408 89277-417-06894-6
                                     XREF-                          971 CD-066
                                     X-MFT-00 MEMO-                       FTD ALRT-0

      971 02062006------------------      20060508 95277-023-99999-6
                                     XREF-                          971 CD-600
                                     X-MFT-00 MEMO-                       FTD ALRT-0

MF STAT-21 12202004      23,507.84    200449
MF STAT-58 01102005      23,507.84    200452
MF STAT-22 02142005      23,507.84    200505

# Exh. B

**Crumpacker**

**IMF MCC TRANSCRIPT SPECIFIC**

**2003**

001702

PAGE NO-0001

*IMF MCC TRANSCRIPT-SPECIFIC*                      EMP NO 79-316-53342

ACCOUNT NO S72-76-1372              05-08-2006
NAME CONT- CRUM                     CYCLE-200618
************************************************************************
FOR-7931653342 BY-7931653342 ON-05082006 TYP-S-30-200312
TIME-09:45 SRC-I                    PROCESSED ON-128
                                    REQUESTED TAX MODULE FOUND ON MF

1994 1 | MARK CRUMPACKER
       | 14933 DAFFODIL AVE                    BODC-WI BODCLC-
198336 | CANYON COUNTRY      CA 91351-1907-338
                                    PRIOR NAME CONTROL-        FZ>    -U
LOC-9515                            MFR-04  VAL-1 IRA-                CAF-1
YEAR REMOVED-       ENT EXT CYC-    FYM-12 SCS-0   CRINV-  130-
                                   RPTR-   PMF-    SHELT-  BNKRPT-  BLLC-
                                   ACCRETION-                      MIN SE-
                                   JUSTIFICATION-1  IRS EMPL-    FED EMPL-

PTNL MARK CRUMPACKER

LSTRET-1995 ME-     CND-E FLC-00 199721
*****************************
* | TAX PERIOD 30      200312 | *    REASON CD-          MOD EXT CYC-
*****************************
FS-1  TFRP-  CRINV-  LIEN-          29247-754-00426-5   CAF-  FZ>T  -U
TDA COPYS-8416                      TDI COPYS-
       INT TOLERANCE-  MATH INCREASE-  HISTORICAL DO-95 BWNC-   BWI-
MF MOD BAL-             27,840.79
ACRUED INTEREST-        604.41  05012006      CSED-01092016
ACCRUED PENALTY-        565.08  05012006      RSED-04152007
FMS-8IA CD-0                                  ARDI-0            ASED-00000000

SFR  150 04112005 ─────────────→ 0.00    S  200513
                                        29210-888-00000-5   CD-         SRC-
RET RCVD DT-03182005                    PREPARE IND-0  PREPARE TIN-
                                              TAX PER T/P-              0.00
                                              F/C-  AGI-        95,063.00
                                        FOREIGN-          FARM-  MF P-
                                        XRF-              AEIC-          0.00
                                        NAI-        EXMPT-01 NRGY-       0.00
                                        LTEX-2          TAXABLE INC-  87,263.00
                                        PENALTY SUPP-1000   SET-        0.00
                                                  TOTAL WAGES-          0.00
                                        MDP-          TOTAL INC TX-     0.00
                                              EST TAX BASE-             0.00
                                              PR YR BASE-               0.00
                                        SHORT YR CD-     ES FORGIVENESS %-  0
                                        1ST SE-    0.00    2ND SE-      0.00
                                        ACCT TYPE-
                                        EFT-0

**Note: The RET RCVD DT is the same date Transaction Code 425, indicating "a 424 that was reversed", was entered into the IMF [see (B) Pg. 2].**

**Note: The SFR 150 date is the same date Transaction Code 570, indicating "Additional Liability Pending/or Credit Hold", was entered into the IMF [see (A) Pg. 2].**

******************CONTINUED ON NEXT PAGE*******************************

001703

PAGE NO-0002   TAX PERIOD 30 200312*CONTINUED

*IMF MCC TRANSCRIPT-SPECIFIC*                    EMP NO 79-316-53342

ACCOUNT NO 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              05-08-2006
NAME CONT- CRUM                     CYCLE-200618
*****************************************************************

                              F8615-  UNAPPLD CR ELECT-
                                   ES TAX PAYMENT-                0.00
                                         DIR DEP REJ RSN CD-00
**TC 425 = "a 424 that was reversed."**   PUTI-    0   SUTI-         0
                                   PMEI-    0   SMEI-         0
        **(B) This is the same date as**  PMTI-    0   SMTI-         0
        **the RET RCVD DT.**

425 03182005-----------------       20051308 29277-077-20000-5

**TC 570 = "Additional Liability Pending/or**  SOURCE-24  ORG-     PROJ-    RET REQ-
**Credit Hold"**   **(A) This is the same date as**  PTR DO-
570 04112005----the SFR 150 date.   20051308 29210-888-00000-5
                                   COLCLOS-       CYCLES-
**TC 420 = "Examination Indicator"**
420 03312005-----------------       20051408 29277-090-00000-5
                                   AIMS SC-24 PBC-298 SBC-00000 EGC-5239

170 01092006       494.98           20055208 29247-754-00426-5
**TC 170 = "Estimated Tax Penalty"**  PRC-    EST PNLTY WAIVED-        0.00
                                   CSED-01092016
**TC 160 = "Manually Computed Deliquency Penalty"**
160 01092006     4,238.10           20055208 29247-754-00426-5
                                   PRC-

806 04152004       347.00-          20055208 29247-754-00426-5
                                   PRC-

300 01092006    19,183.00           20055208 29247-754-00426-5
                                   HC   DC10 870D        ASED
**TC 300 = "Additional Tax or**                              PC9 AO
**Deficiency Assessment by Examination**  CLAIM REJECT DT-
**Div. or Collection Div."**          CSED-01092016

421 01092006-----------------       20055208 29247-754-00426-5 X
    **TC 421 = "Reverse Examination Indicator"**  DISP CD-   SOURCE-

336 01092006     2,293.93           20055208 29247-754-00426-5
                                   REFERENCE AMT-
    **TC 336 = "Interest Assessment on Additional Tax or Deficiency"**
276 01092006     1,977.78           20055208 29247-754-00426-5
    **TC 276 = "Failure to Pay Tax Penalty"**  PRC-

971 02042006-----------------       20060708 68277-437-01646-6
                                   XREF-                   971 CD-611
                                   X-MFT-00 MEMO-           FTD ALRT-0

971 04032006-----------------       20061208 29277-999-99999-6
*********************CONTINUED ON NEXT PAGE***********************

```
                         *IMF MCC TRANSCRIPT-SPECIFIC*              EMP NO 79-316-53342

   ACCOUNT NO 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                    05-08-2006
   NAME CONT- CRUM                           CYCLE-200618
*****************************************************************************************
                                          XREF-                        971 CD-061
                                          X-MFT-00 MEMO-                    FTD ALRT-0

      971 04032006----------------         _   20061308 95277-078-99999-6
                                          XREF-                        971 CD-600
                                          X-MFT-00 MEMO-                    FTD ALRT-0

MF STAT-21 01092006           27,840.79     200552
MF STAT-58 02132006           27,840.79     200605
MF STAT-22 03202006           27,840.79     200610
```

# Exh. C

**Crumpacker**

**Case 14-cv-08575**

**United States v Mark Crumpacker, et al.**

**Complaint to Reduce Federal Tax Assessments to Judgment and Foreclose Federal Tax Liens on Real Property**

**November 5, 2014**

STEPHANIE YONEKURA
Acting United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
CHARLES PARKER (Cal. Bar No. 283078)
Assistant United States Attorney
300 N. Los Angeles Street
Federal Building, Suite 7211
Los Angeles, CA 90012
   Telephone:    (213) 894-2740
   Facsimile:    (213) 894-0115
   Email: charles.parker@usdoj.gov

Attorneys for Plaintiff the United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. CV 14-8575 |
|---|---|
| Plaintiff, | COMPLAINT TO REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT and FORECLOSE FEDERAL TAX LIENS ON REAL PROPERTY |
| vs. | |
| MARK L. CRUMPACKER, VOICE OF TRUTH & LIGHT SOCIETY, LOS ANGELES COUNTY CHILD SUPPORT SERVICES DEPARTMENT, and STATE OF CALIFORNIA FRANCHISE TAX BOARD, | [Exhibits redacted under L.R. 5.2-1] |
| Defendants. | |

Plaintiff, the United States of America, by and through its undersigned counsel, complains and alleges as follows:

## Jurisdiction and Venue

1.      The United States brings this action 1) to reduce to judgment assessments against defendant Mark L. Crumpacker ("the taxpayer" or "Mark Crumpacker") for federal individual income taxes and 2) to foreclose federal tax liens against certain real property.

2.      This action is commenced at the direction of the Attorney General of the

COMPLAINT                                    1

1 United States and at the request and with the authorization of the Chief Counsel of the

2 Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury, pursuant to

3 26 U.S.C. §§ 7401 and 7402.

4    3.    This Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7402

5 and 7403 and 28 U.S.C. §§ 1340 and 1345.

6    4.    Venue for this action is within the Central District of California under 28

7 U.S.C. § 1391(b)(2) because the property that is the subject of this action is located in

8 this district, under 28 U.S.C. § 1391(b)(1) because the taxpayer resided in this district

9 when the tax liabilities at issue were assessed, and under 28 U.S.C. § 1396 because this is

10 a civil action for the collection of internal revenue taxes and the taxpayer resides in the

11 district.

**Statute of Limitations**

12

13    5.    Pursuant to 26 U.S.C. § 6502(a)(1), the IRS must collect assessed taxes

14 within ten years of the assessment date. The ten year statute of limitations is suspended

15 under 26 U.S.C. § 6330(e)(1) upon a taxpayer's request for a collection due process

16 hearing and the suspension continues until a final determination is issued by the IRS.

17    6.    Assessments for tax years 1996 through 2001 were made against the

18 taxpayer on April 26, 2004.

19    7.    The taxpayer filed a request for a due process hearing with the IRS regarding

20 the assessments for tax years 1996 through 2001 on January 18, 2005. The IRS resolved

21 the taxpayer's claim 218 days later on August 24, 2005, and sent the taxpayer a Notice of

22 Determination letter.

23    8.    From January 18, 2005, through August 24, 2005, the time to collect the

24 assessments against the taxpayer for tax years 1996 through 2001 was suspended

25 pursuant to 26 U.S.C. § 6330(e)(1) because the pending due process hearing. This

26 suspension extended the statute of limitations to collect assessed taxes for tax years 1996

27 through 2001 from April 26, 2014 to November 30, 2014.

28 ///

COMPLAINT                                    2

**The Subject Real Property**

9.    The real property against which the United States seeks to foreclose its tax liens is located at 14933 Daffodil Avenue, Canyon Country, California 91351, and is legally described as:

> Lot 40 of Tract 26801, as per map recorded in Book 774, pages 48-50 inclusive of Maps, in the office of the County Recorder of Los Angeles County.

("the subject property" or "14933 Daffodil Avenue"). Attached as Exhibit 1 is a true and correct copy of the grant deed that transferred title to the subject property to Mark Crumpacker, recorded in Los Angeles County, California on December 8, 1982.

**The Parties**

10.    Defendant Mark Crumpacker is an individual residing within the Central District of California. Mark Crumpacker is made a party to this action because he is the individual against whom the United States seeks to reduce to judgment federal income tax assessments.

11.    Defendant Mark Crumpacker is made a party to this action pursuant to 26 U.S.C. § 7403(b) because he is the true owner of the subject property upon which the United States seeks foreclosure. *See* Ex. 1.

12.    Defendant Voice of Truth & Light Society is made a party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the subject property pursuant to a deed of trust recorded in Los Angeles County, California at instrument number 06 0200312 on January 27, 2006. A true and correct copy of the deed of trust is attached as Exhibit 2.

13.    Defendant Los Angeles County Child Support Services Department is made a party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the subject property due to an abstract of judgment issued by the Superior Court of Los Angeles against the taxpayer on November 6, 1998, and recorded with the County of Los Angeles, California on April 22, 1999. A true and correct copy of the abstract of judgment is attached as Exhibit 3.

COMPLAINT                                      3

14.   Defendant State of California Franchise Tax Board is made a party to this action pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the subject property due to outstanding state income taxes assessed against the taxpayer and various Notice of State Tax Liens recorded against the taxpayer in the County of Los Angeles, California.  Attached as Exhibits 4 and 5 are true and correct copies of Notice of State Tax Liens recorded on May 17, 2006, and April 25, 2008, respectively.

<strong>Causes of Action</strong>

**COUNT I - Reduce Federal Tax Assessments to Judgment against Mark Crumpacker**

15.   The United States incorporates by reference its allegations made in paragraphs 1 through 14 above as if fully restated herein.

16.   On the following dates, a delegate of the Secretary of the Treasury made assessments of income, penalties and interest against defendant taxpayer for unpaid federal income taxes (Form 1040) for the identified tax periods and in the amounts stated below:

| Tax Year | Date of Assessment | Tax Assessed | Type[1] | Balance as of 6/1/2013 |
|---|---|---|---|---|
| 1996 | 4/26/2004 | $16,518.00<br>$12,970.32<br>$843.59<br>$3,581.10<br>$3,979.00 | T<br>INT<br>ETP<br>LFP<br>FTP | $37,326.01 |
| 1997 | 4/26/2004 | $16,308.00<br>$10,053.99<br>$836.70<br>$3,533.85<br>$3,926.50 | T<br>INT<br>ETP<br>LFP<br>FTP | $34,057.04 |

[1] Key:  T = Personal Income Tax
INT = Assessed Interest
ETP = Estimated Tax Penalty pursuant to 26 U.S.C. § 6654
LFP = Late Filing Penalty pursuant to 26 U.S.C. § 6651(a)(1)
FTP = Failure to Pay Tax Penalty pursuant to 26 U.S.C. § 6651(a)(2)

| | | | | |
|---|---|---|---|---|
| 1998 | 4/26/2004 | $7,800.00<br>$2,346.20<br>$198.43<br>$1,053.67<br>$1,170.75 | T<br>INT<br>ETP<br>LFP<br>FTP | $9,452.05 |
| 1999 | 4/26/2004 | $10,702.00<br>$2,573.01<br>$319.03<br>$1,575.67<br>$1,715.73 | T<br>INT<br>ETP<br>LFP<br>FTP | $13,186.44 |
| 2000 | 4/26/2004 | $16,575.00<br>$3,508.63<br>$802.20<br>$3,414.15<br>$2,807.19 | T<br>INT<br>ETP<br>LFP<br>FTP | $25,706.17 |
| 2001 | 4/26/2004 | $12,069.00<br>$705.07<br>$180.27<br>$1,185.07<br>$658.38 | T<br>INT<br>ETP<br>LFP<br>FTP | $7,995.79 |
| 2002 | 4/26/2004 | $16,223.00<br>$1,568.68<br>$542.12<br>$3,619.80<br>$1,689.24 | T<br>INT<br>ETP<br>LFP<br>FTP | $23,525.84 |
| 2003 | 1/9/2006 | $19,183.00<br>$2,293.93<br>$494.98<br>$4,238.10<br>$1,977.78 | T<br>INT<br>ETP<br>LFP<br>FTP | $27,840.79 |
| 2004 | 3/24/2008 | $18,784.00<br>$5,375.17<br>$525.34<br>$4,087.58<br>$3,270.06 | T<br>INT<br>ETP<br>LFP<br>FTP | $31,445.15 |

COMPLAINT

5

| 2005 | 3/24/2008 | $12,584.00 | T | $9,796.78 |
| | | $1,237.55 | INT | |
| | | $220.23 | ETP | |
| | | $1,395.00 | LFP | |
| | | $744.00 | FTP | |

Attached as Exhibits 6 through 15 are true and correct copies of Certificates of Assessments, Payments and Other Specified Matters (Form 4340) for each of the tax years described above, redacted to exclude personal identifiers.

17.   The IRS timely issued notice and demand for payment to the taxpayer for each of the tax periods listed above in paragraph 13.

18.   Despite timely notice and demand for payment the taxpayer has neglected, failed, or refused to fully pay his outstanding tax liabilities for the tax periods at issue.

19.   As of October 24, 2014, the outstanding balance of assessed and outstanding federal personal income taxes, plus accrued penalties and interest, due for the taxpayer totaled $220,332.06.  The United States is entitled to judgment against the taxpayer in this amount, plus subsequent statutory accruals including interest, penalties, and other costs and expenses.

**COUNT II- Foreclose on 14933 Daffodil Avenue**

20.   The United States incorporates by reference its allegations made in paragraphs 1 through 19 above as if fully restated herein.

21.   Pursuant to 26 U.S.C. §§ 6321 and 6322, liens for the unpaid tax liabilities arose in favor of the United States against all property and rights to property owned by the taxpayer as of the assessment dates described in paragraph 16 above.

22.   In connection with the assessments set forth in paragraph 16 above, the IRS recorded valid Notices of Federal Tax Liens in Los Angeles County on December 23, 2004, July 25, 2006, and March 24, 2009, against all property and rights to property owned by the taxpayer as of the respective assessment dates for each of the personal income tax assessments for the tax years 1996 through 2005.  Attached as Exhibits 16, 17, and 18 respectively, are true and correct copies of the Notices of Federal Tax Liens

Case 1:16-cv-01053-TSC   Document 1-3   Filed 06/06/16   Page 16 of 127
Case 2:14-cv-08575   Document 1   Filed 11/05/14   Page 7 of 8   Page ID #:7

Exh. C

Pg. 7

1   filed against the taxpayer for the tax years at issue.

2       23.    The taxpayer acquired title to 14933 Daffodil Avenue via a grant deed

3   recorded in Los Angeles County on December 8, 1982. *See* Ex. 1.

4       24.    The taxpayer holds an ownership interest in 14933 Daffodil Avenue to

5   which the federal tax liens described in paragraph 16 attach.

6       25.    Under 26 U.S.C. § 7403, the United States is entitled to foreclose its federal

7   tax liens on the subject property and apply the proceeds to the outstanding federal tax

8   assessments of Mark Crumpacker.

9       WHEREFORE, plaintiff, United States of America, repectfully requests the Court:

10       A.    Enter a money judgment in favor of the United States and against Mark

11   Crumpacker in the amount of $220,332.06, plus additional accrued interest and statutory

12   additions as provided by law;

13       B.    Find that Mark Crumpacker has an ownership interest in 14933 Daffodil

14   Avenue;

15       C.    Find that the Notice For Tax Liens filed against Mark Crumpacker

16   referenced in paragraph 22 above reflect valid liens against all property and rights to

17   property of Mark Crumpacker, including but not limited to 14933 Daffodil Avenue;

18       D.    Find the validity and priority of all liens on and other interests in 14933

19   Daffodil Avenue and order that the proceeds from any judicial sale of such properties be

20   distributed accordingly;

21       E.    Find that Voice of Truth & Light Society holds no interest in the subject

22   property and is entitled to no proceeds from the sale of 14933 Daffodil Avenue;

23       F.    Order that the federal tax liens against Mark Crumpacker encumbering

24   14933 Daffodil Avenue be foreclosed and the real property be sold to satisfy the liens and

25   outstanding and delinquent federal tax assessments against defendant Mark Crumpacker;

26       G.    Grant the United States of America its costs incurred in bringing this action

27   and all lien fees and collection costs incurred before or after the filing of this Complaint;

28   and

Case 1:16-cv-01053-TSC  Document 1-3  Filed 06/06/16  Page 17 of 127
Case 2:14-cv-08575  Document 1  Filed 11/05/14  Page 8 of 8  Page ID #:8

Exh. C

Pg. 8

1    H.    Order any further relief it deems just and appropriate.

2                                    Respectfully Submitted,

3        STEPHANIE YONEKURA
4        Acting United States Attorney
         SANDRA R. BROWN
5        Assistant United States Attorney
6        Chief, Tax Division

7
8    DATED:    1/5/14

9        CHARLES PARKER
         Assistant United States Attorney
10
11       Attorneys for Defendant
         United States of America
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                              8

# Exh. D

**Crumpacker**

**Notice of Federal Tax Lien**

**Serial Number 304084306**

**Filed July 25, 2006**

**2002-2003**

Case 2:14-cv-08575   Document 1-1   Filed 11/05/14   Page 85 of 87   Page ID #:93

Recording Requested By Internal Revenue
Service. When recorded mail to:

INTERNAL REVENUE SERVICE
300 N Los Angeles St Mail Stop 5027
LOS ANGELES, CA 90012

**RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA**

**06 1644190**

**07/25/2006        AT 08:04am**

**FEE $7.00
DA FEE Code 20 $2.00**

For Optional Use by Recording Office

| Form 668 (Y)(c)<br>(Rev. October 2000) | Department of the Treasury - Internal Revenue Service<br>**Notice of Federal Tax Lien** |
|---|---|

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #7<br>Lien Unit Phone: (800) 829-3903 | Serial Number<br>304084306 |
|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer   MARK CRUMPACKER

Residence        14933 DAFFODIL AVE
                 CANYON COUNTRY, CA 91351-1907

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2002 | XXX-XX-1372 | 12/20/2004 | 01/19/2015 | 23,507.84 |
| 1040 | 12/31/2003 | XXX-XX-1372 | 01/09/2006 | 02/08/2016 | 27,840.79 |

Place of Filing

> COUNTY RECORDER
>   LOS ANGELES

| | Total | $ | 51,348.63 |
|---|---|---|---|

This notice was prepared and signed at   LOS ANGELES, CA                                          , on this,
the _20th_     day of _July_        , _2006_ .

Signature

> R. A. Mitchell

Title
   Territory Manager ←

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)
                                    Part 1 - Kept By Recording Office              Form 668(Y)(c) (Rev. 10-00)
                                                                                   CAT. NO 60025X

# Exh. E

**Crumpacker**

**United States of America**

**Department of the Treasury**

**Internal Revenue Service**

**Certificate of Assessments, Payments,**

**and Other Matters**

**October 24, 2014**

**2002**

 **United States**  **of America**

**Department of the Treasury**
**Internal Revenue Service**

Date: 24 October 2014

### CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed: Certificate of Assessments, Payments, and Other Specific Matters is

true for Mark Crumpacker, SSN xxx-xx-1372, Form 1040, U.S. Individual Income Tax Return for the
period ending 31 December 2002.-----------------------------------------------------------------

```
                    X
                    X
                    X
                    X
                    X
                    X
                    X
                    X
                    X
```

under the custody of this office.



IN WITNESS WHEREOF, I have hereunto set my hand,
and caused the seal of this office to be affixed, on the day
and year first above written.

By direction of the Secretary of the Treasury:

D T Harris
Director, Field Collection, Southwest Area

Signed By: _P. Conrad_

Acting Advisory Manager

Catalog Number 19002E

Form 2866 (Rev. 09-1997)

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------

MARK CRUMPACKER                        EIN/SSN: ▮▮▮▮-1372

TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040     TAX PERIOD: DEC  2002

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-------------------------------------|----------------------------|----------------------------------|
| | ADJUSTED GROSS INCOME 80,752.00 | | | |
| | TAXABLE INCOME 75,032.00 | | | |
| 06-05-2004 | SUBSTITUTE FOR RETURN 29210-888-00000-4 | 0.00 | | 06-28-2004 |
| | ESTIMATED TAX PENALTY 20044908 | 542.12 | | 12-20-2004 |
| | LATE FILING PENALTY 20044908 | 3,619.80 | | 12-20-2004 |
| 04-15-2003 | WITHHOLDING CREDIT | | 135.00 | |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT DEFICIENCY PER DEFAULT OF 90 DAY LETTER ASED 20071125 29247-734-00494-4  20044908 | 16,223.00 | | 12-20-2004 |
| 12-20-2004 | RENUMBERED RETURN 29247-734-00494-4 | | | |
| | INTEREST ASSESSED 20044908 | 1,568.68 | | 12-20-2004 |
| | FAILURE TO PAY TAX PENALTY 20044908 | 1,689.24 | | 12-20-2004 |
| 02-28-2005 | MODULE BLOCKED OR RELEASED FROM FEDERAL PAYMENT LEVY PROGRAM | | | |

FORM 4340  (REV. 01-2002)            PAGE    1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------

MARK CRUMPACKER                         EIN/SSN:  ▮▮▮▮-1372


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040    TAX PERIOD: DEC  2002


| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-------------------------------------|----------------------------|----------------------------------|
| 10-31-2005 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE LEVY NOTICE ISSUED | | | |
| 12-16-2005 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE RETURN RECEIPT SIGNED | | | |
| 05-20-2006 | REVERSAL OF MODULE BLOCKED FROM FEDERAL PAYMENT LEVY PROGRAM | | | |
| 06-12-2006 | MODULE IN FEDERAL PAYMENT LEVY PROGRAM | | | |
| 07-21-2006 | FEDERAL TAX LIEN | | | |
| 08-21-2006 | FEES AND COLLECTION COSTS | | 18.00 | |
| 11-19-2007 | MODULE REVERSED OUT OF FEDERAL PAYMENT LEVY PROGRAM | | | |
| 02-04-2008 | MODULE IN FEDERAL PAYMENT LEVY PROGRAM | | | |
| 12-15-2008 | MODULE REVERSED OUT OF FEDERAL PAYMENT LEVY PROGRAM | | | |

FORM 4340  (REV. 01-2002)                    PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-------------------------------------------------------------------------

MARK CRUMPACKER                    EIN/SSN: ▆▆▆▆-1372


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC 2002


|      |                            | ASSESSMENT, | PAYMENT,   | ASSESSMENT |
| DATE | EXPLANATION OF TRANSACTION | OTHER DEBITS | CREDIT    | DATE (23C, |
|      |                            | (REVERSAL)  | (REVERSAL) | RAC 006 )  |

-------------------------------------------------------------------------

02-16-2009 MODULE IN FEDERAL PAYMENT
           LEVY PROGRAM

09-22-2014 MODULE REVERSED OUT OF
           FEDERAL PAYMENT LEVY
           PROGRAM

12-20-2004 Statutory Notice of Balance Due

01-10-2005 Statutory Notice of Intent to Levy


FORM 4340  (REV. 01-2002)              PAGE    3

# Exh. F

**Crumpacker**

**United States of America**

**Department of the Treasury**

**Internal Revenue Service**

**Certificate of Assessments, Payments, and Other Matters**

**October 24, 2014**

**2003**

 **United States**  **of America**

**Department of the Treasury**
**Internal Revenue Service**

Date: 24 October 2014

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed: Certificate of Assessments, Payments, and Other Specific Matters is

true for Mark Crumpacker, SSN xxx-xx-1372, Form 1040, U.S. Individual Income Tax Return for the
period ending 31 December 2003.-------------------------------------------------------------------------

X<br>
X<br>
X<br>
X<br>
X<br>
X<br>
X<br>
X<br>
X

under the custody of this office.



IN WITNESS WHEREOF, I have hereunto set my hand,
and caused the seal of this office to be affixed, on the day
and year first above written.

By direction of the Secretary of the Treasury:

D T Harris
Director, Field Collection, Southwest Area

Signed By: _P. Conrad_

Acting Advisory Manager

Catalog Number 19002E

Form **2866** (Rev. 09-1997)

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-------------------------------------------------------------------------

MARK CRUMPACKER                         EIN/SSN: ▓▓▓▓-1372


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  2003

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|--------------------------------|
| | ADJUSTED GROSS INCOME 95,863.00 | | | |
| | TAXABLE INCOME 87,263.00 | | | |
| 03-18-2005 | SUBSTITUTE FOR RETURN 29210-888-00000-5 | | 0.00 | 04-11-2005 |
| | ESTIMATED TAX PENALTY 20055208 | | 494.98 | 01-09-2006 |
| | LATE FILING PENALTY 20055208 | | 4,258.10 | 01-09-2006 |
| 04-15-2004 | WITHHOLDING CREDIT | | 347.00 | |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT DEFICIENCY PER DEFAULT OF 90 DAY LETTER ASED 20081215 29247-754-00426-5  20055208 | | 19,183.00 | 01-09-2006 |
| 01-09-2006 | RENUMBERED RETURN 29247-754-00426-5 | | | |
| | INTEREST ASSESSED 20055208 | | 2,293.93 | 01-09-2006 |
| | FAILURE TO PAY TAX PENALTY 20055208 | | 1,977.78 | 01-09-2006 |
| 04-03-2006 | MODULE BLOCKED OR RELEASED FROM FEDERAL PAYMENT LEVY PROGRAM | | | |

FORM 4340  (REV. 01-2002)              PAGE   1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------

MARK CRUMPACKER                          EIN/SSN: [REDACTED]-1372


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040    TAX PERIOD: DEC 2003

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|------|------|------|
| 05-20-2006 | REVERSAL OF MODULE BLOCKED FROM FEDERAL PAYMENT LEVY PROGRAM | | | |
| 06-12-2006 | MODULE IN FEDERAL PAYMENT LEVY PROGRAM | | | |
| 07-21-2006 | FEDERAL TAX LIEN | | | |
| 11-19-2007 | MODULE REVERSED OUT OF FEDERAL PAYMENT LEVY PROGRAM | | | |
| 02-04-2008 | MODULE IN FEDERAL PAYMENT LEVY PROGRAM | | | |
| 12-15-2008 | MODULE REVERSED OUT OF FEDERAL PAYMENT LEVY PROGRAM | | | |
| 02-16-2009 | MODULE IN FEDERAL PAYMENT LEVY PROGRAM | | | |
| 08-29-2013 | INTENT TO LEVY COLLECTION DUE PROCESS NOTICE LEVY NOTICE ISSUED | | | |
| 01-09-2006 | Statutory Notice of Balance Due | | | |
| 02-13-2006 | Statutory Notice of Intent to Levy | | | |

FORM 4340  (REV. 01-2002)                    PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------

MARK CRUMPACKER                          EIN/SSN: ███████-1372


TYPE OF TAX: U.S. INDIVIDUAL INCOME TAX RETURN
FORM: 1040      TAX PERIOD: DEC  2003
--------------------------------------------------------------------


BALANCE        ·27,840.79
--------------------------------------------------------------------

I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.  I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

--------------------------------------------------------------------

SIGNATURE OF CERTIFYING OFFICER:_____
                Debbie Okray
PRINT NAME:_____
                Chief, Accounting Operation
TITLE:_____
                     WI-11-5
DELEGATION ORDER:_____


LOCATION: INTERNAL REVENUE SERVICE


          ACCOUNT STATUS DATE 10/09/2014

FORM 4340  (REV. 01-2002)              PAGE    3

# Exh. G

**Crumpacker**

**Grant Deed**

**Lot 40 of Tract 26801**

**Los Angeles County, California**

**October 20, 1982**



RECORDED AT THE REQUEST OF CALIF. LAND TITLE CO.

82-1223461

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL THIS DEED AND UNLESS
OTHERWISE SHOWN BELOW MAIL TAX STATEMENTS TO:

Mark Crumpacker
34933 Darrow Dr.
Canyon Country, Ca 91351

RECORDED IN OFFICIAL RECORDS
OF LOS ANGELES COUNTY

DEC 8 1982 AT 8 A.M.

Recorder's Office

FEE
$4

957

**GRANT DEED**

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
DOCUMENTARY TRANSFER TAX is $ 84.15
☐ computed on full value of property conveyed, or
☐ computed on full value less value of liens or encumbrances remaining at time of
sale, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

JOSIE S. ZEPEDA, a widower,

hereby GRANT(S) to

MARK CRUMPACKER, a single man,

the following described real property in the

County of          Los Angeles          State of California

MAIL TAX STATEMENTS AS DIRECTED ABOVE

# Exh. H

**Crumpacker**

**Deed of Trust**

**with**

**Assignment of Rents**

**Lot 40 of Tract 26801**

**Los Angeles County, California**

**January 20, 2006**

**Exh. H**

**Pg. 1**

This page is part of your document - DO NOT DISCARD

06 0200312

**RECORDED/FILED IN OFFICIAL RECORDS**
**RECORDER'S OFFICE**
**LOS ANGELES COUNTY**
**CALIFORNIA**
**01/27/06 AT 08:00am**

## TITLE(S) :



L E A D    S H E E T

FEE

| FEE $ | 70 | SS |
|---|---|---|
| DAF $ | 4 | |
| C-20 | | |

D.T.T.

NOTIFICATION SENT $4

**CODE**
**20**

**CODE**
**19**

**CODE**
**9____**

**Assessor's Identification Number (AIN)**
To be completed by Examiner OR Title Company in black ink.

**Number of AIN's Shown**

THIS FORM IS NOT TO BE DUPLICATED

Exh. H

Pg. 2

$2$

1/27/06

WHEN RECORDED MAIL TO:

Jack Smith

Los Angeles, CA

Accom 34

06  0200312

## DEED OF TRUST WITH ASSIGNMENT OF RENTS
### (SHORT FORM)

This DEED OF TRUST, made JAN. 20th 2006 , between Mark Crumpacker herein called TRUSTOR, whose address is , 14933 Daffodil Ave Canyon Country CA. 91351

TICOR TITLE COMPANY, a California corporation, herein called TRUSTEE, and Voice of Truth & Light Society – herein called BENEFICIARY, Overseer Jack Smith.

WITNESSETH: That Trustor grants to Trustee in trust, with power of sale, that property in the Los Angeles , County of , State of California, described as:

LOT 40 OF TRACT 26801, IN THE CITY of Santa Clarita, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 774 PAGES 48 to 50 inclusive of maps, in the county recorder of said county

together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits for the purpose of securing (1) payment of the sum of $400,000.00 with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof, (2) the performance of each agreement of Trustor incorporated by reference or contained herein and (3) payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

To protect the security of this Deed of Trust, and with respect to the property above described, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A, and it is mutually agreed that each and all of the terms and provisions set forth in subdivision B of the fictitious deed of trust recorded in Orange County August 17, 1964, and in all other counties August 18, 1964, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, namely:

THIS DOCUMENT IS BEING RECORDED AS AN ACCOMMODATION ONLY, TICOR TITLE MAKES NO ASSURANCE AS TO THE VALIDITY OF SAID DOCUMENT.

(CONTINUED ON NEXT PAGE)

1153 (1/94)
Page 1 of 4

1/27/06

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 38 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumas | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 307 | Riverside | 3778 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 5039 | 124 | Sonoma | 2067 | 427 |
| Calaveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 8213 | 768 | Sutter | 655 | 586 |
| Contra Costa | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |
| El Dorado | 704 | 635 | Merced | 1660 | 753 | San Luis Obispo | 1311 | 137 | Tulare | 2530 | 108 |
| Fresno | 5052 | 623 | Modoc | 191 | 93 | San Mateo | 4778 | 175 | Tuolumne | 177 | 160 |
| Glenn | 469 | 76 | Mono | 69 | 302 | Santa Barbara | 2065 | 881 | Ventura | 2607 | 237 |
| Humboldt | 801 | 83 | Monterey | 357 | 239 | Santa Clara | 6626 | 664 | Yolo | 769 | 16 |
| Imperial | 1189 | 701 | Napa | 704 | 742 | Santa Cruz | 1638 | 607 | Yuba | 398 | 693 |
| Inyo | 185 | 672 | Nevada | 383 | 94 | Shasta | 800 | 633 | | | |
| Kern | 3756 | 690 | Orange | 7182 | 18 | San Diego | SERIES 5 Book 1964, Page 149774 | | | | | |

shall inure to and bind the parties hereto, with respect to the property above described. Said agreements, terms and provisions contained in said subdivisions A and B, (identical in all counties, and printed on pages 3 and 4 hereof) are by the within reference thereto, incorporated herein and made a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge therefor does not exceed the maximum allowed by law.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him at his address hereinbefore set forth.

**Signature of Trustor**         MARK CRUMPACKER  1/2/06         **Signature of Trustor**

STATE OF CALIFORNIA  }ss
COUNTY OF _Orange_  }

On _1/20/06_ before me, _VietHai Pham, a Notary Public_ .
personally appeared _Mark Crumpacker_
~~personally known to me~~ or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

VIET HOAI PHAM
Commission # 1610319
Notary Public - California
Orange County
My Comm. Expires Oct 1, 2009

(This area for official notarial seal)

06 0200312

Exh. H

Pg. 4

4

DO NOT RECORD

The following is a copy of Subdivisions A and B of the fictitious Deed of Trust recorded in each county in California as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

A.    To protect the security of this Deed of Trust, Trustor agrees:

1) To keep said property in good condition and repair, not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

4) To pay; at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may; make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B.    It is mutually agreed:

1) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

2) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

3) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon, or join in any extension agreement or any agreement subordinating the lien or charge hereof.

4) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto".

5) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

6) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

06  0200312

(CONTINUED ON NEXT PAGE)

1158 (1/94)
Page 3 of 4

**Exh. H**

**Pg. 5**

After deducting all costs, fees and expenses of Trustee and of this Trust, including costs of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

7)  Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties.  Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

8)  That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns.  The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein.  In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

9)  That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law.  Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

**DO NOT RECORD**                                                        REQUEST FOR FULL RECONVEYANCE

TO TICOR TITLE COMPANY, TRUSTEE:

The undersigned is the legal owner and holder of the note or notes, and of all other indebtedness secured by the foregoing Deed of Trust. Said note or notes, together with all other indebtedness secured by said Deed of Trust, have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note or notes above mentioned, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you under the same.

Dated _____

_____

_____

Please mail Deed of Trust,
Note and Reconveyance to    _____

**Do Not lose or destroy this Deed of Trust OR THE NOTE which it secures.  Both must be delivered to the Trustee for cancellation before reconveyance will be made.**

**DEED OF TRUST**
WITH POWER OF SALE

06 0200312

1158 (1/94)
Page 4 of 4

Exh. H

Pg. 6

1/27/06

**GOVERNMENT CODE 27361.1**

I CERTIFY UNDER PENALTY OF PERJURY THAT THE NOTARY SEAL ON
THE DOCUMENT TO WHICH THIS STATEMENT IS ATTACHED READS
FOLLOWS:

NAME OF NOTARY:                     _Viet Hoai Pham_

DATE COMMISSION EXPIRES:            _10/1/09_

COUNTY WHERE BOND IS FILED:         _Orange_

COMMISSION NUMBER:                  _1610318_

MANUFACTURERS/VENDOR NUMBER:        _NNA1_

COUNTY OF PRINCIPAL PLACE OF BUSINESS:  _Orange_

PHONE NO:                           _714-289-7100_

I CERTIFY UNDER PENALTY OF PERJURY THAT THE ILLEGIBLE
PORTION OF THE DOCUMENT TO WHICH THIS STATEMENT IS
ATTACHED READS AS FOLLOWS:
                        _Mark Crampacker_

PLACE OF EXECUTION: TUSTIN, CALIFORNIA

DATED:   _1/26/06_

BY: _____
TICOR TITLE COMPANY OF CALIFORNIA

06 0200312

# Exh. I

**Crumpacker**

**Case 14-cv-08575**

**United States v Mark Crumpacker, et al.**

**Standing Order**

**December 19, 2014**

1

2

3

4

5

6

7

8

9

10

| UNITED STATES DISTRICT COURT |
| CENTRAL DISTRICT OF CALIFORNIA |

11

12

13

14

15

16

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

MARK L. CRUMPACKER, et al.,

       Defendant.

| Case No. CV 14-8575 PA (SSx) |
| STANDING ORDER |

17     **READ THIS ORDER CAREFULLY.  IT CONTROLS THE CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

18

19     This action has been assigned to the calendar of Judge Percy Anderson.  Both the

20 Court and the attorneys bear responsibility for the progress of litigation in the Federal

21 Courts.  To secure the just, speedy, and inexpensive determination of every action, Fed. R.

22 Civ. P. 1, all counsel are ordered to familiarize themselves with the Federal Rules of Civil

23 Procedure and the Local Rules of the Central District of California.

24     IT IS HEREBY ORDERED:

25     1.    **Service of the Complaint:**  The Plaintiff shall promptly serve the Complaint

26 in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule

27 5-3.1.

28     2.    **Presence of Lead Counsel:**  Lead trial counsel shall attend all proceedings

1  before this Court, including all status and settlement conferences.

2      3.    **Discovery:**

3          **(a)**    All discovery matters have been referred to a United States Magistrate

4  Judge, who will hear all discovery disputes. (The Magistrate Judge's initials follow the

5  Judge's initials next to the case number.) All discovery documents must include the words

6  "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to

7  contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing.

8  Please do not deliver courtesy copies of these documents to this Court.

9      The decision of the Magistrate Judge shall be final, subject to modification by the

10  District Court only where it has been shown that the Magistrate Judge's Order is clearly

11  erroneous or contrary to law.  Any party may file and serve a motion for review and

12  reconsideration before this Court.  The moving party must file and serve the motion within

13  ten (10) days of service of a written ruling or within ten (10) days of an oral ruling that the

14  Magistrate Judge states will not be followed by a written ruling.  The motion must specify

15  which portions of the ruling are clearly erroneous or contrary to law and support the

16  contention with points and authorities. Counsel shall deliver a conformed copy of the

17  moving papers and responses to the Magistrate Judge's clerk at the time of filing.

18          **(b)**    Unless there is a likelihood that upon motion by a party the Court

19  would order that any or all discovery is premature, it is advisable for counsel to begin to

20  conduct discovery actively before the Scheduling Conference.  At the very least, the parties

21  shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain and

22  produce most of what would be produced in the early stage of discovery, because at the

23  Scheduling Conference the Court will impose tight deadlines to complete discovery.

24          **(c)**    If expert witnesses are to be called at trial, the parties shall designate

25  experts to be called at trial and provide reports required by Fed. R. Civ. P. 26(a)(2)(B), not

26  later than eight weeks prior to the discovery cutoff date.  Rebuttal expert witnesses shall be

27  designated and reports provided as required by Fed. R. Civ. P. 26(a)(2)(B), not later than

28

revised 9/11/13

1  five weeks prior to the discovery cutoff date. Failure to timely comply with this deadline

2  may result in the expert being excluded at trial as a witness.

3       **4.     Electronic Filing:**

4       As of November 1, 2007 for patent, trademark, and copyright cases, and January 1,

5  2008 for all other cases, the United States District Court for the Central District of California

6  requires electronic filing of documents in all new and pending civil cases. Information about

7  the Court's Electronic Case Filing system ("ECF") is available on the Court's website at

8  www.cacd.uscourts.gov/cmecf.

9       All manually filed documents (those documents excused from the electronic filing

10  requirements by Local Rule 5-4.2) shall be served on the person as otherwise required by the

11  Federal Rules of Civil Procedure or the Local Rules.

12       **5.     Courtesy Copies:**

13       Counsel are ordered to serve courtesy copies of all electronically filed documents,

14  and conformed courtesy copies of all manually filed documents, to the courtesy box next to

15  the entrance to chambers on the Spring Street level of the U.S. Courthouse, 312 North

16  Spring Street, by 12:00 noon of the business day following filing.  Courtesy copies may be

17  delivered to chambers by either personally delivering them to the courtesy box or sending

18  them by guaranteed overnight delivery.  If a courtesy copy is sent to chambers by guaranteed

19  overnight delivery, the sender shall notify the delivery service that the signature of the

20  recipient is not required.

21       **6.     Motions:**

22       (a)     Time for Filing and Hearing Motions:  Motions shall be filed in

23  accordance with Local Rule 7.[1/]  This Court hears motions on **Mondays, commencing at**

24  **1:30 p.m.  No supplemental brief shall be filed without prior leave of Court**.  No motion

25  _____

26  [1/]     Among other things, Local Rule 7-3 requires counsel to engage in a pre-filing
conference "to discuss thoroughly . . . the substance of the contemplated motion and any

27  potential resolution." Counsel should discuss the issues sufficiently so that if a motion is still
necessary, the briefing may be directed to those substantive issues requiring resolution by

28  the Court. Counsel should resolve minor procedural or other nonsubstantive matters during
the conference.

1   shall be noticed for hearing for more than thirty-five (35) days after service of the motion

2   unless otherwise ordered by the Court.

3        Many motions to dismiss or to strike could be avoided if the parties confer in good

4   faith (as they are required to do under L.R. 7-3), especially for perceived defects in a

5   complaint, answer or counterclaim which could be corrected by amendment. See Chang v.

6   Chen, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district

7   court should provide leave to amend unless it is clear that the complaint could not be saved

8   by *any* amendment). Moreover, a party has the right to amend his complaint "once as a

9   matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).

10   A 12(b)(6) motion is not a responsive pleading and therefore plaintiff might have a right to

11   amend. See Nolen v. Fitzharris, 450 F.2d 958, 958-59 (9th Cir. 1971); St. Michael's

12   Convalescent Hospital v. California, 643 F.2d 1369, 1374 (9th Cir. 1981). And even where

13   a party has amended his Complaint once or a responsive pleading has been served, the

14   Federal Rules provide that leave to amend should be "freely given when justice so requires."

15   F.R.Civ.P. 15(a). The Ninth Circuit requires that this policy favoring amendment be applied

16   with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079

17   (9th Cir. 1990). These principles require that counsel for the plaintiff should carefully

18   evaluate the defendant's contentions as to the deficiencies in the complaint and in many

19   instances, the moving party should agree to any amendment that would cure a curable

20   defect.

21        In the unlikely event that motions under Fed. R. Civ. P. 12 challenging pleadings are

22   filed after the Rule 16 Scheduling Conference, the moving party shall attach a copy of the

23   challenged pleading to the Memorandum of Points and Authorities in support of the motion.

24   The foregoing provisions apply as well to motions to dismiss a counterclaim, answer or

25   affirmative defense, which a plaintiff might file.

26        **(b)**    **Length and Format of Motion Papers: Memoranda of Points**

27

28

1   **and Authorities in support of or in opposition to motions shall not exceed 25 pages.**

2   **Replies shall not exceed 12 pages.** Only in rare instances and for good cause shown will the

3   Court grant an application to extend these page limitations.

4   **Typeface shall comply with Local Rule 11-3.1.1. NOTE: If Times Roman font is**

5   **used, the size must be no less than 14; if Courier is used, the size must be no less than**

6   **12.** Footnotes shall be in typeface no more than one size smaller than text size and shall be

7   used sparingly.

8   Filings which do not conform to the Local Rules and this Order will not be

9   considered.

10   **(c)   Citations to Case Law:** Citations to case law **must** identify not only

11   the case being cited, but the specific page being referenced. Certain kinds of authority are

12   considered more useful – or authoritative – than others. If more than one authority is cited

13   in support of a proposition, these supporting authorities are to be listed such that the more

14   authoritative ones appear first.

15   **(d)   Citations to Other Sources:** Counsel are reminded that the basic

16   purpose of a legal citation is to allow the reader to locate a cited source accurately and

17   efficiently. Accordingly, statutory references should identify, with specificity, which

18   sections and subsections are being referenced (e.g., Jurisdiction over this cause of action

19   may appropriately be found in 47 U.S.C. § 33, which grants the district courts jurisdiction

20   over all offenses of the Submarine Cable Act, whether the infraction occurred within the

21   territorial waters of the United States or on board a vessel of the United States outside said

22   waters). Statutory references which do not indicate specifically which section and

23   subsection are being referred to (e.g., Plaintiffs allege conduct in violation of the Federal

24   Electronic Communication Privacy Act, 18 U.S.C. § 2511, et seq.) are to be **avoided**.

25   Citations to treatises, manuals, and other materials should similarly include the volume and

26   the section being referenced.

27   **7.   Proposed Orders:** Each party filing or opposing a motion or seeking the

28   determination of any matter shall serve and lodge a Proposed Order setting forth the relief or

Case 1:16-cv-01053-TSC   Document 1-3   Filed 06/06/16   Page 45 of 127
Case 2:14-cv-08575-PA-SS   Document 13   Filed 12/19/14   Page 6 of 10   Page ID #:132 **Exh. I**

**Pg. 6**

1    action sought and a brief statement of the rationale for the decision with appropriate

2    citations. If the Proposed Order exceeds two pages, the proposing party shall also submit a

3    copy of the Proposed Order to the Court's ECF e-mail address, in WordPerfect format (X6

4    or earlier versions) or Microsoft Word (Word 2010 or earlier versions).

5         **8.**    **Ex Parte Applications:** Counsel are reminded ex parte applications are solely

6    for extraordinary relief. See Mission Power Engineering Co. v. Continental Casualty Co.,

7    883 F. Supp. 488 (C.D. Cal. 1995). Applications which fail to conform with Local Rules 7-

8    19 and 7-19.1, **including a statement of opposing counsel's position,** will not be

9    considered. Any opposition must be filed not later than 24 hours after service. If counsel do

10   not intend to oppose the ex parte application, counsel must inform the court clerk by

11   telephone. The Court considers ex parte applications on the papers and usually does not set

12   these matters for hearing. Counsel shall deliver a courtesy copy of moving, opposition, or

13   notice of non-opposition papers to the courtesy box outside the entrance to chambers on the

14   Spring Street level of the U.S. Courthouse, 312 North Spring Street. The Courtroom Deputy

15   Clerk will notify counsel of the Court's ruling or a hearing date and time, if the Court

16   determines a hearing is necessary.

17        **9.**    **Under Seal Filings:** Judge Anderson is participating in the Central District of

18   California's Pilot Project for the Electronic Submission and Filing of Under Seal

19   Documents.

20        Parties shall make every effort to limit the number and volume of under seal filings.

21   In most circumstances, parties should seek to file under seal only the specific exhibits or

22   documents for which there is a valid basis for filing under seal.

23        When seeking the Court's approval for an under seal filing, the submitting party shall

24   electronically file an Ex Parte Application to Seal and proposed Order through the Court's

25   CM/ECF System pursuant to Local Rule 5-4. The Ex Parte Application and proposed Order

26   shall not contain the information the party seeks to file under seal. The party seeking

27   permission to file under seal shall submit to the Court's generic chambers e-mail address

28   (pa_chambers@cacd.uscourts.gov) PDF versions of the Ex Parte Application, proposed

-6-

Case 1:16-cv-01053-TSC   Document 1-3   Filed 06/06/16   Page 46 of 127
Case 2:14-cv-08575-PA-SS   Document 13   Filed 12/19/14   Page 7 of 10   Page ID #:133 **Exh. I**

**Pg. 7**

1  Order, Declaration in Support of <u>Ex Parte</u> Application stating the reason for the under seal

2  filing, and the document(s) and/or exhibit(s) the party seeks to file under seal. The party

3  shall also submit a WordPerfect format (X6 or earlier versions) or Microsoft Word (Word

4  2010 or earlier versions) version of the proposed Order to the generic chambers e-mail

5  address.

6      Unless otherwise ordered by the Court, the submitting party shall deliver a

7  Mandatory Chambers Copy of the <u>Ex Parte</u> Application, proposed Order, Declaration in

8  Support of <u>Ex Parte</u> Application, and the document(s) and/or exhibit(s) the party seeks to

9  file under seal to the Court's courtesy copy box located outside chambers no later than 12:00

10  p.m. on the following business day.

11      The Pilot Project for the Electronic Submission and filing of Under Seal Documents

12  does not apply to <u>in camera</u> submissions.

13      **10.**    <u>**Applications or Stipulations to Extend the Time to File any Required**</u>

14  <u>**Document or to Continue any Pretrial or Trial Date:**</u>  No stipulations extending

15  scheduling requirements or modifying applicable rules are effective until and unless the

16  Court approves them. Both applications and stipulations must be filed in advance of the date

17  due and set forth:

18      (a)    the existing due date or hearing date as well as the discovery cutoff

19  date, the last date for hearing motions, the pre-trial conference date and the trial date;

20      (b)    specific, concrete reasons supporting good cause for granting the

21  extension. In this regard, a statement that an extension "will promote settlement" is

22  insufficient. The requesting party or parties must indicate the status of ongoing negotiations:

23  (<u>i.e.</u>, have written proposals been exchanged? Is counsel in the process of reviewing a draft

24  settlement agreement? Has a mediator been selected?);

25      (c)    whether there have been prior requests for extensions, and whether

26  these were granted or denied by the Court.

27      **11.**    <u>**TROs and Injunctions**</u>: Parties seeking emergency or provisional relief shall

28  comply with Fed. R. Civ. P. 65 and Local Rule 65. The Court will not rule on any

revised 9/11/13

Case 1:16-cv-01053-TSC   Document 1-3   Filed 06/06/16   Page 47 of 127
Case 2:14-cv-08575-PA-SS   Document 13   Filed 12/19/14   Page 8 of 10   Page ID #:134 **Exh. I**

**Pg. 8**

1  application for such relief for at least 24 hours after the party subject to the requested order

2  has been served; such party may file opposing or responding papers in the interim.  The

3  parties shall lodge a courtesy copy, conformed to reflect that it has been filed, of all papers

4  relating to TROs and injunctions.  The courtesy copy shall be placed in the courtesy box

5  outside the entrance to chambers.  All such papers shall be filed "loose" – *i.e.,* not inside

6  envelopes.

7       **12.**    **Cases Removed From State Court:**  All documents filed in state court,

8  including documents appended to the complaint, answers and motions, must be refiled in

9  this Court as a supplement to the Notice of Removal, if not already included.  See 28 U.S.C.

10  § 1447(a)(b).  If the defendant has not yet responded, the answer or responsive pleading

11  filed in this Court must comply with the Federal Rules of Civil Procedure and the

12  Local Rules of the Central District.  If a motion was pending in state court before the case

13  was removed, it must be re-noticed in accordance with Local Rule 7.

14       **13.**    **ERISA Cases:**  Absent an agreed upon statement of facts, the court will not

15  hear motions for summary judgment, but will hear motions to determine the standard of

16  review and the scope of the administrative record.  See Kearney v. Standard Ins. Co., 175

17  F.3d 1084 (9th Cir. 1999).  There will be a court trial (usually confined to oral argument) on

18  the administrative record.

19       **14.**    **Consent to Magistrate Judge:**  The parties may consent to have a United

20  States Magistrate Judge preside over the entire case, including trial.  The parties are free to

21  select from amongst all the magistrate judges available for this purpose, not just the

22  magistrate judge assigned to this case. (Please consult the court's website for the list of the

23  available magistrate judges.)

24       **15.**    **Status of Fictitiously Named Defendants:**  This Court intends to adhere to

25  the following procedures where a matter is removed to this Court on diversity grounds with

26  fictitiously named defendants referred to in the complaint.  See 28 U.S.C. §§ 1441(a), 1447.

27       (a)    Plaintiff is normally expected to ascertain the identity of and serve

28  any fictitiously named defendants within 120 days of the removal of the action to

revised 9/11/13

1    this Court.

2           (b)    If plaintiff believes (by reason of the necessity for discovery or

3    otherwise) that fictitiously named defendants cannot be fully identified within the 120-day

4    period, an ex parte application requesting permission to extend that period to effectuate

5    service may be filed with this Court. Such application shall state the reasons therefor, and

6    may be granted upon a showing of good cause. The ex parte application shall be served

7    upon all appearing parties, and shall state that appearing parties may comment within seven

8    (7) days of the filing of the ex parte application.

9           (c)    If plaintiff desires to substitute a named defendant for one of the

10   fictitiously named parties, plaintiff first shall seek to obtain consent from counsel for the

11   previously-identified defendants (and counsel for the fictitiously named party, if that party

12   has separate counsel). If consent is withheld or denied, plaintiff may apply ex parte

13   requesting such amendment, with notice to all appearing parties.  Each party shall have

14   seven calendar days to respond.  The ex parte application and any response should comment

15   not only on the substitution of the named party for a fictitiously named defendant, but on the

16   question of whether the matter should thereafter be remanded to the Superior Court if

17   diversity of citizenship is destroyed by the addition of the new substituted party.  See 28

18   U.S.C. § 1447(c)(d).

19        **16.**    **Bankruptcy Appeals:**  Counsel shall comply with the Notice Regarding

20   Appeal from Bankruptcy Court issued at the time the appeal is filed in the District Court.

21   The matter is considered submitted upon the filing of the appellant's reply brief.  No oral

22   argument is held unless otherwise ordered by this Court.

23        **17.**    **Communications with Chambers:**  Counsel shall not attempt to contact the

24   Court or its chambers staff by telephone or by any other ex parte means, although counsel

25   may contact the Courtroom Deputy, at (213) 894-1795, with appropriate inquiries.  To

26   facilitate communication with the Courtroom Deputy, counsel should list their facsimile

27   transmission numbers along with their telephone numbers on all papers.

28

revised 9/11/13

1      **18.**   **Notice of this Order:** Counsel for plaintiff shall immediately serve this Order

2   on all parties, including any new parties to the action.  If this case came to the Court by

3   noticed removal, defendant shall serve this Order on all other parties.

4      IT IS SO ORDERED.

5   Dated: December 19, 2014

6

7                                   Percy Anderson

                        UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exh. J

**Crumpacker**

**Case 14-cv-08575**

**United States v Mark Crumpacker, et al.**

**Self-Representation Order**

**December 19, 2014**

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11   UNITED STATES OF AMERICA,

12          Plaintiff,

13          v.

14   MARK L. CRUMPACKER, et al.,

        Defendants.

15

Case No. CV 14-8575 PA (SSx)

SELF-REPRESENTATION ORDER

16
17
18
19
20
21
22
23
24
25
26
27
28

One or more of the parties to this action has elected to appear pro se.  Persons appearing before this Court are not required to retain the services of a lawyer or obtain the advice of counsel.  Individual litigants may represent themselves pro se, but corporations and associations must be represented by counsel.  See Church of the New Testament v. United States, 783 F.2d 771, 773 (9th Cir. 1986) (unincorporated associations); In re Highley, 459 F.2d 554, 555 (9th Cir. 1972) (corporations).  In addition, non-attorney litigants may not represent other individual litigants or trusts for which they serve as trustee. See Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) (minor children); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697-98 (9th Cir. 1987) (trust); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1996) (other litigants).  A partner may not represent his or her own interest in a partnership pro se, and a sole shareholder may not

1   represent a corporation.  See In re Am. West Airlines, 40 F.3d 1058, 1059 (9th Cir. 1994)

2   (per curiam) (partner); United States v. High Country Broad. Co., Inc., 3 F.3d 1244, 1245

3   (9th Cir. 1993) (per curiam) (shareholder).

4       Proceeding pro se is not without its pitfalls, and this Court wishes to make those

5   pitfalls known at the outset of this proceeding:

6   - Generally speaking, non-attorney litigants are less likely to be victorious than

7     those assisted by counsel.

8   - The opposing party may have a lawyer, and that lawyer will show you no

9     mercy.  That lawyer's duty is to achieve victory for his or her client.  He or she

10    will take every step legally permissible to that end.

11  - The Court is a neutral adjudicator of the law. The role of the judge is to

12    resolve disputes arising between the parties in accordance with the law. As

13    such, the judge cannot assist you, cannot answer your legal questions, and

14    cannot take sides in the dispute. Nor can any members of the judge's staff.

15  - You will be proceeding alone in a complex area where experience and

16    professional training are greatly desired.

17      Simply put, when you elect to proceed pro se, you are on your own and become

18  personally responsible for litigating your action in accordance with the rules.  Practice in the

19  federal courts is governed by the Federal Rules of Civil Procedure.  You **must** become

20  familiar with these rules.  You will be held to the same standards as a lawyer as far as

21  complying with court procedures and the rules and regulations of the court system.

22      As litigating an action in federal court often requires a great deal of time, preparation,

23  knowledge, and skill, this Court highly recommends against proceeding without the

24  assistance of counsel.  Some attorneys will represent clients on a contingency fee basis,

25  whereby the fees associated with representation are subtracted from a judgment in favor of

26  the client.[1/]  However, should you wish to continue without counsel – fully understanding

27  _____

28  [1/]    The Los Angeles County Bar Association Lawyer Referral and Information Services
    may be able to refer you to a lawyer who may or may not be willing to take your case on a

-2-

1   the risks – you are hereby ordered to carefully review the remainder of this Order, as it

2   contains instructions for proceeding in this Court which **must** be followed.

3       This Order, while not comprehensive – and not a substitute for fully familiarizing

4   yourself with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local

5   Rules of Practice for the United States District Court for the Central District of California,

6   the orders of this Court, including the Court's Standing Order, Scheduling Order, and Civil

7   Trial Order, as well as federal and state case law applicable to this action – is intended to

8   bring certain aspects of law and motion practice to your attention at an early stage in the

9   litigation to remedy problems commonly associated with pro se pleadings.[2/]

10       **Communications with Chambers:**  Pursuant to Local Rule 83-2.11, parties **shall**

11   **refrain** from writing letters to the judge, making telephone calls to chambers, or otherwise

12   communicating with a judge unless opposing counsel is present.  You may contact the

13   Courtroom Deputy, at (213) 894-1795, with appropriate inquiries.  The Courtroom Deputy is

14   **not** an attorney, and will not provide you with any legal advice.  The Courtroom Deputy

15   cannot waive any of the requirements of this, or any other, Order.  Should you wish to bring

16   any matter to the attention of the Court, you **must** do so in writing, and file it and serve it on

17   the opposing party.

18       **Jurisdiction:**  The Federal Rules of Civil Procedure require that a pleading that states

19   a claim for relief must contain "a short and plain statement of the grounds for the court's

20   jurisdiction . . . ."  Fed. R. Civ. P. 8(a)(1).  This District's Local Rules further provide that

21   _____

22   contingency basis.  The lawyer referral service may be reached at (213) 243-1525.
    Additionally, the *Pro Se Clinic* at the United States Courthouse is now open.  It is

23   located at 312 North Spring Street, Room 525, Fifth Floor, Los Angeles, California 90012.
Hours of operation are Mondays, Wednesdays, and Fridays from 10:00 a.m. to 4:00 p.m.

24   The *Clinic* is staffed by a lawyer and offers on-site information and guidance to individuals
who are representing themselves in civil actions in the United States District Court.  The

25   *Clinic* can be reached at 213-385-2977, Ext. 270.  Additional information can be found at

26   www.cacd.uscourts.gov/ProSe.

27   [2/]   *This Court's orders and the Local Rules of Practice for the United States District
Court for the Central District of California are available on the district court's website:*

28   www.cacd.uscourts.gov

1  "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly

2  stated in . . . any document invoking this Court's jurisdiction." Local Rule 8-1.  A copy of

3  Fed. R. Civ. P. 8 is attached.

4        **This is extremely important.**  Unlike state courts, federal courts are not courts of

5  general jurisdiction, and can only preside over matters authorized by the Constitution and

6  Congress.  <u>Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534, 541, 106 S. Ct. 1326,

7  1331, 89 L. Ed. 2d 501 (1986).  In other words, the party filing the action must **prove** to the

8  Court that jurisdiction over the action exists **before** the Court can reach the merits of the

9  complaint.  <u>See</u> <u>Smith v. McCullough</u>, 270 U.S. 456, 459, 46 S. Ct. 338, 339, 70 L. Ed. 682

10  (1926) (A "plaintiff, suing in federal court, must show in his pleading, affirmatively and

11  distinctly, the existence of whatever is essential to federal jurisdiction . . . .").

12        Federal jurisdiction may be alleged either pursuant to 28 U.S.C. section 1331 for

13  actions "arising under the Constitution, laws, or treaties of the United States," otherwise

14  known as "federal question" jurisdiction, or 28 U.S.C. section 1332 as an action "between

15  citizens of different States," otherwise known as "diversity" jurisdiction.

16        To allege federal question jurisdiction, the complaint should identify which right(s)

17  the plaintiff(s) claim have been violated, and which law, statute, or constitutional

18  amendment provides that right.  <u>See</u> <u>Keniston v. Roberts</u>, 717 F.2d 1295, 1298 (9th Cir.

19  1983).

20        Diversity jurisdiction has **two** requirements.  First, diversity jurisdiction requires

21  complete diversity of citizenship, that is, all plaintiffs must have a different citizenship from

22  all defendants.  <u>See</u> <u>Owen Equipment & Erection Co. v. Kroger</u>, 437 U.S. 365, 373, 98 S.

23  Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978).  Residence and citizenship are distinct concepts,

24  with significantly different jurisdictional ramifications: "[i]n order to be a citizen of a State

25  within the meaning of the diversity statute, a natural person must both be a citizen of the

26  United States <u>and</u> be domiciled within the State."  <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>,

27  490 U.S. 826, 828, 109 S. Ct. 2218, 2221, 104 L. Ed. 2d 893 (1989).  "A person's domicile

28  is her permanent home, where she resides with the intention to remain or to which she

1    intends to return.  A person residing in a given state is not necessarily domiciled there, and

2    thus is not necessarily a citizen of that state." <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853,

3    857 (9th Cir. 2001) (citations omitted).  Corporations are citizens of both their state of

4    incorporation and the state in which they have their principal place of business. 28 U.S.C.

5    § 1332(c)(1); <u>see also</u> <u>New Alaska Dev. Corp. v. Guetschow</u>, 869 F.2d 1298, 1300-01 (9th

6    Cir. 1989).  Unincorporated associations are citizens of the states of each member.  <u>See</u> <u>Fifty</u>

7    <u>Associates v. Prudential Ins. Co. of Am.</u>, 446 F.2d 1187, 1190 (9th Cir. 1970).  Second,

8    when jurisdiction is based on diversity of citizenship, district courts do not have original

9    jurisdiction unless a party alleges an amount in controversy exceeding $75,000.  28 U.S.C.

10   § 1332(a).

11          Finally, you should understand that it is **insufficient** for a party to merely claim that

12   jurisdiction exists.  Sufficient **facts** must be alleged to allow the Court to assess whether it

13   has jurisdiction over the action.

14          **Service:**  Service is the formal delivery of a legal pleading.  The Federal Rules of

15   Civil Procedure have different requirements for service to be effective depending on the type

16   of entity to be served:  service on an individual within the United States is governed by

17   Fed. R. Civ. P. 4(e), corporations and associations must be served in conformity with Rule

18   4(h), the United States and it agencies must be served pursuant to Fed. R. Civ. P. 4(i), and

19   state and local governmental units require service under Fed. R. Civ. P. 4(j).

20          Time limits for service of the complaint are set forth in Fed. R. Civ. P. 4(m).  It is

21   important to promptly and  properly serve the opposing party, especially with the summons

22   and complaint when initiating an action, because **failure to serve within the time limits**

23   **specified by the Federal Rules <u>may result in the dismissal</u> of your action for lack of**

24   **prosecution.**  You **<u>must</u>** always inform the Court whenever you serve a filing on an

25   opposing party; this is done by filing a proof of service.  <u>See</u> Fed. R. Civ. P. 4(l).

26          **Discovery:**  Discovery is the mechanism by which the parties to an action collect

27   evidence relating to the case from one another.  Certain information is expected to be

28   provided to the other side without a request.  <u>See</u> Fed. R. Civ. P. 26(a).  If the other side

1   seeks to obtain discovery from you, you must cooperate and provide the information sought

2   "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."

3   Fed. R. Civ. P. 26(b)(1). The principal forms of discovery envisioned by the Federal Rules

4   are the production and inspection of documents, requests for admissions, depositions and

5   interrogatories. Discovery disputes are resolved by, and should be brought to the attention

6   of, the magistrate judge assigned to the action. Discovery should begin early in the litigation

7   and may commence prior to the Scheduling Conference.

8        **Motions:** Motions are requests to this Court to make a specified ruling or order. The

9   opposing party may file a motion to dismiss your action, pursuant to Fed. R. Civ. P. 12, or a

10   motion for summary judgment pursuant to Fed. R. Civ. P. 56. If the opposing party files and

11   serves a motion on you, you **must** oppose it if you disagree with the requested relief.

12   **Failure to oppose an otherwise properly supported motion may result in the Court**

13   **granting that motion.** See Local Rule 7-12. **Depending on the motion, this may result**

14   **in the dismissal of your case.**

15        To oppose a motion, you **must** present the Court with a statement explaining the

16   basis of your opposition and the legal authority supporting your contentions. You **must** also

17   file any evidence upon which you intend to base your opposition to a motion for summary

18   judgment. Pursuant to Local Rule 7-9, your opposition is due **not later** than twenty-one

19   (21) days before the date designated for the hearing of the motion. If you need additional

20   time to oppose the motion, you **must** file and serve an ex parte application requesting an

21   extension of time **prior** to the date on which your opposition is due, and must demonstrate

22   that the additional time you seek is warranted and that the requested extension is not a crisis

23   of your creation, thus precluding you from seeking ex parte relief. See Mission Power

24   Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

25        **Motion to Dismiss:** A Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state

26   a claim tests the legal sufficiency of the claims asserted in the complaint. A dismissal under

27   Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory" or

28   "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v.

1   <u>Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).  For a complaint to survive a

2   motion to dismiss, it must contain "only enough facts to state a claim to relief that is

3   plausible on its face."   <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955,

4   1974, 167 L. Ed. 2d 929 (2007)  When evaluating a Rule 12(b)(6) motion, the Court must

5   accept all material allegations in the complaint as true and construe them in the light most

6   favorable to the non-moving party.  <u>See</u> <u>Barron v. Reich</u>, 13 F.3d 1370, 1374 (9th Cir.

7   1994).  However, the Court is not bound to assume the truth of legal conclusions merely

8   because they are stated in the form of factual allegations.  <u>See</u> <u>Western Mining Council v.</u>

9   <u>Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).  Dismissal is proper if a complaint is vague,

10  conclusory, and fails to set forth any material facts in support of the allegations.  <u>See</u> <u>North</u>

11  <u>Star Int'l v. Arizona Corp. Comm'n</u>, 720 F.2d 578, 583 (9th Cir. 1983).  A copy of Fed. R.

12  Civ. P. 12 is attached.

13  **Motion for Summary Judgment:**  Summary judgment may be granted when there

14  are no material facts in dispute between the parties, making a trial unnecessary.  To resist

15  summary judgment under Fed. R. Civ. P. 56, you **must** submit affidavits or other

16  documentary evidence, such as depositions and answers to interrogatories, which set forth

17  specific facts showing there is a genuine issue for trial.  <u>Klingele v. Eikenberry</u>, 849 F.2d

18  409, 411-12 (9th Cir. 1988).  Failure to do so may result in the entry of summary judgment

19  against you.  You should also note that Rule 56(e) requires that affidavits or declarations

20  shall be made on personal knowledge, set forth facts that are admissible as evidence, and

21  show affirmatively that the affiant is competent to testify to the matters stated therein.  A

22  copy of Fed. R. Civ. P. 56 is attached.  **Should you fail to contradict the moving party**

23  **with counter-affidavits, declarations or other evidence, the moving party's evidence**

24  **may be taken as the truth, and final judgment may be entered against you without a**

25  **trial, thus ending your case.**  <u>Rand v. Rowland</u>, 154 F.3d 952, 960-61 (9th Cir. 1998).

26  To effectively address a summary judgment motion, you should be aware of, and

27  familiar with, the following United States Supreme Court cases on summary judgment:

28  <u>Celotex v. Catrett</u>, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); <u>Anderson v.</u>

1 | Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); Matsushita

2 | Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538

3 | (1986).

4 |       IT IS SO ORDERED.

5

6

7 | DATED: December 19, 2014

8 |                                          _____
                                           Percy Anderson
9 |                                          UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case 1:16-cv-01053-TSC   Document 1-3   Filed 06/06/16   Page 59 of 127
Case 2:14-cv-08575-PA-SS   Document 14   Filed 12/19/14   Page 9 of 15   Page ID #:145   **Exh. J**

**Pg. 9**

### Rule 8.  General Rules of Pleading

(a)   Claim for Relief. A pleading that states a claim for relief must contain:

   (1)   a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

   (2)   a short and plain statement of the claim showing that the pleader is entitled to relief; and

   (3)   a demand for the relief sought, which may include relief in the alternative or different types of relief.

(b) Defenses; Admissions and Denials.

   (1)   In General. In responding to a pleading, a party must:

      (A)   state in short and plain terms its defenses to each claim asserted against it; and

      (B)   admit or deny the allegations asserted against it by an opposing party.

   (2)   Denials--Responding to the Substance. A denial must fairly respond to the substance of the allegation.

   (3)   General and Specific Denials. A party that intends in good faith to deny all the allegations of a pleading--including the jurisdictional grounds--may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

   (4)   Denying Part of an Allegation. A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

   (5)   Lacking Knowledge or Information. A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

   (6)   Effect of Failing to Deny. An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

(c) Affirmative Defenses.

   (1)   In General. In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including:

      • accord and satisfaction;
      • arbitration and award;
      • assumption of risk;
      • contributory negligence;
      • discharge in bankruptcy;
      • duress;
      • estoppel;
      • failure of consideration;
      • fraud;
      • illegality;
      • injury by fellow servant;
      • laches;

Case 1:16-cv-01053-TSC   Document 1-3   Filed 06/06/16   Page 60 of 127
Case 2:14-cv-08575-PA-SS   Document 14   Filed 12/19/14   Page 10 of 15   Page ID #:146 **Exh. J**

**Pg. 10**

- license;
- payment;
- release;
- res judicata;
- statute of frauds;
- statute of limitations; and
- waiver.

(2)    Mistaken Designation. If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so.

(d)    Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.

(1)    In General. Each allegation must be simple, concise, and direct. No technical form is required.

(2)    Alternative Statements of a Claim or Defense. A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

(3)    Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

(e)    Construing Pleadings. Pleadings must be construed so as to do justice.

**Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waving Defenses; Pretrial Hearing**

(a)   Time to Serve a Responsive Pleading.

   (1)   In General. Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

      (A)   A defendant must serve an answer:

         (i)   within 21 days after being served with the summons and complaint; or

         (ii)   if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

      (B)   A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.

      (C)   A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time.

   (2)   United States and Its Agencies, Officers, or Employees Sued in an Official Capacity. The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.

   (3)   United States Officers or Employees Sued in an Individual Capacity. A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.

   (4)   Effect of a Motion. Unless the court sets a different time, serving a motion under this rule alters these periods as follows:

      (A)   if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or

      (B)   if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

(b)   How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

   (1)   lack of subject-matter jurisdiction;

   (2)   lack of personal jurisdiction;

   (3)   improper venue;

   (4)   insufficient process;

   (5)   insufficient service of process;

   (6)   failure to state a claim upon which relief can be granted; and

   (7)   failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

(c)    Motion for Judgment on the Pleadings. After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings.

(d)    Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

(e)    Motion for a More Definite Statement. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

(f)    Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
(1)    on its own; or
(2)    on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

(g)    Joining Motions.
(1)    Right to Join. A motion under this rule may be joined with any other motion allowed by this rule.
(2)    Limitation on Further Motions. Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

(h)    Waiving and Preserving Certain Defenses.
(1)    When Some Are Waived. A party waives any defense listed in Rule 12(b)(2)-(5) by:
(A)    omitting it from a motion in the circumstances described in Rule 12(g)(2); or
(B)    failing to either:
(i)    make it by motion under this rule; or
(ii)    include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

(2) When to Raise Others. Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:

 (A) in any pleading allowed or ordered under Rule 7(a);

 (B) by a motion under Rule 12(c); or

 (C) at trial.

(3) Lack of Subject-Matter Jurisdiction. If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

(i) Hearing Before Trial. If a party so moves, any defense listed in Rule 12(b)(1)-(7)--whether made in a pleading or by motion--and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

Case 1:16-cv-01053-TSC   Document 1-3   Filed 06/06/16   Page 64 of 127
Case 2:14-cv-08575-PA-SS   Document 14   Filed 12/19/14   Page 14 of 15   Page ID #:150   **Exh. J**

**Pg. 14**

## Rule 56. Summary Judgment

(a)   By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The motion may be filed at any time after:

(b)   By a Defending Party. A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.

(c)   Time for a Motion, Response, and Reply; Proceedings.
    (1)   These times apply unless a different time is set by local rule or the court orders otherwise:
        (A)   a party may move for summary judgment at any time until 30 days after the close of all discovery;
        (B)   a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and
        (C)   the movant may file a reply within 14 days after the response is served.
    (2)   The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

(d)   Case Not Fully Adjudicated on the Motion.
    (1)   Establishing Facts. If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts--including items of damages or other relief--are not genuinely at issue. The facts so specified must be treated as established in the action.
    (2)   Establishing Liability. An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages.

(e)   Affidavits; Further Testimony.
    (1)   In General. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
    (2)   Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

(f)    When Affidavits Are Unavailable. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    (1)    deny the motion;

    (2)    order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

    (3)    issue any other just order.

(g)    Affidavit Submitted in Bad Faith. If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt.

# Exh. K

**Crumpacker**

**Case 14-cv-08575**

**United States v Mark Crumpacker, et al.**

**Scheduling Order**

**December 19, 2014**

Case 1:16-cv-01053-TSC   Document 1-3   Filed 06/06/16   Page 67 of 127
Case 2:14-cv-08575-PA-SS   Document 15   Filed 12/19/14   Page 1 of 6   Page ID #:152   **Exh. K**

Pg. 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

     Plaintiff,

     v.

MARK L. CRUMPACKER, et al.,

     Defendant.

Case No. CV 14-8575 PA (SSx)

SCHEDULING MEETING OF COUNSEL
[FRCP 16, 26(f)]

SCHEDULING CONFERENCE
set for February 2, 2015, at 10:30 a.m.

[FRCP 26(f)]

     This action has been assigned to the calendar of United States District Judge Percy Anderson. The responsibility for the progress of litigation in the federal courts falls not only upon the attorneys in the action, but upon the court as well.

     In order "to secure the just, speedy, and inexpensive determination of every action," (Fed. R. Civ. P. 1), all counsel are hereby ordered to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

     Counsel please note the changes made to former Local Rule 6, now superseded, by Fed. R. Civ. P. 16 and 26(f), effective December 1, 2000. A Scheduling Conference is set

. . . .

. . . .

Case 1:16-cv-01053-TSC   Document 1-3   Filed 06/06/16   Page 68 of 127
Case 2:14-cv-08575-PA-SS   Document 15   Filed 12/19/14   Page 2 of 6   Page ID #:153   **Exh. K**

**Pg. 2**

1   for the date and time set forth in the caption.[1/]   Counsel shall meet at least twenty-one (21)

2   days in advance of the Scheduling Conference to prepare a jointly signed report for the court

3   to be submitted no less than fourteen (14) days before the Scheduling Conference.   The

4   report is to contain the items set forth below.   Pursuant to Fed. R. Civ. P. 16(c), the parties

5   shall be represented by counsel with authority to enter into stipulations regarding all matters

6   pertaining to conduct of the case.

7          The joint report to be submitted shall contain the items listed in Fed. R. Civ. P. 26(f),

8   the parties' recommendations and agreements, if any, about the final scheduling order as

9   listed in Fed. R. Civ. P. 16(b)(1) through (6), and those items listed in Fed. R. Civ. P. 16(c)

10   which counsel believe will be useful to discuss at the Scheduling Conference.   Items which

11   must be listed are the following:

12          (1)   a listing and proposed schedule of written
                  discovery, depositions, and a proposed discovery
13                cut-off date;

14          (2)   a listing and proposed schedule of law and motion
                  matters, and a proposed dispositive motion cut-off
15                date;

16          (3)   a statement of what efforts have been made to
                  settle or resolve the case to date and what
17                settlement procedure is recommended pursuant to
                  Local Rule 16-14.4 (specifically excluding any
18                statement of the terms discussed);

19          (4)   an estimated length of trial and a proposed date
                  for the Final Pretrial Conference and for Trial;
20
            (5)   a discussion of other parties likely to be added;
21
            (6)   whether trial will be by jury or to the court;
22

23

————————————————

24   [1/]      Unless there is a likelihood that upon motion by a party the Court would order that

25   any or all discovery is premature, it is advisable for counsel to begin to conduct discovery
     actively before the Scheduling Conference required by Fed. R. Civ. P. 16(b).  At the very

26   least, the parties shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and
     thereby obtain and produce most of what would be produced in the early stage of discovery,

27   because at the Scheduling Conference the Court will impose tight deadlines to complete

28   discovery.

Case 1:16-cv-01053-TSC   Document 1-3   Filed 06/06/16   Page 69 of 127
Case 2:14-cv-08575-PA-SS   Document 15   Filed 12/19/14   Page 3 of 6   Page ID #:154   **Exh. K**

Pg. 3

1        (7)   any other issues affecting the status or management of the case; and

2

3        (8)   proposals regarding severance, bifurcation or other ordering of proof.

4    In addition, the Scheduling Conference Report shall contain the following:

5        (1)   a short synopsis of the principal issues in the case;

6        (2)   a statement of whether pleadings are likely to be amended;

7

8        (3)   a statement as to issues which any party believes may be determined by motion.

9    At the Scheduling Conference, the court will set a date for discovery cut-off[2/], a final

10 date by which dispositive motions must be set for hearing, a Final Pretrial Conference date,

11 and a trial date. The parties should also be aware that pursuant to Fed. R. Civ. P. 26(f), no

12 later than fourteen (14) days after the Scheduling Conference, the parties must submit an

13 agreed discovery plan to the court for approval; this subject will be discussed at the

14 Scheduling Conference. The parties should recommend to the court whether or not the

15 requirement of a discovery plan should be waived.

16    A continuance of the Scheduling Conference will be granted only for good cause.

17 (Counsel are informed that continuance of the Scheduling Conference causes commensurate

18 delay in the trial date.) **The failure to submit a joint report in advance of the Scheduling**

19 **Conference or the failure to attend the Scheduling Conference may result in the**

20 **dismissal of the action, striking the answer and entering a default, and/or the**

21 **imposition of sanctions.**

22

23

24 [2/]   This is not the date by which discovery requests must be served; but the date by which all discovery is to be completed. Any motion challenging the adequacy of discovery

25 responses must be filed timely, served and calendared sufficiently in advance of the discovery cutoff date to permit the responses to be obtained before that date, if the motion is

26 granted. The Court requires compliance with Local Rule 37-1 and 37-2 in the preparation and filing of discovery motions. Except in the case of an extreme emergency which was not

27 created by the lawyer bringing the motion, discovery motions may not be heard on an ex

28 parte basis.

-3-

Case 1:16-cv-01053-TSC   Document 1-3   Filed 06/06/16   Page 70 of 127
Case 2:14-cv-08575-PA-SS   Document 15   Filed 12/19/14   Page 4 of 6   Page ID #:155   **Exh. K**

Pg. 4

1    A settlement procedure appropriate to the particular case will be used in every civil

2  action pursuant to Local Rule 16-15.1.  In the Scheduling Conference Report, counsel are to

3  recommend a specific settlement procedure provided for in Local Rule 16-15 which will be

4  utilized in this case.  This Court participates in the Court-Directed ADR Program.  See

5  General Order 11-10.  Accordingly, except in extraordinary circumstances, the Court will

6  not refer the parties to the Magistrate Judge assigned to this action to conduct the settlement

7  conference.  As a result, in most instances, the available alternatives for consideration are:

8            ADR Procedure No. 2:

9                    The parties shall appear before a neutral selected
                    from the Court's Mediation Panel (Local Rule 16-
10                   15.4(2); or

11

12           ADR Procedure No. 3:

13                   The parties shall participate in a private dispute
                    resolution proceeding (Local Rule 16-15.4(3).

14  The Court does not utilize ADR Procedure No. 1 (Local Rule 16-15.4(1), but the parties are

15  free to seek the Court's approval to engage in an alternative settlement mechanism not listed

16  in Local Rule 16-15.4.

17    The report to the Court as to the above items should be preceded by a thorough and

18  frank discussion among the attorneys for the parties.  A Joint Scheduling Report which does

19  not comply with FRCP 16, 26(f) and this Order may cause continuance of the Scheduling

20  Conference and possible award of sanctions under FRCP 16(f) against the party or parties

21  responsible.

22    Motions shall be filed in accordance with Local Rule 7.  This Court hears motions on

23  **Mondays, commencing at 1:30 p.m.  No supplemental brief shall be filed without prior**

24  **leave of Court.**  No motion shall be noticed for hearing for more than thirty-five (35) days

25  after service of the motion unless otherwise ordered by the Court.  All law and motion

26  matters, except for motions in limine, must be set for hearing (not filing) by the motion

27

28

1 cutoff date).  Adherence to the timing requirements is mandatory for chambers' preparation

2 of motion matters.

3       Counsel should take note of the changes to the Local Rules affecting motion practice

4 in the Central District. Among other things, Local Rule 7-3 requires counsel to engage in a

5 pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion

6 and any potential resolution." Counsel should discuss the issues sufficiently that if a motion

7 is still necessary, the briefing may be directed to those substantive issues requiring

8 resolution by the Court.  Counsel should resolve minor procedural or other nonsubstantive

9 matters during the conference.

10       **Memoranda of Points and Authorities in support of or in opposition to motions**

11 **shall not exceed 25 pages.  Replies shall not exceed 12 pages.** Only in rare instances and

12 for good cause shown will the Court grant an application to extend these page limitations.

13 **Typeface shall comply with Local Rule 11-3.1.1. NOTE: If Times Roman font is used,**

14 **the size must be no less than 14; if Courier is used, the size must be no less than 12.**

15 Footnotes shall be in typeface no more than one size smaller than text size and shall be used

16 sparingly.  Filings which do not conform to the Local Rules and this Order will not be

17 considered.

18       Counsel are ordered to serve courtesy copies of all electronically filed documents,

19 and conformed courtesy copies of all manually filed documents, to the courtesy box next to

20 the entrance to chambers on the Spring Street level of the U.S. Courthouse, 312 North

21 Spring Street, by 12:00 noon of the business day following filing.  Courtesy copies may be

22 delivered to chambers by either personally delivering them to the courtesy box or sending

23 them by guaranteed overnight delivery.  If a courtesy copy is sent to chambers by guaranteed

24 overnight delivery, the sender shall notify the delivery service that the signature of the

25 recipient is not required.

26       Each party filing or opposing a motion or seeking the determination of any matter

27 shall file a Proposed Order setting forth the relief or action sought and a brief statement of

28

Case 1:16-cv-01053-TSC   Document 1-3   Filed 06/06/16   Page 72 of 127
Case 2:14-cv-08575-PA-SS   Document 15   Filed 12/19/14   Page 6 of 6   Page ID #:157   **Exh. K**

Pg. 6

1    the rationale for the decision with appropriate citations.  The proposing party shall also

2    submit a copy of the Proposed Order to the Court's ECF e-mail address, in WordPerfect

3    format (X6 or earlier versions) or Microsoft Word (Word 2010 or earlier versions).

4         Counsel are reminded ex parte applications are solely for extraordinary relief.  See

5    Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488 (C.D. Cal.

6    1995).

7         Counsel for plaintiff shall immediately serve this Order on all parties, including any

8    new parties to the action.

9         IT IS SO ORDERED.

10   Date: December 19, 2014

11

12

13                                                    Percy Anderson
                                             UNITED STATES DISTRICT JUDGE

14

15   Revised: 1/28/2014

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exh. L

**Crumpacker**

**Case 14-cv-08575**

**United States v Mark Crumpacker, et al.**

**State of California**

**Franchise Tax Board (FTB)**

**Answer to Complaint**

**January 5, 2015**

1  KAMALA D. HARRIS
   Attorney General of California
2  DIANE S. SHAW
   Supervising Deputy Attorney General
3  MATTHEW C. HEYN
   Deputy Attorney General
4  State Bar No. 227474
    300 South Spring Street, Suite 1702
5   Los Angeles, CA 90013
    Telephone: (213) 897-2444
6   Fax: (213) 897-5775
    E-mail: Matthew.Heyn@doj.ca.gov
7  *Attorneys for Defendant State of California*
   *Franchise Tax Board*

Governmental party
exempt from Local Rule
7.1-1.

8

9         **IN THE UNITED STATES DISTRICT COURT**

10       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11              **WESTERN DIVISION**

12

13  UNITED STATES OF AMERICA,          CV 14-8575 PA

14            Plaintiff,              **ANSWER TO COMPLAINT TO**
                                      **REDUCE FEDERAL TAX**
15         v.                         **ASSESSMENTS TO JUDGMENT**
                                      **AND FORECLOSE FEDERAL**
16                                    **TAX LIENS ON REAL PROPERTY**
    MARK L. CRUMPACKER, VOICE OF
17  TRUTH & LIGHT SOCIETY, LOS
    ANGELES COUNTY CHILD
18  SUPPORT SERVICES
    DEPARTMENT, and STATE OF
19  CALIFORNIA FRANCHISE TAX
    BOARD,
20
            Defendants.
21

22      Defendant State of California Franchise Tax Board (the "**FTB**"), in response

23  to the *Complaint to Reduce Federal Tax Assessments to Judgment and Foreclose*

24  *Federal Tax Liens on Real Property* [Doc. 1] (the "**Complaint**"), answers as

25  follows:

26              **JURISDICTION AND VENUE**

27     1.    The FTB admits the allegations in paragraph 1 of the Complaint.

28

1       2.   In response to paragraph 2 of the Complaint, the FTB admits that this

2   action is commenced under 26 U.S.C. § 7401 and that, pursuant to 26 U.S.C.

3   § 7403, the U.S. Attorney General, at the request of the Secretary of the Treasury or

4   his delegate, may direct this civil action to be filed.

5       3.   The FTB admits the allegations in paragraph 3 of the Complaint.

6       4.   In response to paragraph 4 of the Complaint, the FTB admits that this

7   Court is an appropriate venue for this action pursuant to 26 U.S.C. § 1391.

8                     **STATUTE OF LIMITATIONS**

9       5.   The FTB admits the allegations in paragraph 5 of the Complaint.

10       6.   The FTB admits the allegation in paragraph 6 of the Complaint.

11       7.   The FTB is without sufficient knowledge or information to form a belief

12   as to the truth of the allegations contained in paragraph 7 of the Complaint and, on

13   that basis, denies them.

14       8.   The FTB is without sufficient knowledge or information to form a belief

15   as to the truth of the allegations in paragraph 8 of the Complaint and, on that basis,

16   denies them.

17                     **THE SUBJECT PROPERTY**

18       9.   The FTB admits that the United States seeks to foreclose its tax liens on

19   the real property legally described as:

20          Lot 40 of Tract 26801, as per map recorded in Book 774, pages 48-50
inclusive of Maps, in the office of the County Recorder of Los

21          Angeles County.

22   (the "**Subject Property**").

23                         **THE PARTIES**

24       10.   In response to paragraph 10 of the Complaint, the FTB admits that Mark

25   Crumpacker is appropriately a party to this action because, among other things, he

26   is the individual against whom the United States seeks to reduce to judgment

27   federal income tax assessments.

28       11.   The FTB admits the allegations in paragraph 11 of the Complaint.

1    12.   The FTB admits the allegations in paragraph 12 of the Complaint.

2    13.   The FTB is without sufficient knowledge or information to form a belief

3    as to the truth of the allegations in paragraph 13 of the Complaint and, on that basis,

4    denies them.

5    14.   In response to paragraph 14 of the Complaint, the FTB admits that (i) it is

6    properly a party to this action; (ii) it has liens in the Subject Property arising from

7    outstanding state income taxes assessed against Mark Crumpacker; (iii) it filed

8    Notices of State Tax Liens which are recorded, among other places, the official

9    records of the County Recorder of Los Angeles County; and (iv) Exhibits 4 and 5 to

10   the Complaint are true and correct copies of Notices of State Tax Liens recorded on

11   May 17, 2006 and April 25, 2008 in the official records of the County Recorder of

12   Los Angeles County.

13                          **CAUSES OF ACTION**

14   **COUNT I – Reduce Federal Tax Assessments to Judgment against Mark**

15                          **Crumpacker**

16   15.   Paragraph 15 of the Complaint does not allege new facts.  In response to

17   the paragraphs referenced in paragraph 15 of the Complaint, the FTB incorporates

18   its responses above.

19   16.   The FTB is without sufficient knowledge or information to form a belief

20   as to the truth of the allegations in paragraph 16 of the Complaint and, on that basis,

21   denies them.

22   17.   The FTB is without sufficient knowledge or information to form a belief

23   as to the truth of the allegations in paragraph 17 of the Complaint and, on that basis,

24   denies them.

25   18.   The FTB is without sufficient knowledge or information to form a belief

26   as to the truth of the allegations in paragraph 18 of the Complaint and, on that basis,

27   denies them.

28

Case 1:16-cv-01053-TSC  Document 1-3  Filed 06/06/16  Page 77 of 127
Case 2:14-cv-08575-PA-SS  Document 17  Filed 01/05/15  Page 4 of 6  Page ID #:164  **Exh. L**

**Pg. 4**

1    19.   The FTB is without sufficient knowledge or information to form a belief

2    as to the truth of the allegations in paragraph 19 of the Complaint and, on that basis,

3    denies them.

4    **COUNT II – Reduce Federal Tax Assessments to Judgment against Mark**

5              **Crumpacker**

6    20.   Paragraph 20 of the Complaint does not allege new facts.  In response to

7    the paragraphs referenced in paragraph 20 of the Complaint, the FTB incorporates

8    its responses above.

9    21.   The FTB is without sufficient knowledge or information to form a belief

10   as to the truth of the allegations in paragraph 21 of the Complaint and, on that basis,

11   denies them.

12   22.   In response to paragraph 22 of the Complaint, the FTB admits that the

13   IRS recorded Notices of Federal Tax Liens in the official records of the County

14   Recorder of Los Angeles County on December 23, 2004, July 25, 2006, and March

15   24, 2009 and that, attached to the Complaint as Exhibits 16, 17 and 18, are true and

16   correct copies of the Notices of Federal Tax Liens it filed.

17   23.   The FTB admits the allegations in paragraph 23 of the Complaint.

18   24.   The FTB admits the allegations in paragraph 23 of the Complaint.

19   25.   The FTB is without sufficient knowledge or information to form a belief

20   as to the truth of the allegation contained in paragraph 25 of the Complaint and, on

21   that basis, denies it.

22                                    * * *

23   **AFFIRMATIVE DEFENSE AND STATEMENT OF CLAIM**

24   In further response to the Complaint, the FTB avers as follows:

25   26.   Mark Crumpacker is indebted to the State of California, for tax, penalties,

26   and interest owed for the tax years 1997 through 2008, in the amount of at least

27   $105,800.00, computed to December 3, 2014, plus interest accruing thereafter at the

28

                                      4

Case 1:16-cv-01053-TSC  Document 1-3  Filed 06/06/16  Page 78 of 127
Case 2:14-cv-08575-PA-SS  Document 17  Filed 01/05/15  Page 5 of 6  Page ID #:165  **Exh. L**

**Pg. 5**

1  rate of $8.61 per day.  Crumpacker may also indebted to the State of California for

2  other tax obligations, which the FTB does not assert at this time.

3      27.  The FTB has standing to enforce Crumpacker's tax obligations to the

4  State of California, including by maintaining this action and by recording notices of

5  state tax liens in the official records of the County Recorders.

6      28.  On May 17, 2006, the FTB recorded a Notice of State Tax Lien against

7  Mark Crumpacker in the official records of the County Recorder of Los Angeles

8  County for Crumpaker's obligations for the tax years 1997, 1998, 1999, 2000,

9  2001, and 2003.  A true and correct copy of the May 17, 2006 Notice of State Tax

10  Lien is attached to the Complaint as Exhibit 4.

11      29.  On April 25, 2008, the FTB recorded a Notice of State Tax Lien against

12  Mark Crumpacker in the official records of the County Recorder Los Angeles

13  County for the tax years 2002, 2004, and 2005.  A true and correct copy of the

14  April 25, 2008 Notice of State Tax Lien is attached to the Complaint as Exhibit 5.

15      30.  Concurrently herewith the FTB is filing a Notice of Tax Lien asserting its

16  right to payment for unpaid tax, penalties, and interest owed for the tax years 2006

17  through 2008.

18      **WHEREFORE**, the FTB prays for judgment as follows:

19      1.  That the FTB recover the amount of $105,800.00 for amounts owed on

20  December 3, 2014, plus interest accruing thereafter at the rate of $8.61 per day,

21  from the proceeds of any foreclosure sale of the Subject Property;

22      2.  That the Court award the FTB its cost of suit incurred herein; and

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Case 1:16-cv-01053-TSC   Document 1-3   Filed 06/06/16   Page 79 of 127
Case 2:14-cv-08575-PA-SS   Document 17   Filed 01/05/15   Page 6 of 6   Page ID #:166   **Exh. L**

**Pg. 6**

1        3.    That the Court grant the FTB such other and further relief as the Court

2   deems just and proper.

3

4   Dated:  January 5, 2015

        KAMALA D. HARRIS
        Attorney General of California
        DIANE S. SHAW
        Supervising Deputy Attorney General

5

6

7               _/s/ Matthew Heyn_
        MATTHEW C. HEYN
        Deputy Attorney General

8   LA2014512099
    51553141.doc
        _Attorneys for Defendant State of
        California Franchise Tax Board_

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exh. M

**Crumpacker**

**California Franchise Tax Board**

**Notice of State Tax Lien**

**Certificate No. 06137-601248**

**May 17, 2006**

**2003**

**Exh. M**

**Pg. 1**

*Recording Requested by*

STATE OF CALIFORNIA
**FRANCHISE TAX BOARD**
Sacramento CA  95812-2952

*And When Recorded Mail to*

Special Procedures Section
PO BOX 2952
Sacramento CA  95812-2952

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA

**06 1088586**

**05/17/2006**       AT 08:04am

**FEE $0.00**

---

 ## NOTICE OF STATE TAX LIEN

FILED WITH:  **LA COUNTY REGISTRAR-RECORDER**       CERTIFICATE NUMBER:  **06137-601248**

The Franchise Tax Board of the State of California hereby certifies that the following named taxpayer(s) is liable under parts 10 or 11 of Division 2 of the Revenue and Taxation Code to the State of California for amount due and required to be paid by said taxpayer as follows:

Name of Taxpayer(s)       :  MARK CRUMPACKER

FTB Account Number       :  ████1372

Social Security Number(s)  :  ████1372

Last Known Address       :  14933 DAFFODIL AVE
                          :  CANYON CNTRY, CA  913871907

For Taxable Years       :  1997 1998 1999 2000 2001 2003

| TAX | PENALTY | INTEREST | COLLECTION FEES | PAYMENTS | ADJUSTMENTS | * TOTAL |
|---|---|---|---|---|---|---|
| 26,288.00 | 11,708.88 | 11,186.06 | 172.00 | 4,686.80 | 602.00 | 44,066.14 |

Further interest and fees will accrue at the rate prescribed by law until paid; that the Franchise Tax Board of the State of California complied with all of the provisions of parts 10 or 11 of Division 2 of the Revenue and Taxation Code of the State of California in computing, levying, determining and assessing the tax; the said amounts are due and payable and have not been paid.  Said lien attaches to all property and rights to such property now owned or later acquired by the taxpayer.

IN WITNESS WHEREOF, the Franchise Tax Board of the State of California has duly authorized the undersigned to execute this Notice in its name.

DATED:       05/17/2006

Collection Bureau
Telephone Number: (916) 845-4350

*Additional interest is accruing at the rate prescribed by law.

FRANCHISE TAX BOARD
of the State of California

By:

Authorized facsimile signature.

FTB 2830 V1 ARCS (REV 02-2001)

# Exh. N

**Crumpacker**

**California Franchise Tax Board**

**Notice of State Tax Lien**

**Certificate No. 08107677701**

**April 25, 2008**

**2002**

**Exh. N**

**Pg. 1**

Z

Recording Requested by

STATE OF CALIFORNIA
FRANCHISE TAX BOARD
Sacramento CA 95812-2952

And When Recorded Mail to

Special Procedures Section
PO BOX 2952
Sacramento CA 95812-2952



04/25/08

20080726129



## NOTICE OF STATE TAX LIEN

**FILED WITH:   LOS ANGELES**          **CERTIFICATE NUMBER:   08107677701**

The Franchise Tax Board of the State of California hereby certifies that the following named taxpayer(s) is liable under parts 10 or 11 of Division 2 of the Revenue and Taxation Code to the State of California for amount due and required to be paid by said taxpayer as follows:

Name of Taxpayer(s)        : MARK CRUMPACKER

FTB Account Number      :     ▉5642

Social Security Number(s) : ▉▉▉▉1372

Last Known Address        : 14933 DAFFODIL AVE
                           : CANYON COUNTRY  CA  91387-1907

For Taxable Years          : 2005,2004,2002

| TAX | PENALTY | INTEREST | COLLECTION FEES | PAYMENTS | ADJUSTMENTS | * TOTAL |
|---|---|---|---|---|---|---|
| 15944.00 | 6525.09 | 4753.56 | 413.00 | 0.00 | -1567.00 | 26068.65 |

Further interest and fees will accrue at the rate prescribed by law until paid; that the Franchise Tax Board of the State of California complied with all of the provisions of parts 10 or 11 of Division 2 of the Revenue and Taxation Code of the State of California in computing, levying, determining and assessing the tax; the said amounts are due and payable and have not been paid. Said lien attaches to all property and rights to such property now owned or later acquired by the taxpayer.

IN WITNESS WHEREOF, the Franchise Tax Board of the State of California has duly authorized the undersigned to execute this Notice in its name.

DATED: 04/16/08

Collection Bureau
Telephone Number: (916) 845-4350

*Additional interest is accruing at the rate prescribed by law.

FRANCHISE TAX BOARD
of the State of California

By: _William S Jones_

Authorized facsimile signature.

FTB 2930 V1 M ARCS (REV 03-2008)

# Exh. O

**Crumpacker**

**Case 14-cv-08575**

**United States v Mark Crumpacker, et al.**

**Declaration of Charles Parker**

**January 29, 2015**

Case 1:16-cv-01053-TSC   Document 1-3   Filed 06/06/16   Page 85 of 127
Case 2:14-cv-08575-PA-SS   Document 27-1   Filed 01/29/15   Page 1 of 1   Page ID #:210   **Exh. O**

Pg. 1

## DECLARATION OF CHARLES PARKER

I, CHARLES PARKER, do hereby declare and state as follows:

1.     I am an Assistant United States Attorney employed by the United States Attorney's Office for the Central District of California.  I make the following factual statements based on my personal knowledge.  If called as a witness, I could and would competently testify thereto.

2.     I was not contacted by Mr. Crumpacker prior to either of the scheduling meetings that took place on January 2, 2015, and January 16, 2015.

3.     On January 16, 2015, an employee at the United States Attorney's Office for the Central District of California ran a phone records search on Lexis Nexis and located a landline telephone number associated with Mr. Crumpacker.  Thereafter, I called the telephone number and left a message for Mr. Crumpacker.

4.     On January 21, 2015, Mr. Crumpacker called me and briefly discussed the motion the United States intended to file and the upcoming scheduling conference but Mr. Crumpacker quickly turned the conversation into a discussion of misdeeds being committed by the government.

5.     At no time have I prevented Mr. Crumpacker from filing a unilateral scheduling report and no such report appears on the Court's electronic docket.

6.     I brought this action in good faith, its allegations are supported by the evidence, and I have had no ex parte communications with the Court.

7.     Attached as Exhibit A is a true and correct copy of the proof of service signed by Maria Parcon, an employee of the United States Attorney's Office for the Central District of California, which states Mr. Crumpacker was served the Scheduling Meeting of Counsel, Scheduling Conference, by mail, on December 29, 2014.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of January 2015, at Los Angeles, California.

CHARLES PARKER

# Exh. P

**Crumpacker**

**Case 14-cv-08575**

**United States v Mark Crumpacker, et al.**

**United States' Notice of Motion and Motion for Default Judgment; Memorandum in Support; Declarations in Support; and [Proposed] Order for Sale of Real Property**

**May 1, 2015**

STEPHANIE YONEKURA
Acting United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
CHARLES PARKER (Cal. Bar No. 283078)
Assistant United States Attorney
300 N. Los Angeles Street
Federal Building, Suite 7211
Los Angeles, CA 90012
     Telephone:     (213) 894-2740
     Facsimile:     (213) 894-0115
     Email: charles.parker@usdoj.gov

Attorneys for Plaintiff the United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARK L. CRUMPACKER, et al.,<br><br>Defendants. | Case No. CV 14-08575 PA (SSx)<br><br>UNITED STATES' NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT; MEMORANDUM IN SUPPORT; DECLARATIONS IN SUPPORT; AND [PROPOSED] ORDER FOR SALE OF REAL PROPERTY<br><br>Date:          June 8, 2015<br>Time:          1:30 p.m.<br>Courtroom:  15<br>Place:          312 N. Spring Street<br>                    Los Angeles, CA 90012<br><br>The Honorable Percy Anderson |

   PLEASE TAKE NOTICE that on Monday, June 8, 2015, at 1:30 p.m., plaintiff, the United States of America, will move pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Rule 55-1, for entry of default judgment against Defendant Mark L. Crumpacker ("Defendant").

   The United States, the State of California Franchise Tax Board, and the Los Angeles County Child Support Services Department have stipulated, and an order was

1    entered, to the priority of their liens encumbering the real property subject to foreclosure.

2    (Dkts. No. 33, 35).

3       Default was entered against the remaining defendant Voice of Truth and Light

4    Society on April 23, 2015.

5       Pursuant to Local Rule 7-3, and to the extent the Court concludes the United

6    States was required to confer with Defendant Mark Crumpacker, counsel for the United

7    States called Defendant on March 30, 2015, April 3, 2005, and April 23, 2015 and left

8    messages regarding this motion.  Parker Decl. ¶ 2.  As of the date of this motion, counsel

9    for the United States has received no response from Defendant.  Parker Decl. ¶ 2.

10       The United States respectfully moves the Court to enter default judgment against

11    Defendant pursuant to Federal Rule of Civil Procedure 55(b)(2).  Default has been

12    entered against Defendant (*see* Dkt. No. 57) and, for the reasons set out in the

13    Memorandum accompanying this Motion, entry of default judgment is appropriate. The

14    United States respectfully requests the Court enter a judgment against Defendant to 1)

15    reduce federal tax assessments to judgment and 2) foreclose federal tax liens against real

16    property.

17       In further support of this Motion, the United States relies upon the attached

18    Memorandum of Points and Authorities; the Declaration of Charles Parker; the

19    Declaration of Phillip Conrad; and evidence previously submitted into the record.  A

20    proposed Judgment is attached.

21                              Respectfully Submitted,

22                              STEPHANIE YONEKURA

                               Acting United States Attorney

23                              SANDRA R. BROWN

24                              Assistant United States Attorney

                               Chief, Tax Division

25

26

27   Dated: May 1, 2015                     /s/

                               CHARLES PARKER

28                              Assistant United States Attorney

                             Attorneys for the United States of America

1

## TABLE OF CONTENTS

2    DESCRIPTION                                             PAGE

3    STATEMENT OF FACTS ............................................................. 1

4      A.    Default against Mark Crumpacker .................................. 1

5      B.    Default against Voice of Truth and Light Society ......................... 1

6      C.    Stipulation between the United States, the FTB, and Child Support
               Services ........................................................................ 2

7      D.    Facts Deemed Admitted ................................................. 2

8           1.    First Claim for Relief: Reduce Federal Tax Assessments to
9                   Judgment ............................................................... 2

10           2.    Second Claim for Relief: Foreclosure on 14933 Daffodil
                  Avenue ................................................................... 5

11      E.    Facts Supported by Declaration .................................... 5

12    DISCUSSION ........................................................................... 6

13      A.    The United States Properly Served Defendant and the Procedural
14           Requirements of Local Rule 55-1 have been met ........................ 6

15      B.    The Court Should Exercise its Power to Enter Default Judgment
16           Against the Defendant Pursuant to FRCP 55(b)(2) ....................... 7

     C.    The *Eitel* Factors Weigh in Favor of Entry of Default Judgment ............... 8

17           1.    Possibility of Prejudice to the Plaintiff ................................. 8

18           2.    Merits and Sufficiency of Plaintiff's Substantive Claims .................. 8

19           3.    Sum of Money at Stake in the Action ................................ 9

20           4.    Possibility of a Dispute Concerning Material Facts ...................... 9

21           5.    Whether the Default was Due to Excusable Neglect ...................... 10

22    CONCLUSION .......................................................................... 11

23

24

25

26

27

28

Case 1:16-cv-01053-TSC   Document 1-3   Filed 06/06/16   Page 90 of 127
Case 2:14-cv-08575-PA-SS   Document 68   Filed 05/01/15   Page 4 of 16   Page ID #:374   Exh. P

Pg. 4

# TABLE OF AUTHORITIES

## FEDERAL CASES                                                                    PAGE

*Aldabe v. Aldabe,*
    616 F.2d 1089 (9th Cir.1980) ................................................................7
*Danning v. Lavine,*
    572 F.2d 1386 (9th Cir. 1978) ..............................................................8
*Discovery Communications, Inc. v. Animal Planet, Inc.,*
    172 F.Supp.2d 1282 (C.D.Cal.2001) ..................................................8
*Eitel v. McCool,*
    782 F.2d 1470 (9th Cir.1986) ..............................................................7
*Fair Housing of Marin v. Combs,*
    285 F.3d 899 (9th Cir.2002) ................................................................8
*Geddes v. United Fin. Grp.,*
    559 F.2d 557 (9th Cir.1977) ................................................................7
*Landstar Ranger, Inc. v. Parth Enters., Inc.,*
    725 F.Supp.2d 916 (C.D.Cal.2010)................................................7-10
*Penpower Tech. Ltd. v. S.P.C. Tech.,*
    627 F.Supp.2d 1083 (N.D.Cal.2008) ..................................................7
*TeleVideo Sys., Inc. v. Heidenthal,*
    826 F.2d 915 (9th Cir. 1987) ..............................................................7
*United States v. Boyce,* No. CV 13-00601 MMM JEMX,
    2014 WL 3973175 *1145 (C.D. Cal. July 8, 2014) ............................8
*United States v. Rodgers*, 461 U.S. 677, 708-09, 103 S.
    Ct. 2132, 2150, 76 L. Ed. 2d 236 (1983)............................................8

## STATE CASES

26 U.S.C. § 6020(b) .....................................................................10
26 U.S.C. § 6321.............................................................................5
26 U.S.C. § 6322.............................................................................5
26 U.S.C. § 7402.............................................................................8
26 U.S.C. § 7403.............................................................................5
50 U.S.C. App. § 521 .....................................................................7
Fed.R.Civ.P. 55(b)(2).....................................................................7
FRCP 55(b)(2).................................................................................7

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

**A.      Default against Mark Crumpacker**

On November 5, 2014, the United States of America filed a Complaint to Reduce Federal Income Tax Assessments to Judgment and Foreclose Federal Tax Liens on Real Property ("Complaint") against defendant Mark L. Crumpacker ("Defendant") and the real property located at 14933 Daffodil Avenue, Canyon Country, California 91351 ("Subject Property"). (Dkt. No. 1). On December 17, 2014, the United States personally served Defendant with a copy of the Complaint and Summons. (Dkt. No. 16).

On January 5, 2015, Defendant filed a "Response to Summons and Complaint Via Jurisdictional Challenge" ("Response"). (Dkt. No. 20). On January 26, 2015, the United States moved to strike Defendant's Response. (Dkt. No. 25). On February 27, 2015, the Court granted the United States' motion to strike and ordered Defendant to file his Answer on or before March 13, 2015. (Dkt. No. 47). The Court warned Defendant that failure to timely file an answer could result in an entry of default against him. (Dkt. No. 47).

Defendant appealed the Court's order striking his Response to the Ninth Circuit. Dkt. No. 50). The Ninth Circuit *sua sponte* dismissed Defendant's appeal because the court lacked jurisdiction. Attached to the Declaration of Charles Parker ("Parker Decl.") as Exhibit 26 is a copy of the Ninth Circuit's Order dismissing Defendant's appeal.

Defendant failed to file an Answer by March 13, 2015, and the United States filed a request for default on March 19, 2015. (Dkt. No. 56). Default was entered by the Clerk on March 20, 2015. (Dkt. No. 57).

**B.      Default against Voice of Truth and Light Society**

Voice of Truth and Light Society ("Voice of Truth") was named a defendant in the United States' Complaint because a deed of trust had been recorded on behalf of Voice of Truth in Los Angeles County, California, against the Subject Property. (Dkt. No. 1 ¶ 12). Voice of Truth filed an answer to the Complaint on December 17, 2014, but the

1  answer was not signed by an attorney. (Dkt. No. 8). On March 16, 2015, the United

2  States filed a motion to strike Voice of Truth's answer. (Dkt. No. 55). The Court

3  granted the United States' motion on April 17, 2015, and did not provide leave to amend.

4  (Dkt. No. 65). The United States filed a request for default on April 21, 2015 (Dkt. No.

5  66) which was granted April 23, 2015. (Dkt. No. 67).

6  **C.     Stipulation between the United States, the FTB, and Child Support Services**

7           The United States, the State of California Franchise Tax Board ("FTB"), and the

8  Los Angeles County Child Support Services Department ("Child Support Services")

9  have stipulated, and an Order was entered, to the priority of their liens encumbering the

10  Subject Property. (Dkts. No. 33, 35). Pursuant to the Order, the FTB and Child Support

11  Services continue to receive notice in this case and have the option to participate in the

12  proceedings to protect their interest in the Subject Property. (Dkt. No. 35 ¶¶ 7, 8).

13  Should the United States foreclose on the Subject Property, the FTB's and Child Support

14  Services' liens will be paid in accordance with the stipulation. (Dkt. No. 35 ¶ 5).

15  **D.     Facts Deemed Admitted**

16           **1.     First Claim for Relief: Reduce Federal Tax Assessments to Judgment**

17           Defendant Mark Crumpacker is an individual residing within the Central District

18  of California. Complaint ¶ 10. A delegate of the Secretary of the Treasury made

19  assessments of income, penalties, and interest against Defendant for unpaid federal

20  income taxes (Form 1040) for the identified tax periods and in the amounts stated below:

21

22

23

24

25

26  //

27  //

28  //

Case 1:16-cv-01053-TSC   Document 1-3   Filed 06/06/16   Page 93 of 127
Case 2:14-cv-08575-PA-SS   Document 68   Filed 05/01/15   Page 7 of 16   Page ID #:377   **Exh. P**

**Pg. 7**

| Tax Year | Date of Assessment | Tax Assessed | Type[1] | Balance as of 6/1/2013 |
|----------|--------------------|--------------|---------|------------------------|
| 1996 | 4/26/2004 | $16,518.00<br>$12,970.32<br>$843.59<br>$3,581.10<br>$3,979.00 | T<br>INT<br>ETP<br>LFP<br>FTP | $37,326.01 |
| 1997 | 4/26/2004 | $16,308.00<br>$10,053.99<br>$836.70<br>$3,533.85<br>$3,926.50 | T<br>INT<br>ETP<br>LFP<br>FTP | $34,057.04 |
| 1998 | 4/26/2004 | $7,800.00<br>$2,346.20<br>$198.43<br>$1,053.67<br>$1,170.75 | T<br>INT<br>ETP<br>LFP<br>FTP | $9,452.05 |
| 1999 | 4/26/2004 | $10,702.00<br>$2,573.01<br>$319.03<br>$1,575.67<br>$1,715.73 | T<br>INT<br>ETP<br>LFP<br>FTP | $13,186.44 |
| 2000 | 4/26/2004 | $16,575.00<br>$3,508.63<br>$802.20<br>$3,414.15<br>$2,807.19 | T<br>INT<br>ETP<br>LFP<br>FTP | $25,706.17 |
| 2001 | 4/26/2004 | $12,069.00<br>$705.07<br>$180.27<br>$1,185.07 | T<br>INT<br>ETP<br>LFP | $7,995.79 |

[1] Key:      T = Personal Income Tax

INT = Assessed Interest

ETP = Estimated Tax Penalty pursuant to 26 U.S.C. § 6654

LFP = Late Filing Penalty pursuant to 26 U.S.C. § 6651(a)(1)

FTP = Failure to Pay Tax Penalty pursuant to 26 U.S.C. § 6651(a)(2)

| | | $658.38 | FTP | |
|---|---|---|---|---|
| 2002 | 4/26/2004 | $16,223.00<br>$1,568.68<br>$542.12<br>$3,619.80<br>$1,689.24 | T<br>INT<br>ETP<br>LFP<br>FTP | $23,525.84 |
| 2003 | 1/9/2006 | $19,183.00<br>$2,293.93<br>$494.98<br>$4,238.10<br>$1,977.78 | T<br>INT<br>ETP<br>LFP<br>FTP | $27,840.79 |
| 2004 | 3/24/2008 | $18,784.00<br>$5,375.17<br>$525.34<br>$4,087.58<br>$3,270.06 | T<br>INT<br>ETP<br>LFP<br>FTP | $31,445.15 |
| 2005 | 3/24/2008 | $12,584.00<br>$1,237.55<br>$220.23<br>$1,395.00<br>$744.00 | T<br>INT<br>ETP<br>LFP<br>FTP | $9,796.78 |

Complaint ¶ 16.  Attached as Exhibits 1 through 10 to Phillip Conrad's Declaration ("Conrad Decl.") are true and accurate copies of Certificates of Assessments, Payments and Other Specified Matters (Form 4340) for each of the tax years described above, redacted to exclude personal identifiers.  Exhibits 1 through 10 were attached to the Complaint as Exhibits 6 through 15.

The IRS timely issued notices and demands for payment to Defendant for each of the tax periods listed in the table above.  Complaint ¶ 17.  Despite timely notice and demand for payment Defendant has neglected, failed, or refused to fully pay his outstanding tax liabilities for the tax periods at issue.  Complaint ¶ 18.

As of October 24, 2014, the outstanding balance of assessed and outstanding federal personal income taxes, plus accrued penalties and interest, due for the taxpayer totaled $220,332.06.  Complaint ¶ 19.  The United States is entitled to judgment against the taxpayer in this amount, plus subsequent statutory accruals including interest, penalties, and other costs and expenses.  Complaint ¶ 19.

**2.      Second Claim for Relief: Foreclosure on 14933 Daffodil Avenue**

Mark Crumpacker is the true owner of the Subject Property located at 14933

Daffodil Avenue, Canyon Country, California 91351, and is legally described as:

> Lot 40 of Tract 26801, as per map recorded in Book 774, pages 48-50
> inclusive of Maps, in the office of the County Recorder of Los Angeles
> County.

Complaint ¶¶ 9, 11.  Attached as Exhibit 11 to the Conrad Decl. is a true and accurate

copy of the grant deed transferring title to the Subject Property to Mark Crumpacker,

recorded in Los Angeles County, California on December 8, 1982.  Defendant acquired

title to the Subject Property via a grant deed recorded in Los Angeles County on

December 8, 1982.  Complaint ¶ 23; *see* Exhibit 11.  Defendant holds an ownership

interest in the Subject Property to which the United States has attached federal tax liens.

Complaint ¶ 24.

Pursuant to 26 U.S.C. §§ 6321 and 6322, liens for Defendant's unpaid tax

liabilities for tax years 1996 through 2005, arose in favor of the United States against all

property and rights to property owned by Defendant as of the assessment dates.

Complaint ¶ 16.  In connection with the assessments made against Defendant for tax

years 1996 through 2005, the Internal Revenue Service ("IRS") recorded valid Notices

of Federal Tax Liens in Los Angeles County on December 23, 2014, July 25, 2006, and

March 24, 2009, against all property and rights to property owned by Defendant as of the

respective assessment dates for each of the personal income tax assessments for the tax

years 1996 through 2005.  Complaint ¶ 22.  Attached to the Conrad Decl. as Exhibits 12,

13, and 14, are true and correct copies of the Notices of Federal Tax Liens filed against

Defendant for the tax years at issue.

Under 26 U.S.C. § 7403, the United States is entitled to foreclose its federal tax

liens on the subject property and apply the proceeds to the outstanding federal tax

assessments of Mark Crumpacker.  Complaint ¶24.

**E.      Facts Supported by Declaration**

As stated in the Complaint, the United States is entitled to accruals of unassessed

1   interest penalties, and other costs.  Complaint ¶ 9.  The account balances for each of the

2   tax periods at issue, calculated through February 20, 2015, by a representative of the IRS

3   are as follows:

4   | Tax Year | Account Balance as of February 20, 2015 |
    |----------|------------------------------------------|
5   | 1996     | $62,647.33                               |
6   | 1997     | $57,182.07                               |
7   | 1998     | $15,870.08                               |
8   | 1999     | $22,175.12                               |
9   | 2000     | $44,147.17                               |
10  | 2001     | $14,083.35                               |
11  | 2002     | $40,698.76                               |
12  | 2003     | $45,313.14                               |
13  | 2004     | $41,871.93                               |
14  | 2005     | $13,455.52                               |
15  | **Total**    | $357,444.47                          |

16  *See* certified account balances for tax years 1996 through 2005 attached to the

17  Declaration of Phillip Conrad as Exhibits 15 through 24.

18  **DISCUSSION**

19  **A.      The United States Properly Served Defendant and the Procedural**

20  **        Requirements of Local Rule 55-1 have been met**

21           Consistent with Federal Rule of Civil Procedure 4(c), Mark Crumpacker was

22  personally served with a copy of the summons and complaint on December 17, 2014, as

23  evidenced by the proof of service filed with this Court on December 30, 2014.  (Dkt. No.

24  16) (Parker Decl. ¶ 3).

25           As required by Local Rule 55-1:

26           (a) Default was entered against Defendant on March 20, 2015 (Dkt. No. 47);

27           (b) Defendant did not respond to the United States' Complaint to Reduce Federal

28                Tax Assessments to Judgment and Foreclose Federal Tax Liens on Real

Case 1:16-cv-01053-TSC   Document 1-3   Filed 06/06/16   Page 97 of 127
Case 2:14-cv-08575-PA-SS   Document 68   Filed 05/01/15   Page 11 of 16   Page ID #:381   **Exh. P**

**Pg. 11**

1     Property by March 13, 2015, as ordered by the Court.  (Parker Decl. ¶ 4);

2         (c) The United States believes that Mark Crumpacker is not an infant and is not

3             incompetent (Parker Decl. ¶ 5);

4         (d) Defendant is not entitled to relief under the Servicemembers Civil Relief Act,

5             50 U.S.C. App. § 521.  (Parker Decl. ¶ 6, Ex. 15);

6         (e) Defendant was mailed notice of the Motion for Default Judgment and all

7             supporting documents as evidenced by the attached proof of service.

8   **B.    The Court Should Exercise its Power to Enter Default Judgment Against the**

9         **Defendant Pursuant to FRCP 55(b)(2)**

10        "The general rule of law is that upon default the factual allegations of the

11  complaint, except those relating to the amount of damages, will be taken as true."

12  *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir.1977).  "After entry of default,

13  the Court may enter a default judgment."  *Penpower Tech. Ltd. v. S.P.C. Tech.*, 627

14  F.Supp.2d, 1083, 1088 (N.D.Cal.2008); Fed.R.Civ.P. 55(b)(2).

15        "Rule 55(b)(2) requires service on the defaulting party only if that party has

16  appeared in the action."  *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F.Supp.2d

17  916, 919 n. 19 (C.D.Cal.2010).  "The district court's decision whether to enter a default

18  judgment is a discretionary one."  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980).

19  The Ninth Circuit has articulated the following factors to be considered by the Court in

20  exercising its discretion to award default judgment: (1) the possibility of prejudice to the

21  plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the

22  complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute

23  concerning material facts, (6) whether the default was due to excusable neglect, and (7)

24  the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on

25  the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.1986).

26        After a default has been entered by the Court Clerk, the well-pleaded factual

27  allegations of the complaint are taken as true, except for those allegations related to

28  damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987);

1   *Discovery Communications, Inc. v. Animal Planet, Inc.,* 172 F.Supp.2d 1282, 1288

2   (C.D.Cal.2001).  Thus, because Defendant did not file an answer by March 13, 2015, as

3   ordered by the Court, the Court must accept the allegations contained therein as true.

4   *Fair Housing of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir.2002).

5   **C.      The *Eitel* Factors Weigh in Favor of Entry of Default Judgment**

6   **          1.      Possibility of Prejudice to the Plaintiff**

7   "The first *Eitel* factor considers whether a plaintiff will suffer prejudice if a default

8   judgment is not entered." *Landstar Ranger,* 725 F.Supp.2d at 920.  A plaintiff suffers

9   prejudice when denying default judgment would leave plaintiff without a remedy.  *Id.*

10  Defendant failed to report or pay taxes for the 10 years at issue in this case.

11  Nonetheless, Defendant continues to receive income from third parties without paying

12  the taxes.  Without a judgment, the statutes of limitations will begin to expire on the

13  earlier tax years at issue and the United States will be left with no recourse to recover

14  taxes from Defendant which legally belong to the government.  Without a judgment in

15  this case, Defendant will continue to receive income without being required to pay taxes.

16  Accordingly, the United States will be prejudiced if default judgment is not granted.

17  **          2.      Merits and Sufficiency of Plaintiff's Substantive Claims**

18  "The second and third *Eitel* factors assess the substantive merit of plaintiff's claim

19  and the sufficiency of its pleadings." *Landstar Ranger,* 725 F.Supp.2d at 920.  To

20  warrant default judgment, the allegations in the Complaint must be sufficient to state a

21  claim upon which Plaintiff can recover.  *Danning v. Lavine,* 572 F.2d 1386, 1388 (9th

22  Cir. 1978).  District courts have "jurisdiction to... render such judgments and decrees as

23  may be necessary or appropriate for the enforcement of the internal revenue laws."  26

24  U.S.C. § 7402; *see also United States v. Rodgers,* 461 U.S. 677, 708-09, 103 S. Ct. 2132,

25  2150, 76 L. Ed. 2d 236 (1983) (holding the IRS can foreclose on taxpayer property); *see*

26  *also United States v. Boyce,* No. CV 13-00601 MMM JEMX, 2014 WL 3973175 *1145

27  (C.D. Cal. July 8, 2014) (holding the district court had jurisdiction to reduce tax

28  assessments to judgment).

1   The United States' Complaint seeks to reduce tax assessments to judgment and to

2   foreclose on the Subject Property.  Paragraph 16 of the Complaint lists the assessments

3   made against Defendant and states the outstanding principle balances for each tax year.

4   The total outstanding principle balance of $220,332.06 is listed in paragraph 19.

5   Accepting these factual allegations as true, which the Court must because Defendant

6   failed to answer, the United States has sufficiently pleaded a claim for the collection of

7   unpaid taxes.  Regarding, the foreclosure allegation, the Complaint alleges Defendant is

8   the true owner of the Subject Property and that Notices of Federal Tax Liens were

9   recorded in Los Angeles County against all property rights of Defendant.  Complaint ¶¶

10  11, 21, 22, 23, 24.  Defendant's ownership of the Subject Property is supported by a

11  grant deed attached to the Complaint which granted title to the subject property to

12  Defendant.  *See* a true and correct copy of the Grant Deed attached to the Conrad Decl.

13  as Exhibit 11.  These facts, taken as true, provide a sufficiently pleaded claim for

14  foreclosure against the Subject Property.

### 3.   Sum of Money at Stake in the Action

16  The fourth *Eitel* factor examines the amount of money at stake.   The United

17  States seeks to collect tax owed by Defendant in the amount of $220,332.06, plus interest

18  thereon.  As the amount is not exceedingly large, this factor weighs in favor of default

19  judgment.

### 4.   Possibility of a Dispute Concerning Material Facts

21  The fifth *Eitel* factor examines the likelihood of a dispute between the parties

22  regarding the material facts surrounding the case. Where a plaintiff has filed a well

23  pleaded complaint, the possibility of dispute concerning material facts is remote.

24  *Landstar Ranger*, 725 F.Supp.2d at 921–22 ("Since [plaintiff] has supported its claims

25  with ample evidence, and defendant has made no attempt to challenge the accuracy of

26  the allegations in the complaint, no factual disputes exist that preclude the entry of

27  default judgment.").

28  Plaintiffs filed a well-pleaded complaint that is based on reliable information.

1  Attached to the Complaint are Certificates of Assessments for each tax year at issue.

2  The Certificates of Assessments reflect the tax assessments were made pursuant to an

3  IRS examination.  Based on the examination, a substitute for return was prepared

4  pursuant to 26 U.S.C. § 6020(b) in order to determine the Defendant's income tax

5  liability for each year at issue.  Using the returns prepared by a representative of the IRS,

6  assessments were made against the Defendant and the amounts were recorded in the

7  Certificates of Assessments.  Defendant has not provided any reason why he is not

8  subject to the assessed taxes listed in the Certificates of Assessments and has only made

9  frivolous arguments why he is not subject to the jurisdiction of this Court.  There is

10  nothing to indicate the IRS's calculations of Defendant's tax liabilities are inaccurate and

11  this factor weighs in favor of default judgment.

12              **5.       Whether the Default was Due to Excusable Neglect**

13       "The sixth *Eitel* factor considers whether defendant's default may have been the

14  product of excusable neglect." *Landstar Ranger*, 725 F.Supp.2d at 922.  This factor

15  favors default judgment when the defendant has been properly served or the plaintiff

16  demonstrates that the defendant is aware of the lawsuit.  *Id.* (concluding that this factor

17  favored default judgment and "possibility of excusable neglect is remote" where

18  defendant had been properly served).

19       There is no doubt Defendant is aware of this lawsuit because the Defendant has

20  appeared in this case and filed numerous documents with the Court.  It is undisputable

21  that Defendant knew of the Court's Order striking his Response to the Complaint

22  because he attempted to appeal the Order to the Ninth Circuit.  The Court provided

23  Defendant sufficient time to file another responsive pleading to the Complaint but

24  Defendant failed to comply with the Court's Order.  Defendant has provided no reason

25  or excuse why he did not file an answer on or before the March 13, 2015, deadline.

26  Thus, there is no excusable neglect for Defendant's failure to answer.

27  //

28  //

Case 1:16-cv-01053-TSC   Document 1-3   Filed 06/06/16   Page 101 of 127
Case 2:14-cv-08575-PA-SS   Document 68   Filed 05/01/15   Page 15 of 16   Page ID #:385 **Exh. P**

**Pg. 15**

1

CONCLUSION

2        For the foregoing reasons, the United States respectfully requests its motion for

3   entry of default be granted. Specifically, the United States requests that the Court enter

4   an order consistent with the concurrently filed proposed order.

5                                        Respectfully Submitted,

6                                        STEPHANIE YONEKURA
                                         Acting United States Attorney
7                                        SANDRA R. BROWN
                                         Assistant United States Attorney
8                                        Chief, Tax Division

9

10

Dated: May 1, 2015
11                                       _____/s/_____
                                         CHARLES PARKER
12                                       Assistant United States Attorney

13                                       Attorneys for the United States of America

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE BY MAILING

2

3       I am over the age of 18 and not a party to the within action.  I am employed by the Office of the United States Attorney, Central District of California.   My business address is 300 North Los Angeles Street, Suite 7211, Los Angeles, California 90012.

4

5   On **May 1, 2015**, I served the following document(s) UNITED STATES' NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT; MEMORANDUM IN SUPPORT; DECLARATIONS IN SUPPORT; AND [PROPOSED] ORDER FOR SALE OF REAL PROPERTY

6

7   by enclosing a copy in an envelope addressed as shown on the attached list and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices.

8

9   I am readily familiar with the practice of this office for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

10

11   Mark Crumpacker
    14993 Daffodil Avenue

12   Canyon Country, CA 91387

13   Robert Winston
    485 S. Watson Road

14   Suite 103 Box 406
    Buckeye, AZ 85326-3453

15

16   MARK J. SALADINO, County Counsel
    SAYUJ PANICKER, Deputy County Counsel
    648 Kenneth Hahn Hall of Administration

17   500 West Temple Street
    Los Angeles, California 90012-2713

18

19   Date of mailing: **May 1, 2015**.
        Place of mailing: Los Angeles, California

20

21       I declare under penalty of perjury under the laws of the United States of America that the foregoing if true and correct.

22

23       I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24

25

26       Executed on: **May 1, 2015**, Los Angeles, California.

27                       /s/
                    MARIA LUISA Q. PARCON

28

# Exh. Q

**Crumpacker**

**Case 14-cv-08575**

**United States v Mark Crumpacker, et al.**

**Default Judgment**

**August 4, 2015**

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,

CV 14-8575 PA (SSx)

12            Plaintiff,

JUDGMENT

13            v.

14   MARK L. CRUMPACKER, et al.,

15            Defendants.

16

17

18        Pursuant to the Court's Order granting plaintiff United States' Motions for Default

19   Judgment,

20        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States

21   shall have judgment in its favor against defendants Mark L. Crumpacker ("Crumpacker"),

22   Voice of Truth & Light Society (the "Society"), the Los Angeles County Child Support

23   Services Department ("Child Support Services"), and the State of California Franchise Tax

24   Board ("FTB").

25        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that judgment is

26   entered in favor of the United States and against Crumpacker in the amount of $357,444.47

27   as of February 20, 2015 (which includes taxes, additions to tax, penalties, interest, fees, and

28   collection costs) for his unpaid federal income tax liabilities for tax years 1996, 1997, 1998,

1  1999, 2000, 2001, 2002, 2003, 2004, and 2005.  Interest on the judgment will run in

2  accordance with the laws of the United States.

3      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States

4  of America has valid tax liens for the amount of Crumpacker's unpaid federal income taxes

5  for the years 1996 through 2005, against the property located at 14933 Daffodil Avenue,

6  Canyon Country, California 91351 (the "Subject Property"), legally described as:

7              Lot 40 of Tract 26801, as per map recorded in Book 774, pages

8              48-50 inclusive of Maps, in the office of the Country Recorder

9              of Los Angeles County.

10  The tax liens arising from Crumpacker's unpaid federal income taxes for tax years 1996

11  through 2005 attached to Crumpacker's interest in the Subject Property upon assessment of

12  the taxes pursuant to 26 U.S.C. § 6321 and upon filing of Notice of Federal Tax Liens

13  pursuant to 26 U.S.C. § 6323.

14      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Subject

15  Property will be sold according to the following procedure for foreclosure:

16      1.    The Subject Property described above is sold by the Area Director of the

17  Internal Revenue Service, Los Angeles, California Area ("Area Director"), or his delegate,

18  the Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") in

19  accordance with the provisions of 28 U.S.C. §§ 2001 and 2002.

20      2.    Any party to this proceeding or any person claiming an interest in the subject

21  property may move the Court, pursuant to 28 U.S.C. § 2001(b), for an order for a private

22  sale of the subject property.  Any such motion shall be filed within twenty (20) days of the

23  date of this Judgment and shall set forth with particularity (a) the nature of the moving

24  party's interest in the subject property, (b) the reasons why the moving party believes that a

25  private sale would be in the best interests of the United States of America and any other

26  claimant involved herein, (c) the names of three proposed appraisers and a short statement of

27  their qualifications, and (d) a proposed form of order stating the terms and conditions of the

28

1  private sale. Any such motion shall comply with Rule 7 of the Local Rules of the District

2  Court for the Central District of California.

3      3.      The Area Director, or the PALS, is ordered to sell the subject property if it

4  does not become the subject of a motion pursuant to the preceding paragraph, in accordance

5  with 28 U.S.C. §§ 2001(a) and 2002. The property shall be sold at a public sale to be held at

6  the Stanley Mosk Los Angeles County Courthouse 111 North Hill Street, Los Angeles,

7  California as follows:

8          a.      The PALS shall announce the date and time for sale.

9          b.      Notice of the sale shall be published once a week for at least four (4)

10                  consecutive weeks prior to the sale in at least one newspaper regularly

11                  issued and of general circulation in Los Angeles County, California.

12                  Said notice shall describe the subject property by both its street address

13                  and its legal description, and shall contain the terms and conditions of

14                  sale as set out herein.

15         c.      The terms and conditions of sale shall be as follows:

16                 i.      A minimum bid determined by reference to the current fair

17                         market value shall be required. The minimum bid shall be 75%

18                         of the current fair market value as determined by an appraisal of

19                         the subject property by the PALS. The terms of sale as to all

20                         persons or parties bidding shall be by money order or by

21                         certified or cashier's check.

22                 ii.     The PALS shall set the minimum bid. If the minimum bid is not

23                         met or exceeded, the PALS may, without further permission of

24                         this Court, and under the terms and conditions in this order of

25                         sale, hold a new public sale, if necessary, and reduce the

26                         minimum bid.

27                 iii.    At the time of the sale, the successful bidder shall be required to

28                         deposit with the PALS, by cash, money order, or by certified or

1     cashier's check payable to the United States District Court for

2     the Central District of California, a deposit equal to twenty

3     percent (20%) of the bidder's total bid immediately upon the

4     property being struck off and awarded to such bidder as the

5     highest and best bidder.

6     iv.   The successful bidder shall remit the remaining eighty percent

7     (80%) of said purchase price to be paid on or before 5:00 p.m.,

8     within three (3) business days of the date of sale, by cash, money

9     order, or by certified or cashier's check payable to the United

10     States District Court for the Central District of California.

11     v.   The cash, money order, or certified or cashier's check payable to

12     the United States District Court for the Central District of

13     California shall be given to the PALS by the successful bidder,

14     who will deposit the funds with the Clerk of this Court.

15     vi.   Should the successful bidder fail to comply with the terms of the

16     sale, such bidder shall be liable to the United States for twenty

17     percent (20%) of the value of the property as a penalty.  The

18     Clerk shall distribute the 20% penalty as directed by the PALS

19     by check made to the "United States Treasury" to be applied

20     toward payment of said penalty.  Payment of said penalty shall

21     not be a credit on the judgment of the United States.  The subject

22     property shall again be offered for sale under the terms and

23     conditions of this order for sale or, in the alternative, sold to the

24     second highest bidder.

25     4.   The Clerk of the District Court is directed to accept the proceeds of the sale

26     and deposit it into the Court's registry for distribution pursuant to a further order.

27     5.   Upon selling the subject property, the United States of America shall prepare

28     and file with this Court an Application by the United States of America Confirming Sale and

1   Directing Distribution of Sale Proceeds, which will set forth an accounting and report of sale

2   for the subject property. The sale of the subject property shall be subject to confirmation by

3   this Court. The Application by the United States of America Confirming Sale and Directing

4   Distribution of Sale Proceeds shall be filed within thirty (30) days from the date of such sale.

5   If no objections have been filed in writing in this cause with the Clerk of the Court within

6   fifteen (15) days of the date of sale, the sale shall be confirmed by the Court without

7   necessity of motion. On confirmation of the sale, the Court will direct the Internal Revenue

8   Service to execute and deliver its deed conveying the subject property to the purchaser. On

9   confirmation of the sale, all interests in, liens against, or claims to the subject property that

10   are held or asserted by all parties to this action are discharged and extinguished.

11        6.     Possession of the subject property which is sold shall be yielded to the

12   purchaser upon the production of the Certificate and Sale of Deed; and if there is refusal to

13   so yield, a Writ of Assistance may, without further notice, be issued by the Clerk of this

14   Court to compel delivery of the subject property sold to the purchaser.

15        7.     Until the Subject Property is sold, Defendant Crumpacker:

16             a.     Shall take all reasonable steps necessary to preserve the subject

17                  property (including all buildings, improvements, fixtures and

18                  appurtenances on the property) in its current condition including,

19                  without limitations, maintaining a fire and casualty insurance policy on

20                  the Subject Property;

21             b.     Shall timely pay all real property taxes, mortgage payments (if

22                  applicable), homeowners association dues (if applicable), and

23                  homeowner insurance premiums;

24             c.     Shall neither commit waste against the subject property nor cause nor

25                  permit anyone else to do so;

26             d.     Shall neither do anything that tends to reduce the value or marketability

27                  of the subject property nor cause nor permit anyone else to do so; and

28

1          e.     Shall not record any instruments, publish any notice, or take any other

2                action (such as running newspaper advertisements, posting signs, or

3                making internet postings) that may directly or indirectly tend to

4                adversely affect the value of the subject property or that may tend to

5                deter or discourage potential bidders from participating in the public

6                auction, nor cause or permit anyone else to do so.

7      8.     After the Court confirms the sale, and by Order on the application made by the

8  United States of America as to the specific amounts at issue, the sale proceeds deposited

9  with the Clerk of this court shall be applied to the following items, in the order specified:

10        a.     First, to the United States of America, for the expenses of the sale of the

11                subject property;

12        b.     Second, to the Los Angeles County Assessor, or other local taxing

13                authority, for any real property taxes and other local assessments due

14                and owing;

15        c.     Third, the remaining proceeds shall be distributed consistent with the

16                Court's Order dated February 10, 2015 (Docket. No. 35) regarding the

17                lien priorities of the United States, the FTB, and Child Support Services

18                as follows:

| | | |
|---|---|---|
| i. | Child Support Services: | $8,471.52 |
| ii. | United States: | $216,105.12 |
| iii. | United States: | $40,698.76 |
| iv. | FTB: | $15,687.56 |
| v. | United States: | $45,313.14 |
| vi. | FTB: | $51,344.69 |
| vii. | FTB: | $14,640.19 |
| viii. | FTB: | $9,602.38 |
| ix. | FTB: | $9,975.89 |
| x. | Child Support Services: | $4,210.25 |

| | xi. | United States: | $55,327.45 |
| | xii. | FTB: | $684.17 |
| | xiii. | FTB: | $857.57 |
| | xiv. | FTB: | $3,696.74 |

9.    The Court hereby retains jurisdiction of this action for the purpose of making proper distributions of the proceeds of the sale, and resolving any dispute, if any, pursuant to the Motions for Default Judgment by the United States and Order of this Court upon the Motions for Default Judgment.

DATED: August 4, 2015

_____

Percy Anderson
UNITED STATES DISTRICT JUDGE

# Exh. R

**Crumpacker**

**Case 14-cv-08575**

**United States v Mark Crumpacker, et al.**

**Application for Order Confirming Sale and Directing Distribution of Sale Proceeds; Declarations in Support; and [Proposed] Orders Thereon**

**April 29, 2016**

EILEEN M. DECKER
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Acting Chief, Tax Division
CHARLES PARKER (Cal. Bar No. 283078)
Assistant United States Attorney
   300 N. Los Angeles Street
   Federal Building, Suite 7211
   Los Angeles, CA 90012
   Telephone:   (213) 894-2740
   Facsimile:   (213) 894-0115
   Email: charles.parker@usdoj.gov

Attorneys for Plaintiff the United States of America

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK L. CRUMPACKER, et al.,<br><br>Defendants. | Case No. CV 14-08575 PA (SSx)<br><br>APPLICATION FOR ORDER CONFIRMING SALE AND DIRECTING DISTRIBUTION OF SALE PROCEEDS; DECLARATIONS IN SUPPORT; AND [PROPOSED] ORDERS THEREON |

    The United States of America applies to this Court for an Order Confirming the Sale of the subject property at issue in this case, and an Order directing the Clerk of the Court to distribute the sale proceeds currently in the Court's registry to the parties in this action.

    1.    On August 4, 2015, the Court entered a Judgment in this case ("Judgment"). (Dkt. No. 91). The Judgment authorized the sale of the subject property located at 14933 Daffodil Avenue, Canyon Country, California ("Subject Property") for defendant Mark L. Crumpacker's 1996 through 2005 federal income tax liabilities. (*See* Dkt. No. 91). The Court ordered the Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialist ("PALS") to deposit the proceeds of the sale of the Subject Property with the Court's registry so plaintiff the United States could thereafter apply to the Court for

1

1   distribution of the proceeds of the sale to various parties to this action. (Dkt. No. 91, ¶¶ c.

2   iii. – v.).

3        2.     On March 30, 2016, IRS PALS, through Kathryn Clark, a duly authorized

4   delegate of the IRS Compliance Area Director, sold the Subject Property at a public

5   auction sale held at the Stanley Mosk Los Angeles County Courthouse, 111 North Hill

6   Street, Los Angeles, California. *See* Declaration of Kathryn Clark ("Clark Decl."), ¶¶ 1,

7   3. The public auction was conducted pursuant to the Judgment entered on August 4,

8   2015, and in accordance with Title 28 U.S.C. §§ 2001(a) and 2002. Clark Decl. ¶ 6.

9        3.     As required by the Judgment and 28 U.S.C. § 2002, notice of the public sale

10   of the Subject Property was published once a week for a least four consecutive weeks

11   prior to the date of sale in Los Angeles County, California. Clark Decl. ¶ 4; Exhibit A

12   (proof of publication of notice of the public sale of the Subject Property).

13        4.     The Subject Property was sold to Giovanni Ortega, for the sum of $328,000.

14   Clark Decl. ¶ 8.

15        5.     The funds from the sale of the property were thereafter deposited with the

16   clerk if this Court. True and correct copies of the deposits made by PALS Kathryn Clark

17   to the clerk are attached to the Clark Decl. as Exhibit B.

18        6.     The proceeds from the sale of the Subject Property are insufficient to satisfy

19   the entire amount of the debts owed by Crumpacker to the parties. Therefore, no surplus

20   proceeds were realized from the sale of the Subject Property.

21        7.     As set forth in paragraph 8 of the Judgment, the sales proceeds of the

22   Subject Property should be distributed as follows:

23        a. $259.95 to the United States of America, for the expenses of the sale of the

24           Subject Property;

25        b. $3,957.88 to the Los Angeles County Assessor, for real property taxes and

26

27

28

1    other local assessments due and owing;[1]

2       c.  $8,471.52 to the Los Angeles County Child Support Service Department;

3       d.  $256,803.88 to the United States of America;

4       e.  $15,687.56 to the State of California Franchise Tax Board; and

5       f.  $42,819.21 to the United States of America, plus any remaining interest

6          which has accumulated while the funds from the sale of the Subject Property

7          were on deposit with the Clerk of the Court until distribution.

8       8.  As no objections to the sale of the Subject Property have been filed in this

9    case within 15 days of the date of the sale, plaintiff the United States of America hereby

10   requests that the Court issue an Order confirming the sale of the Subject Property to

11   Giovanni Ortega, and for an Order directing the Clerk of the Court to distribute the funds

12   held in the Court's registry as set forth in the amounts above. As such, plaintiff the

13   United States of America is concurrently lodging the following proposed orders:

14      a.  Order Confirming Public Sale of Real Property and Directing IRS

15        Compliance Area Director to Execute and Deliver His Deed to Purchaser;

16        and

17      b.  Order Directing Clerk to Distribute Proceeds from Sale of Real Property.

18                       Respectfully Submitted,

19                       EILEEN M. DECKER

20                       United States Attorney
                    THOMAS D. COKER

21                       Assistant United States Attorney
                    Acting Chief, Tax Division

22

23

24   Dated: April 29, 2016             /s/
                    CHARLES PARKER

25                       Assistant United States Attorney
                    Attorneys for the United States of America

26

27   ───────────────

[1] Attached hereto as Exhibit C to the Declaration of Charles Parker is a copy of the Los

28   Angeles County Tax Collector's property tax bill for the Subject Property.

## PROOF OF SERVICE BY FIRST CLASS MAIL

I am over the age of 18 and not a party to the within action.  I am employed by the Office of United States Attorney, Central District of California.  My business address is 300 North Los Angeles Street, Suite 7211, Los Angeles, California 90012.

On April 29, 2016, I served, **Application for Order Confirming Sale and Directing Distribution of Sale Proceeds; Declarations in Support; and [Proposed] Orders Thereon,** on the person or entity named below by enclosing a copy in an envelope addressed as shown below and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary office practices.  I am readily familiar with the practice of this office for collection and processing correspondence for first class mailing.   On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

Date of mailing April 29, 2016, Place of mailing: Los Angeles, CA.

Person(s) and/or Entity(s) to whom mailed:
Mark L. Crumpacker
14933 Daffodil Avenue
Canyon Country, CA 91387

Robert Winston
485 South Watson Road
Suite 103 Box 406
Buckeye, AZ 85326-3453

Franchise Tax Board Legal Division
Donny Le
P.O. Box 1720
M.S. A260
Rancho Cordova, CA 95741

1         I declare under penalty of perjury under the laws of the United States of

2    America that the foregoing is true and correct.

3         I declare that I am employed in the office of a member of the bar of this

4    court at whose direction the service was made.

5         Executed on: April 29, 2016, Los Angeles, California.

6

7             /s/AFH

          AMANDA F. HERNANDEZ

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exh. S

**Crumpacker**

**Case 14-cv-08575**

**United States v Mark Crumpacker, et al.**

**Order Confirming Public Sale**

**of Real Property and Directing**

**IRS Compliance Area Director**

**to Execute and Deliver Deed to Purchaser**

**May 2, 2016**

Case 1:16-cv-01053-TSC   Document 1-3   Filed 06/06/16   Page 118 of 127
Case 2:14-cv-08575-PA-SS   Document 95   Filed 05/02/16   Page 1 of 2   Page ID #:1110   Exh. S

Pg. 1

1   EILEEN M. DECKER
    United States Attorney
2   THOMAS D. COKER
    Assistant United States Attorney
3   Acting Chief, Tax Division
    CHARLES PARKER (Cal. Bar No. 283078)
4   Assistant United States Attorney
         Federal Building, Suite 7211
5        300 North Los Angeles Street
         Los Angeles, California 90012
6        Telephone: (213) 894-2740
         Facsimile: (213) 894-0115
7        E-mail: charles.parker@usdoj.gov

8   Attorneys for Plaintiff the United States

9             UNITED STATES DISTRICT COURT

10       FOR THE CENTRAL DISTRICT OF CALIFORNIA

11                   WESTERN DIVISION

12  UNITED STATES OF AMERICA,        Case No. CV 14-08575 PA (SSx)

13            Plaintiff,             ORDER CONFIRMING PUBLIC
                                     SALE OF REAL PROPERTY AND
14       v.                          DIRECTING IRS COMPLIANCE
                                     AREA DIRECTOR TO EXECUTE
15  MARK L. CRUMPACKER, et al.,      AND DELIVER DEED TO
                                     PURCHASER
16            Defendants.

17

18

19       This Court, having considered the United States of America's "Application for

20  Order Confirming Sale and Directing Distribution of Sale Proceeds," and no written

21  objection to the public sale of the subject real property located at 14933 Daffodil

22  Avenue, Canyon Country, California 91351 ("Subject Property") within 15 days of the

23  sale,

24       IT IS HEREBY ORDERED ADJUDGED AND DECREED as follows:

25       1.      The public sale of the Subject Property conducted by a duly authorized

26  delegate of the Compliance Area Director of the Internal Revenue Service (hereafter

27  "Compliance Area Director"), on behalf of plaintiff, the United States of America, on

28  March 30, 2016,  at the Stanley Mosk Los Angeles County Courthouse, 111 North Hill

1  Street, Los Angeles, California is hereby confirmed; and

2      2.    The IRS Compliance Area Director, or his delegate, shall execute and

3  deliver the Deed regarding the Subject Property to Giovanni Ortega, the purchaser of the

4  Subject Property, at the public sale held on March 30, 2016.

5          IT IS SO ORDERED.

6

7  Dated: May 2, 2016

8                                                    PERCY ANDERSON
                                                     United States District Judge
9

10  Respectfully submitted,

11  EILEEN M. DECKER
    United States Attorney
12  THOMAS D. COKER
    Assistant United States Attorney
13  Acting Chief, Tax Division
14
15          /s/
16  CHARLES PARKER
    Assistant United States Attorney
17
18  Attorneys for the United States of America

19

20

21

22

23

24

25

26

27

28

# Exh. T

**Crumpacker**

**Case 14-cv-08575**

**United States v Mark Crumpacker, et al.**

**Order Directing Clerk to Distribute Proceeds
from Sale of Real Property**

**May 2, 2016**

Case 1:16-cv-01053-TSC   Document 1-3   Filed 06/06/16   Page 121 of 127
Case 2:14-cv-08575-PA-SS   Document 96   Filed 05/02/16   Page 1 of 3   Page ID #:1112   Exh. T

Pg. 1

1  EILEEN M. DECKER
   United States Attorney
2  THOMAS D. COKER
   Assistant United States Attorney
3  Acting Chief, Tax Division
   CHARLES PARKER (Cal. Bar No. 283078)
4  Assistant United States Attorney
        Federal Building, Suite 7211
5       300 North Los Angeles Street
        Los Angeles, California 90012
6       Telephone: (213) 894-2740
        Facsimile: (213) 894-0115
7       E-mail: charles.parker@usdoj.gov

8  Attorneys for Plaintiff the United States

9              UNITED STATES DISTRICT COURT

10      FOR THE CENTRAL DISTRICT OF CALIFORNIA

11                 WESTERN DIVISION

12 UNITED STATES OF AMERICA,          Case No. CV 14-08575 PA (SSx)

13                Plaintiff,           ORDER DIRECTING CLERK TO
                                       DISTRIBUTE PROCEEDS FROM
14        v.                           SALE OF REAL PROPERTY

15 MARK L. CRUMPACKER, et al.,

16               Defendants.

17

18        Pursuant to the Court's "Order Confirming Public Sale of Real Property and

19 Directing IRS Compliance Area Director to Execute and Deliver Deed to Purchaser,"

20        IT IS HEREBY ORDERED ADJUDGED AND DECREED as follows:

21        1.    The Clerk of the Court for the Central District of California is hereby

22 ordered to distribute the proceeds of the sale of the real property located at 14933

23 Daffodil Avenue, Canyon Country, California ("Subject Property"), currently on deposit

24 with the registry of the Court as follows:

25        a.  $259.95 to the United States of America, for the expenses incurred by the

26            Internal Revenue Service related to the sale of the Subject Property on

27            March 30, 2016, made payable to the "United States of America," to be

28            mailed to the following address:

                                    1

1

2

3

United States Attorney's Office
c/o AUSA Charles Parker
300 North Los Angeles Street, Suite 7211
Los Angeles, California 90012

4   b. $3,957.88, to the Los Angeles County Assessor, for delinquent real property

5     taxes due and owing by defendant Mark Crumpacker through April 27,

6     2016. The check should be made payable to "Los Angeles County Tax

7     Collector," with a notation in the memo section of the check, "2854 014

8     047" and to be mailed with a copy of the Substitute Secured Property Tax

9     Bill which is attached as Exhibit C to the related Application, to the

10    following address:

11

12

Los Angeles County Tax Collector
P.O. Box 54018
Los Angeles, CA 90054-0018

13   c. $8,471.52 to the Los Angeles County Child Support Service Department for

14    delinquent child and/or spousal support payments owed by defendant Mark

15    Crumpacker. The check should be made payable to "Los Angeles County

16    Child Support Service Department," with a notation in the memo section of

17    the check "Mark L. Crumpacker" and to be mailed to the following address:

18

19

20

Office of County Counsel
Sayuj Panicker
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, CA 90012-2713

21   d. $15,687.56 to the State of California Franchise Tax Board for unpaid state

22    income taxes for years 2002 through 2008 owed by defendant Mark

23    Crumpacker. The check should be made payable to the "California

24    Franchise Tax Board," with a notation in the memo section of the check,

25    "Crumpacker" and to be mailed to the following address:

26

27

28

Franchise Tax Board
Legal Division, MS: A-260
Attention: Donny P. Le
Sacramento, CA 95827

1      e. <u>$299,623.09</u> to the United States of America, plus any remaining interest

2      which has accumulated while the funds from the sale of the Subject

3      Property were on deposit with the Clerk of the Court until distribution, <u>for</u>

4      <u>the unpaid federal income tax liabilities for the years 1996 through 2005</u>

5      <u>owed by defendant Mark Crumpacker</u>. The check should be made payable

6      to the "United States of America," to be mailed to the following address:

7          United States Attorney's Office
         c/o AUSA Charles Parker

8          300 North Los Angeles Street, Suite 7211
         Los Angeles, California 90012

9

10     IT IS SO ORDERED.

11

12 Dated: <u>May 2, 2016</u>

13                          PERCY ANDERSON

13                          United States District Judge

14

15 Respectfully submitted,

16 EILEEN M. DECKER

17 United States Attorney
    THOMAS D. COKER

18 Assistant United States Attorney

19 Acting Chief, Tax Division

20         /s/

21 CHARLES PARKER
    Assistant United States Attorney

22

23 Attorneys for the United States of America

24

25   cc: **Fical**

26

27

28

# Exh. U

**FOIA Response**

**from**

**Klaudia Villegas**

**IRS Disclosure Manager**

**September 17, 2013**



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, DC 20224

PRIVACY, GOVERNMENTAL
LIAISON AND DISCLOSURE

September 17, 2013

Robert McNeil
1302 Waugh Dr. #498
Houston, TX 77019-3908

Dear Robert McNeil:

I am responding to your Freedom of Information Act (FOIA) request dated August 2, 2013 that we received on August 6, 2013.

You asked for various documents pertaining to you for tax years 2000 through 2012.

For item a, I have provided your Individual Master File (IMF) Complete transcripts.

For Item b, I have researched our records and found no records pertaining to Non Master File.  Therefore, there are no documents responsive to this portion of your request.

For item c, I have provided TXMODA for and TXMODN for tax years 2002, 2003, 2004, 2005, 2006, 2008, 2009, 2010 and 2011.  I have provided IMFOLT in lieu of TXMOD for tax years 2000, 2001 and 2007.

For item d, you asked for Business Master File for EIN 46-0827522.  Tax records are confidential and may not be disclosed unless specifically authorized by law.  You must provide the written consent of an individual authorized to act on behalf of the above EIN number before we can consider releasing the records you requested.

For item e, I have researched our records and found no records.  Therefore, there are no documents responsive to this portion of your request.

For items f and g of your request, you requested supporting documents authorizing the IRS to file a 1040 or 1040A on your behalf.  I have provided a copy of the examination files for tax year 2003, 2004, 2005, 2006, 2008, 2009 and 2010.  To the extent you are seeking records that establish the authority of the Internal Revenue Service to assess, enforce, and collect taxes, the Sixteenth Amendment to the Constitution authorized Congress to impose an income tax.  Congress did so in Title 26 of the United States Code, commonly known as the Internal Revenue Code (IRC).  The IRC may contain

information responsive to portions of your request. It is available at many bookstores, public libraries and on the Internet at www.irs.gov.

For item h, please visit our website at www.irs.gov for additional information.

For item i, you asked for a copy of the documents identified by several Document Locator Numbers (DLN), for the tax year 2002 through 2009. A document is not created for every DLN shown on a transcript. In situations where taxpayers fail to file required income tax returns a document locator number is assigned to create a module on the Master File. The DLN you requested was generated by our Automated Substitute for Return program. This DLN is computer generated and there is no paper document associated with it. Therefore, there are no documents responsive to your request.

Of the 362 pages located in response to your request, I am enclosing 359 pages. I am withholding 16 pages in part and three pages in full for the following reasons:

- The withheld portions are the tax information of other taxpayers. FOIA exemption (b)(3) requires us to withhold information that is specifically exempted from disclosure by another law. The law supporting this exemption is Internal Revenue Code section 6103(a).

- FOIA exemption (b)(7)(C) exempts from disclosure personal information in law enforcement records that if released, could reasonably be expected to constitute an unwarranted invasion of personal privacy.

- I deleted the Discriminant Information Function (DIF) score from the enclosed records. Release of the DIF score would seriously impair IRS assessment, collection, and enforcement proceedings. FOIA exemption (b)(3), supported by Internal Revenue Code section 6103 (b)(2) and (e)(7) exempts this information from release. Disclosure of this information would also reveal law enforcement techniques, procedures and guidelines protected by FOIA exemption (b)(7)(E).

The redacted portions of each page are marked by the applicable FOIA exemptions. This constitutes a partial denial of your request. I have enclosed Notice 393 explaining your appeal rights.

We are providing your documents in electronic format. The enclosed CD contains your documents and is encrypted. The password to open the files is being mailed separately. At this time there is no charge for the enclosed records. If you determine you need me to provide a printed copy of the documents, please call Specialist, Nikki Konstantinidis, at the phone number shown below. You will be charged $.20 per page after an allowance of 100 pages at no charge for printed documents.

If you have any questions please call Disclosure Specialist, Nikki Konstantinidis, ID # 95-00358, at 213-576-3451 or write to: Internal Revenue Service, Disclosure Scanning Operation – Stop 93A, PO Box 621506, Atlanta, GA 30362.  Please refer to case number F13219-0009.

Sincerely,

Klaudia Villegas
Disclosure Manager
Disclosure Office 13

Enclosure
  Responsive Records
  Notice 393